1  **FAEGRE DRINKER BIDDLE & REATH LLP**
   WHITNEY A. THOMPSON (SBN 336655)
2  *whitney.thompson@faegredrinker.com*
   SARAH L. BREW (Pro Hac Vice)
3  *sarah.brew@faegredrinker.com*
   TYLER A. YOUNG (Pro Hac Vice)
4  *tyler.young@faegredrinker.com*
   1800 Century Park East, Suite 1500
5  Los Angeles, California 90067
   Telephone: (310) 203-4000
6  Facsimile: (310) 229-1285

7  Attorneys for Defendants
   FLORIDA CRYSTALS CORP.
8  and FANJUL CORP.

9

10                       UNITED STATES DISTRICT COURT

11                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14  MACY MERRELL, individually, and on      Case No. 5:25-cv-02264-SVK
    behalf of all others similarly situated,
15                                            Hon. Susan van Keulen
                  Plaintiff,
16                                            **DEFENDANTS FLORIDA CRYSTALS**
          v.                                  **CORP. AND FANJUL CORP.'S NOTICE OF**
17                                            **MOTION TO DISMISS THE COMPLAINT;**
    FLORIDA CRYSTALS CORP. and                **MEMORANDUM IN SUPPORT THEREOF**
18  FANJUL CORP.,
                                              [Filed Concurrently with Declaration of Tyler A.
19                Defendants.                 Young in Support Thereof, Request for Judicial
                                              Notice, and [Proposed] Order Granting Motion to
20                                            Dismiss Complaint]

21                                            **ORAL ARGUMENT REQUESTED**

22                                            Date:   Tuesday, June 17, 2025
                                              Time:   10:00 A.M.
23                                            Dept:   Courtroom 6, 4th Floor

24                                            Complaint Filed:    March 5, 2025

25

26

27

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT; MEMORANDUM
IN SUPPORT THEREOF                                    Case No. 5:25-CV-02264-SVK

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, June 17, 2025, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 6, 4th Floor of this Court, 280 South 1st Street, San Jose, California 95113, before the Honorable Susan van Keulen, Defendants Florida Crystals Corp. and Fanjul Corp. ("Defendants") will and hereby do move the Court for an order dismissing the Complaint. Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(2), and 12(b)(6) on the grounds that the Court lacks personal jurisdiction over Defendant Fanjul Corp., and Plaintiffs fail to state a claim upon which relief can be granted

Good cause exists to grant this motion:

1.      Plaintiff's claims fail because Defendant Fanjul Corp. lacks sufficient contacts with California for the Court to exercise personal jurisdiction over it.

2.      Relatedly, Plaintiff's claims against Defendant Fanjul Corp. fail because it did not directly participate in any of the challenged conduct and is not a mere alter ego of Defendant Florida Crystals.

3.      Plaintiff's claims fail because she has not connected—and cannot connect—any of the production practices she challenges to the one specific USDA Organic Product she purchased.

4.      Plaintiff's claims fail because reasonable consumers reading the challenged statements in context would not be misled, and because one of the challenged statements is non-actionable puffery.

5.      Plaintiff's equitable claims fail because she has not plausibly alleged that she lacks an adequate remedy at law.

6.      Plaintiff lacks Article III standing to seek injunctive relief.

7.      Plaintiff's CLRA damages claim fails because Plaintiff did not provide Florida Crystals with the required 30-day notice.

8.      Plaintiff's claim for punitive damages should be dismissed because that relief is not available based on the claims asserted.

This motion is based upon this notice of motion, the motion, the pleadings and other papers on file in this action, and such other oral argument and/or documentary matters as may be presented

1 | to the Court at or before the hearing on this motion.

2

3 | DATED: May 8, 2025       **FAEGRE DRINKER BIDDLE & REATH LLP**

4 | By:    /s/ Whitney A. Thompson
      WHITNEY A. THOMPSON

5

6 | Attorneys for Defendants
      FLORIDA CRYSTALS CORP. and FANJUL
CORP.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF      Case No. 5:25-CV-02264-SVK

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... ix

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

    A.    The Parties.......................................................................................................... 2

    B.    Plaintiff's Complaint ......................................................................................... 2

    C.    Plaintiff's Purchases.......................................................................................... 3

    D.    The National Organic Program's Requirements ........................................ 5

LEGAL STANDARDS .............................................................................................................. 6

ARGUMENT ............................................................................................................................... 7

I.    Plaintiff's claims against Fanjul should be dismissed. ........................................... 7

    A.    The Court lacks personal jurisdiction over Fanjul. ................................... 8

    B.    Plaintiff has not pleaded any actionable claims against Fanjul.............. 9

II.    Plaintiff's Complaint should be dismissed because she failed to sufficiently tie the production practices to which she objects to the Product she purchased........................ 10

    A.    Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning.............................................................................. 11

    B.    Plaintiff's claims premised on water pollution should be dismissed because they are not pleaded with sufficient particularity....................... 12

III.    Plaintiff's statutory claims fail because she has not plausibly alleged that reasonable consumers would be deceived by the challenged statements. ......................... 14

    A.    Plaintiff's statutory claims are governed by the reasonable consumer standard. .......................................................................................................... 14

    B.    Reasonable consumers would not be deceived by the Challenged Statements. ...................................................................................................... 15

        1.    Reasonable consumers would not misinterpret the Challenged Statements in the way Plaintiff alleges. ............................................ 16

        2.    The Challenged Statements would not mislead reasonable consumers viewing the statements in context. ............................... 18

    C.    The statement "Farming to Help Save the Planet" is non-actionable puffery. .............................................................................................................. 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.   Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations. ........................................................................................... 21

V.    Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law. ......................................................................................................... 22

VI.   Plaintiff lacks Article III standing to seek injunctive relief. ................................. 23

VII.  Plaintiff's CLRA damages claim fails because Plaintiff did not provide Florida Crystals with the required 30-day notice. ............................................................. 24

VIII. Plaintiff cannot recover punitive damages. ........................................................... 25

CONCLUSION ................................................................................................................... 25

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF
- ii -
Case No. 5:25-CV-02264-SVK

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*,
    275 F. Supp. 3d 910 (N.D. Ill. 2017) ................................................................... 15

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
    529 F. Supp. 3d 111 (S.D.N.Y. 2021)...................................................................... 9

*Ahern v. Apple Inc.*,
    411 F. Supp. 3d 541 (N.D. Cal. 2019) .................................................................. 19

*Almeida v. Apple, Inc.*,
    No. 21-CV-07109-VC, 2022 WL 1514665 (N.D. Cal. May 13, 2022) ................. 22

*Almeida v. W. Digital Corp.*,
    No. 20-CV-04735-RS, 2021 WL 4441991 (N.D. Cal. June 25, 2021)................... 8

*Andrade-Heymsfield v. Danone US, Inc.*,
    No. 19-CV-589-CAB-WVG, 2019 WL 3817948 (S.D. Cal. Aug. 14, 2019)........ 16

*Arroyo v. Pfizer, Inc.*,
    No. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) ............... 12, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................... 6

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019)........................................................................ 15, 18

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................... 6, 12

*Bland v. Sequel Nat. Ltd.*,
    No. 18-CV-04767-RS, 2019 WL 4658361 (N.D. Cal. Jan. 18, 2019)................... 9

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001).............................................................................. 11

*Branca v. Nordstrom, Inc.*,
    No. 14CV2062-MMA, 2015 WL 1841231 (S.D. Cal. Mar. 20, 2015).................. 14

*Broidy Cap. Mgmt., LLC v. Qatar*,
    No. CV 18-2421-JFW, 2018 WL 9943551 (C.D. Cal. Aug. 22, 2018) ............... 8, 9

*Brown v. Brita Prods. Co.*,
    No. CV 23-7851-DMG, 2024 WL 4815354 (C.D. Cal. Sept. 30, 2024) ......... 18, 19

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;                    - iii -                    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Brown v. Danone N. Am., LLC*,
   No. 17-CV-07325-JST, 2018 WL 2021340 (N.D. Cal. May 1, 2018) .................................. 12

*Brown v. Food for Life Baking Co.*,
   658 F. Supp. 3d 732 (N.D. Cal. 2023) ............................................................................. 25

*Cimoli v. Alacer Corp.*,
   546 F. Supp. 3d 897 (N.D. Cal. 2021) ............................................................................. 24

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) ............................................................................. 10

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ...................................................................................... 23, 24

*Dawson v. Better Booch, LLC*,
   716 F. Supp. 3d 949 (S.D. Cal. 2024) ........................................................................ 21, 22

*Dorris v. Danone Waters of Am.*,
   No. 22 CIV. 8717, 2024 WL 4792048 (S.D.N.Y. Nov. 14, 2024) ...................................... 18

*Dwyer v. Allbirds, Inc.*,
   598 F. Supp. 3d 137 (S.D.N.Y. 2022) .............................................................................. 17

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ........................................................................................... 18

*Eckler v. Wal–Mart Stores, Inc.*,
   No. 12–CV–727–LAB–MDD, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ....................... 13

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ........................................................................................... 6

*Freeman v. Indochino Apparel, Inc.*,
   443 F. Supp. 3d 1107 (N.D. Cal. 2020) ........................................................................... 15

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
   No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .................................. 10, 17

*Gallagher v. Chipotle Mexican Grill, Inc.*,
   No. 15-CV-03952-HSG, 2016 WL 454083 (N.D. Cal. Feb. 5, 2016) ................................. 15

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
   53 F. Supp. 3d 943 (S.D. Tex. 2014) ............................................................................... 17

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
   343 F.3d 1000 (9th Cir. 2003) ......................................................................................... 20

*Goel v. Coal. Am. Holding Co. Inc*,
   No. CV 11-2349, 2011 WL 13128300 (C.D. Cal. July 5, 2011) ........................................ 25

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE COMPLAINT;                                        - iv -                              Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Goodwin v. Bruggeman-Hatch*,
  No. 13–cv–02973–REB–MEH, 2014 WL 4243822 (D. Colo. Aug. 27, 2014) ........................ 9

*Hrapoff v. Hisamitsu Am., Inc.*,
  No. 21-CV-01943-JST, 2022 WL 2168076 (N.D. Cal. June 16, 2022) ................................. 22

*Hubbard v. Google LLC*,
  No. 19-cv-07016-SVK, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) ..................................... 22

*Impossible Foods Inc. v. Impossible X LLC*,
  80 F.4th 1079 (9th Cir. 2023) ........................................................................................ 8

*In re iPhone 4s Consumer Litig.*,
  637 F. App'x 414 (9th Cir. 2016) .................................................................................... 7

*Jackson v. Gen. Mills, Inc.*,
  No. 18CV2634-LAB, 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) .................................. 24

*Johnson-Jack v. Health-Ade LLC*,
  587 F. Supp. 3d 957 (N.D. Cal. 2022) ........................................................................... 24

*Kearney v. Hyundai Motor America*,
  No. SACV09–1298–JST, 2010 WL 8251077 (C.D. Cal. Dec. 17, 2010) ............................ 21

*Keilholtz v. Superior Fireplace Co.*,
  No. C 08-00836 CW, 2009 WL 839076 (N.D. Cal. Mar. 30, 2009) ................................... 25

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018).......................................................................................... 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005).......................................................................................... 5

*Krakauer v. Recreational Equip., Inc.*,
  No. C22-5830, 2024 WL 1494489 (W.D. Wash. Mar. 29, 2024) ....................................... 20

*Krieger v. Nick Alexander Imports, Inc.*,
  234 Cal. App. 3d 205 (Ct. App. 1991) ........................................................................... 25

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ....................................................................................... 15

*Levit v. Nature's Bakery LLC*,
  LLC, No. 24-CV-02987-JST, 2025 WL 579192 (N.D. Cal. Feb. 21, 2025) ........................ 20

*In re MacBook Keyboard Litig.*,
  No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ....................... 22, 23

*Martinez v. Hub Group Trucking, Inc.*,
  No. ED CV20-01384, 2021 WL 937671 (C.D Cal. Jan. 11, 2021) .................................... 22

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF
- v -
Case No. 5:25-CV-02264-SVK

*McCoy v. Alphabet, Inc.*,
    No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ...................................... 4

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ................................................................................................. 18

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) .................................................................................. 14

*Miller v. Philips N. Am. LLC*,
    No. 24-CV-03781-RFL, 2025 WL 582160 (N.D. Cal. Feb. 20, 2025)............................ 16, 17

*Mish v. TForce Freight, Inc.*,
    No. 21-CV-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021)................................. 22

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ............................................................................................. 15, 18

*Myers v. Starbucks Corp.*,
    No. EDCV 20-00335-CJC, 2020 WL 13302437 (C.D. Cal. July 29, 2020).............. 16, 17, 20

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    No. 3:18-CV-01538-H-MDD, 2019 WL 424703 (S.D. Cal. Feb. 4, 2019) ........................... 15

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*,
    9 Cal. 5th 279 (2020) ............................................................................................................ 22

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
    926 F.3d 528 (9th Cir. 2019)................................................................................................. 23

*Newcal Indus., Inc. v. IKON Office Solutions*,
    513 F.3d 1038 (9th Cir. 2008)............................................................................................... 19

*Pargett v. Wal-Mart Stores, Inc.*,
    No. EDCV192157JGBSPX, 2020 WL 5028317 (C.D. Cal. Apr. 10, 2020) ..................... 6, 12

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ................................................................................. 15

*People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc.*,
    No. 15-CV-04301, 2016 WL 1642577 (N.D. Cal. Apr. 26, 2016) ........................................ 20

*Rahman v. Mott's LLP*,
    No. 13-CV-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) .................................. 24

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015)............................................................................................. 9, 10

*Roffman v. Rebbl, Inc.*,
    653 F. Supp. 3d 723 (N.D. Cal. 2023) ................................................................................. 25

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF
- vi -
Case No. 5:25-CV-02264-SVK

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020) ..................................................................... 25

*Rugg v. Johnson & Johnson*,
    No. 17-CV-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ................................. 14

*Ryan v. Starco Brands, Inc.*,
    No. 24-CV-00642-SVK, 2024 WL 5102651 (N.D. Cal. Apr. 19, 2024) ................. 6, 7, 11, 13

*Sanchez v. Walmart Inc.*,
    733 F. Supp. 3d 653 (N.D. Ill. 2024) ..................................................................... 20

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .............................................................................. 8, 9

*Shanks v. Jarrow Formulas, Inc.*,
    No. LA CV 18-09437, 2019 WL 7905745 (C.D. Cal. 2019) ......................................... 24

*Sharma v. Volkswagen AG*,
    524 F. Supp. 3d 891 (N.D. Cal. 2021) ................................................................... 22

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .............................................................................. 22

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997) ............................................................................ 19

*TopDevz, LLC v. LinkedIn Corp.*,
    No. 20-CV-08324-SVK, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) .............................. 6, 7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................ 6, 7

*Weiss v. Trader Joe's Co.*,
    No. 8:18-CV-01130-JLS-GJS, 2018 WL 6340758 (C.D. Cal. Nov. 20, 2018) ............... 19, 21

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) .............................................................................. 14

*Yastrab v. Apple Inc.*,
    No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ............................... 6

**Statutes, Rules & Regulations**

7 C.F.R. § 205.100 ................................................................................................ 5

7 C.F.R. § 205.200 ............................................................................................ 5, 13

7 C.F.R. § 205.203(d) ............................................................................................ 6

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - vii -                Case No. 5:25-CV-02264-SVK

7 C.F.R. § 205.203(e)(3) .................................................................................... 6

7 C.F.R. § 205.400 ........................................................................................... 5

7 C.F.R. § 205.403 ........................................................................................... 5

Cal. Civ. Code § 1782 ..................................................................................... 24

Cal. Civ. Code § 3294 ..................................................................................... 25

California Consumer Legal Remedies Act (CLRA) .................................................. *passim*

California False Advertising Law (FAL) .............................................................. *passim*

California Unfair Competition (UCL) ................................................................. *passim*

Federal Rules of Civil Procedure 9(b) ...................................................... 6, 7, 11, 13

Federal Rules of Civil Procedure 12(b)(2) ............................................................ 8

Federal Rules of Civil Procedure 12(b)(6) ............................................................ 6

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF

- viii -

Case No. 5:25-CV-02264-SVK

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      1.      Whether the Court has personal jurisdiction over Defendant Fanjul Corp., a Florida

3    corporation, based on the bare allegation that it is the parent company of Defendant Florida

4    Crystals.

5      2.      Whether Plaintiff can state a claim against Defendant Fanjul Corp. based on the bare

6    allegation that it is the parent company of Defendant Florida Crystals.

7      3.      Whether Plaintiff's complaint should be dismissed when the one product she

8    purchased is USDA Organic and Plaintiff's claims are inconsistent with the National Organic

9    Program requirements for USDA Organic products.

10      4.      Whether Plaintiff's claims should be dismissed because reasonable consumers

11    would not ignore the context in which the statements are made and make the same implausible

12    inferential leaps that Plaintiff claims to make.

13      5.      Whether Plaintiff's claims for equitable relief should be dismissed when she has

14    alleged no facts showing that she lacks an adequate remedy at law.

15      6.      Whether Plaintiff is entitled to injunctive relief when Plaintiff has no risk of future

16    harm because she now understands that USDA Organic sugar products are not made using the

17    preharvest burning technique to which she objects.

18      7.      Whether Plaintiff's CLRA claim for damages should be dismissed when she did not

19    comply with statute's 30-day pre-suit notice.

20      8.      Whether Plaintiff's claim for punitive damages should be dismissed when the claims

21    in which she seeks punitive damages do not provide for that relief.

22

23

24

25

26

27

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - ix -                Case No. 5:25-CV-02264-SVK

**INTRODUCTION**

This is another case claiming a food product is misleadingly labeled. Plaintiff Macy Merrell asserts it is misleading to label a sugar product with the statements "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil" (the "Challenged Statements") because she claims the product (1) is produced using preharvest burning to remove sugarcane leaves, and (2) "contribute[s] to South Florida's water issues." (Compl. ¶¶ 1, 8, 11, 29.)

Plaintiff's Complaint fails for two reasons that apply across the board. First, Plaintiff purchased a single product: Florida Crystals Regenerative Organic Raw Cane Sugar. As the name suggests, this product is certified USDA Organic. This fact is fatal to Plaintiff's claims because the National Organic Program prohibits preharvest burning to remove excess sugarcane leaves. Thus, Plaintiff's primary grievance does not apply to the one and only product Plaintiff purchased.

Second, Plaintiff's claims fail because *reasonable consumers* reading the Challenged Statements would not be misled. To state the obvious, the Challenged Statements say *nothing* about preharvest burning or water quality issues. At most, the Challenged Statements are ambiguous, and reasonable consumers would therefore consult the additional information provided on the product label, including the front-label statements that the product is "USDA Organic," "Regenerative Organic Certified," and "Non-GMO Project Verified." These statements explain exactly what Florida Crystals means when it says, "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil." Further, the back label of the product, which reasonable consumers would also consult, confirms Plaintiff's reading of the label is implausible. The back label explains exactly how Florida Crystals "fight[s] climate change" and "build[s] healthy soil" through regenerative agriculture, including by providing habitats for local pollinators and birds. Thus, no reasonable consumer reading the Challenged Statements would be misled.

Individual aspects of Plaintiff's Complaint also fail for additional reasons. For example, Plaintiff's claims against Defendant Fanjul should be dismissed because the Court lacks personal jurisdiction over it and because Plaintiff's bare allegation that Fanjul is Florida Crystals' parent company is insufficient to state a claim. Plaintiff's equitable claims should be dismissed because she has not alleged facts showing she lacks an adequate remedy at law. Plaintiff's request for

1  injunctive relief should be dismissed for lack of Article III standing. Plaintiff's CLRA damages

2  claim fails because Plaintiff did not provide the required 30-day pre-suit notice. Finally, Plaintiff's

3  claim for punitive damages should be dismissed because none of the claims under which she seeks

4  punitive damages provide for that relief.

5      The Court should dismiss the Complaint in its entirety and with prejudice.

6  **STATEMENT OF FACTS**

7      **A.**    **The Parties**

8      Plaintiff Macy Merrell is a resident of Santa Cruz, California. (Compl. ¶ 29.) Plaintiff

9  describes herself as "an average consumer who is not sophisticated in cane-sugar farming,

10 harvesting, and production." (*Id.* ¶ 30.)

11     Florida Crystals is a Delaware corporation headquartered in West Palm Beach, Florida. (*See

12 id.* ¶ 31.) Plaintiff alleges that Florida Crystals is engaged in "manufacturing, marketing, and selling

13 cane sugar" and "owns or co-owns other companies." (*Id.*)

14     Fanjul is a Florida corporation headquartered in West Palm Beach, Florida. (*See id.* ¶ 32.)

15 Fanjul is the parent corporation of Florida Crystals. (*Id.*)

16     **B.**    **Plaintiff's Complaint**

17     Plaintiff challenges the use of the label statements "Farming to Help Save the Planet" and

18 "Our farms help fight climate change & build healthy soil," together with green-dominated

19 packaging, (the "Challenged Statements") on eight Florida Crystals sugar products (the

20 "Products").[1] (Compl. ¶¶ 6, 19.) Plaintiff claims that consumers read the Challenged Statements to

21 imply "that the Products—and the methods through which Defendants produced them—are

22 beneficial to the Earth's natural environments, help combat climate change through a net reduction

23 in the greenhouse gases that cause climate change, and build healthy soils." (*Id.* ¶ 19.)

24     Plaintiff's primary argument is that the Challenged Statements are misleading because

25

26 [1] (1) Florida Crystals Regenerative Organic Raw Cane Sugar; (2) Florida Crystals Regenerative
Organic Light Brown Sugar; (3) Florida Crystals Regenerative Organic Powdered Sugar; (4)

27 Florida Crystals Organic Cane Sugar; (5) Florida Crystals Turbinado Cane Sugar; (6) Florida
Crystals Raw Cane Sugar; (7) Baker's Collection of Regenerative Organic Sugars; and (8) Florida

28 Crystals Regenerative Organic Powdered Sugar. (Compl. ¶ 17, n.1.)

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF    - 2 -    Case No. 5:25-CV-02264-SVK

Florida Crystals allegedly burns its sugarcane fields to remove excess sugarcane material before harvest, as opposed to "available green methods like slashing." (*Id*. ¶ 8.) Plaintiff alleges that preharvest burning "emit[s] substantial volumes of unnecessary greenhouse gases that contribute to climate change as well as toxic particulate matter (PM2.5), dioxins, carbon monoxide, ammonia, elemental carbon, and volatile organic compounds." (*Id*.)

Plaintiff also alleges a secondary theory that one of the Challenged Statements—"Farming to Help Save the Planet"—is misleading because Florida Crystals' operations allegedly have negative impacts on water quality. (*Id*. ¶¶ 62-65.) Specifically, Plaintiff alleges that "Defendants have harmed the region's aquatic environments by severely disrupting the region's hydrology and aquatic ecosystems through Florida Crystals' occupation of hundreds of thousands of acres of land that historically composed the northern reaches of the Everglades." (*Id*. ¶ 62.) Plaintiff also alleges that Defendants "both starve the Everglades of essential replenishing clean water inflow and contribute through their redirection of polluted water to the eutrophication of Lake Okeechobee, outflow rivers, and ultimately Florida's estuarial and oceanic aquatic ecosystems." (*Id.* ¶ 65.)

Based on these allegations, Plaintiff asserts five claims: (1) violation of California's False Advertising Law ("FAL"), (2) violation of California's Consumer Legal Remedies Act ("CLRA"), (3) violation of California's Unfair Competition Law ("UCL"), (4) Breach of Warranty, and (5) Unjust Enrichment/Restitution. Plaintiff purports to bring these claims on behalf of a nationwide class and a California state subclass of purchasers of the Products. (*Id*. ¶ 88.) Plaintiff seeks damages, punitive damages, attorneys' fees, and injunctive relief. (Compl. Prayer for Relief.)

### C.    Plaintiff's Purchases

Although Plaintiff purports to challenge eight Products, she alleges she **purchased only one product**: Florida Crystals Regenerative Organic Raw Cane Sugar. (*Id*. ¶ 29b.) Plaintiff alleges she purchased this Product "on several occasions between approximately September 2021 and August 2024" and "in making her purchases," she read the Challenged Statements, which led her to believe "the farming and manufacture of the Products was helping rather than harming the planet." (*Id*. ¶¶ 29b-c.) A representative view of the front and back labels of the Product is

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 3 -          Case No. 5:25-CV-02264-SVK

reproduced below.[2]

 

The first problem with Plaintiff's account is that the Challenged Statements did not appear on the Product's label until June 2023—years after she alleges she began purchasing it. Florida Crystals is submitting copies of the relevant labels of the Product confirming this. (*See* Declaration of Tyler A. Young ("Young Decl.") ¶¶ 4-18 & Ex. B-P.) This fact is also apparent from the Florida Crystals press release Plaintiff relies on to suggest the Challenged Statements are part of Defendants' alleged "greenwashing" campaign. (*See* Compl. ¶ 18 n.2.) Florida Crystals is also submitting a copy of the press release (*see* Young Decl. ¶ 3, Ex. A), which the Court can consider in deciding this motion to dismiss. *See McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021) (van Keulen, J.) ("A defendant can seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document

---

[2] For the Court's convenience, Defendants are submitting true and correct copies of the labels that were used on the Products Plaintiff challenges during the relevant time periods. For the reasons explained in Defendants' contemporaneously filed Request for Judicial Notice, the Court can take judicial notice of and consider these labels in ruling on Defendants' motion to dismiss.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - 4 -                Case No. 5:25-CV-02264-SVK

forms the basis of the plaintiff's claim.") (quotation omitted); *see also Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005) (incorporation by reference applies where "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"). As the press release shows, the labels introduced in 2021 do *not* include either of the Challenged Statements. Instead, for example, in the portion of the label where the Challenged Statements appear in the later version of the Product Plaintiff purchased, the 2021 label says, "minimally processed – unrefined" and "from organic sugarcane." (Young Decl. ¶ 5, Ex. C.) Thus, Plaintiff bought the Product for years for reasons totally unrelated to the Challenged Statements.

### D.    The National Organic Program's Requirements

The next problem with Plaintiff's claims is that the product she purchased is organic, which means that it was not subject to preharvest burning. Plaintiff purchased one of the USDA Organic and Regenerative Organic Certified® products she purports to challenge in her Complaint.[3] (Compl. ¶ 17.) The products sold under Florida Crystals' Regenerative Organic Certified® brand are each USDA Organic, Non-GMO Project Verified, and Regenerative Organic Certified. As the back label of the products discloses, these products were "Certified Organic by Quality Assurance International." (Young Decl. ¶ 6, 9, 12, Ex. D, G, J.)

For a product to be labeled and sold as "organic," the product must comply with the Organic Food Production Act ("OFPA") and its implementing regulations, known as the National Organic Program ("NOP"). 7 C.F.R. § 205.400. To ensure compliance with the NOP, certifying agents conduct yearly on-site inspections and may conduct additional unannounced inspections at any time. 7 C.F.R. § 205.403. Only products that have been certified by a USDA-accredited certifying agent may bear the USDA Organic seal. 7 C.F.R. § 205.100.

---

[3] (1) Florida Crystals Regenerative Organic Raw Cane Sugar; (2) Florida Crystals Regenerative Organic Light Brown Sugar; (3) Florida Crystals Regenerative Organic Powdered Sugar; (4) Florida Crystals Organic Cane Sugar; (5) Baker's Collection of Regenerative Organic Sugars; and (6) Florida Crystals Regenerative Organic Powdered Sugar. The remaining two products Plaintiff challenges are sold under Florida Crystal's Specialty Raw Cane brand: (1) Florida Crystals Turbinado Cane Sugar and (2) Florida Crystals Raw Cane Sugar. Defendants are merely using Plaintiff's list of the Products she purports to challenge. There are issues with her itemization, including that she lists one product, Florida Crystals Regenerative Organic Powdered Sugar, twice.

Generally, any production practice used under the NOP "must maintain or improve the natural resources of the operation, including soil and water quality." 7 C.F.R. § 205.200. The NOP prohibits burning to dispose of plant residue, including the kind of preharvest burning to which Plaintiff objects. 7 C.F.R. § 205.203(e)(3). Similarly, the NOP regulates the types of substances that organic producers may use and requires organic producers to manage nutrients and soil amendment systems to "maintain or improve soil organic matter content in a manner that does not contribute to contamination of crops, soil, or water." 7 C.F.R. § 205.203(d).

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts amounting to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court must draw all reasonable inferences in the plaintiff's favor, the court "need not accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Ryan v. Starco Brands, Inc.*, No. 24-CV-00642-SVK, 2024 WL 5102651, at *3 (N.D. Cal. Apr. 19, 2024) (van Keulen, J.) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)). Therefore, a court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quotation omitted).

Rule 9(b) imposes a heightened pleading standard for claims that are "grounded in fraud" or "sound in fraud." *See* Fed. R. Civ. P. 9(b); *Pargett v. Wal-Mart Stores, Inc.*, No. EDCV192157JGBSPX, 2020 WL 5028317, at * 2 (C.D. Cal. Apr. 10, 2020) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)). To satisfy this burden, the plaintiff must allege the "who, what, when, where, and how of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." *TopDevz, LLC v. LinkedIn Corp.*, No. 20-CV-08324-SVK, 2021 WL 3373914, at *2 (N.D. Cal. Aug. 3, 2021) (van Keulen, J.) (citations omitted). Before alleging fraud, a plaintiff must "conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and

extortionate." *Ryan*, 2024 WL 5102651, at *5 (quoting *Yastrab v. Apple Inc*., No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015)).

Allegations of fraud under the CLRA, UCL, and FAL must satisfy the heightened pleading standard of Rule 9(b). *See Ryan*, 2024 WL 5102651, at *4-5 (analyzing CLRA, FAL, and UCL claims involving alcohol-infused whipped cream allegedly misrepresented as "Dairy-Free" under Rule 9(b)); *TopDevz, LLC*, 2021 WL 3373914, at *2, *6 (applying "heightened pleading" standard to "claims sounding in fraud" under the UCL); *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016) (affirming the application of Rule 9(b) where plaintiff's CLRA, FAL, and UCL claims "are grounded in fraud"); *see also Vess*, 317 F.3d at 1103 (acknowledging that "in some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim").

Here, Plaintiff's Complaint sounds in fraud. Her allegations are premised on Florida Crystals' alleged "unlawful, unfair, and/or fraudulent actions." (Compl. ¶ 94.) Specifically, Plaintiff describes Florida Crystals' conduct as "malicious, fraudulent, and wanton" and alleges Florida Crystals violated the CLRA by selling the Products "through misleading, deceptive, and fraudulent Challenged Representations." (*Id*. ¶¶ 116, 118.) Similarly, Plaintiff challenges "Defendants' Deliberately Fraudulent Marketing Scheme" under the UCL, brings one of her claims under the "Fraudulent" prong of the UCL, and brings another claim under the "Unlawful" prong of the UCL for violations of various California state fraud statutes. (*Id*. ¶¶ 128, 146-153, 156.) Additionally, Plaintiff seeks punitive damages under the FAL and for her common-law claims because of "Defendants' unfair, fraudulent, and unlawful conduct," which "constitutes malicious, oppressive, and/or fraudulent conduct." (*See id*. ¶¶ 108, 169, 176.) Plaintiff also seeks injunctive relief "to prevent Defendants from continuing to engage in the unfair, fraudulent, and/or unlawful conduct." (*Id*. ¶ 87c.) Therefore, Plaintiff's claims are subject to the heightened pleading requirements of Rule 9(b) and must be pleaded with particularity.

## ARGUMENT

### I.    Plaintiff's claims against Fanjul should be dismissed.

Plaintiff's claims against Fanjul should be dismissed because (A) the Court lacks personal

1    jurisdiction over Fanjul, and (B) Plaintiff has not pleaded any viable claims against Fanjul.

2        **A.    The Court lacks personal jurisdiction over Fanjul.**

3        The Court should dismiss Plaintiff's claims against Fanjul for lack of personal jurisdiction.

4    When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the

5    burden of establishing that personal jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor*

6    *Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Personal jurisdiction over an out-of-state defendant is

7    consistent with due process only if the defendant has (1) "a continuous and systematic presence in

8    the state" (*i.e.*, general jurisdiction), or (2) "minimum contacts with the forum state such that the

9    exercise of jurisdiction does not offend traditional notions of fair play and substantial justice" (*i.e.*,

10   specific jurisdiction). *Almeida v. W. Digital Corp.*, No. 20-CV-04735-RS, 2021 WL 4441991, at

11   *3 (N.D. Cal. June 25, 2021) (quotation omitted). On a motion to dismiss for lack of personal

12   jurisdiction, plaintiff's allegations must be accepted as true, but "the plaintiff cannot simply rest on

13   the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d at 800 (quotation omitted).

14       Here, the Court does not have general jurisdiction over Fanjul because it is not "at home"

15   in California. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023)

16   (quotation omitted). Fanjul is a Florida corporation with a principal place of business in Florida.

17   (Compl. ¶ 32.) *See Impossible Foods*, 80 F. 4th at 1086 ("For a corporate defendant, general

18   jurisdiction is paradigmatically appropriate in the state in which the entity is incorporated or where

19   it maintains its principal place of business."). Nor has Plaintiff alleged Fanjul engages in

20   "continuous and systematic general business contacts" that "approximate physical presence" in

21   California. *Schwarzenegger*, 374 F.3d at 801 (internal quotations and citations omitted).

22       In fact, the only *specific* allegation Plaintiff makes about Fanjul is that it is the parent

23   corporation of Florida Crystals and shares office space and a few officers with Florida Crystals.

24   (Compl. ¶¶ 32-33.) Plaintiff otherwise makes only generalized allegations about Defendants

25   *collectively*, without specifying conduct by Fanjul (*id.* ¶ 35) and alleges the bare legal conclusion

26   that "Defendants have substantial contacts with and receive substantial benefits and income from

27   and through the state of California" (*Id.* ¶ 34). These allegations fall far short of establishing that

28   Fanjul has contacts that "approximate physical presence" in California. *Schwarzenegger*, 374 F.3d

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;            - 8 -            Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

at 801; *see Broidy Cap. Mgmt., LLC v. Qatar*, No. CV 18-2421-JFW, 2018 WL 9943551, at *9 (C.D. Cal. Aug. 22, 2018) ("group pleading and conclusory allegations . . . are insufficient to establish personal jurisdiction"). Thus, the Court does not have general jurisdiction over Fanjul.

Likewise, the Court does not have specific jurisdiction over Fanjul because Plaintiff has not established that her claims arise from conduct by Fanjul that was targeted towards California. The plaintiff bears the burden of establishing that (1) defendant "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; and (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802. Plaintiff does not allege what, if any, specific contacts Fanjul has with California. To the contrary, the Complaint alleges that ***Florida Crystals*** "manufacture[s], market[s], and sell[s]" the Products, while Fanjul is merely described as "the parent company of Florida Crystals."[4] (Compl. ¶ 32.) But "the existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). Thus, Plaintiff has not established personal jurisdiction over Fanjul.

### B.    Plaintiff has not pleaded any actionable claims against Fanjul.

Plaintiff's claims against Fanjul also fail because the Complaint is devoid of allegations that would justify it being held liable for the actions of Florida Crystals. "[C]orporate separateness insulates a parent corporation from liability created by its subsidiary." *Id*. at 1070. Under this principle, "[a] parent company is not generally liable for the actions of its subsidiaries, unless the parent functions as an alter ego to the subsidiary, or the parent company directly participated in the

---

[4] Plaintiff alleges that Defendants collectively "promoted, marketed, and sold the Products at issue throughout the United States" (Compl. ¶ 35), but Plaintiff does not allege any specific facts about Fanjul. This sort of group pleading is insufficient to establish personal jurisdiction. *See Broidy Cap. Mgmt., LLC*, 2018 WL 9943551, at *9; *see also Goodwin v. Bruggeman-Hatch*, No. 13–cv–02973–REB–MEH, 2014 WL 4243822, at *1 (D. Colo. Aug. 27, 2014) ("Plaintiff's sweeping, undifferentiated references to groups of defendants (or even more globally to 'defendants' generally) are insufficient to ... establish personal jurisdiction under this (or any) theory.") *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant.")

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - 9 -                Case No. 5:25-CV-02264-SVK

wrongful conduct." *Bland v. Sequel Nat. Ltd.*, No. 18-CV-04767-RS, 2019 WL 4658361, at *5 (N.D. Cal. Jan. 18, 2019) ("[B]are assertion that [parent company] took part in the marketing and labeling of its subsidiary's products, without more, is insufficient to establish liability") (internal quotations and citations omitted). Neither situation is present here.

First, the complaint is void of any factual allegations tying Fanjul to the Products. As noted above, Plaintiff does not allege that Fanjul grows, harvests, processes, markets, distributes, or sells the Products. Nor does Plaintiff allege Fanjul had any role in deciding to use the Challenged Statements. Plaintiff thus fails to plead that Fanjul participated in the alleged wrongful conduct. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413, 2013 WL 4647512, *6 (E.D.N.Y. Aug. 29, 2013) (dismissing claims against parent company where "[a]ll that [plaintiff's] allegations show, rather, is that [defendant] was acting as a parent company, 'who necessarily exercises a considerable degree of control over the subsidiary corporation'") (citation omitted).

Second, Plaintiff fails to sufficiently plead that Fanjul is an "alter ego" of Florida Crystals. A plaintiff seeking to hold a parent company liable bears the burden of proving (1) "there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Ranza*, 793 F.3d at 1073. The Ninth Circuit has recognized that "total ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Id*. Thus, Plaintiff's bare allegation that Fanjul and Florida Crystals share office space and corporate officers (*see* Compl. ¶ 33) falls far short of indicating such "pervasive control" that Fanjul "dictates every facet of [Florida Crystals'] business—from broad policy decisions to routine matters of day-to-day operation." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983-84 (N.D. Cal. 2016) (quoting *Ranza*, 793 F.3d at 1073) (dismissing claims against parent company even where evidence indicated the two companies had overlapping officers and the parent company had been involved in certain business decisions). Accordingly, the claims against Fanjul should be dismissed.

## II.    Plaintiff's Complaint should be dismissed because she failed to sufficiently tie the production practices to which she objects to the Product she purchased.

As explained above, Plaintiff's claims against the Challenged Statements are premised on

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 10 -          Case No. 5:25-CV-02264-SVK

two alleged environmental issues: (1) harm to air quality from preharvest burning of sugarcane, and (2) pollution or other harm to local water sources. (*See supra* at p. 2-3.) But Plaintiff fails to allege facts showing that the specific USDA Organic product she purchased can or does cause or contribute to these issues. As to her claims premised on preharvest burning, that production practice *cannot* be used for USDA Organic products. As to her claims premised on water pollution, Plaintiff alleges no facts tying her generalized criticisms of "Big Sugar" to Florida Crystals, much less the specific USDA Organic product she purchased.

Plaintiff's failure to tie her complaints about "Big Sugar" to Florida Crystals, much less the product she purchased, along with her failure to reckon with the NOP's requirements for USDA Organic products, suggests a wholesale failure to conduct the kind of pre-suit investigation the law requires before asserting claims of fraud. This conduct should not be rewarded.

### A.    Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning.

Plaintiff's primary claim is that the Challenged Statements are misleading because Florida Crystals uses preharvest burning to produce sugar products. (*See* Compl. ¶¶ 1, 8 (criticizing "Defendants' harmful practice of burning sugarcane before harvest")). But this claim has a fatal flaw: the sole product that Plaintiff alleges she purchased is certified USDA Organic (*see id.* ¶ 29b), and the National Organic Program ("NOP") forbids preharvest burning of USDA Organic sugar products. Thus, Plaintiff cannot show that the Challenged Statements on the Product she purchased misled her about the use of preharvest burning because *there was no burning*.

Taking a step back, Plaintiff alleges *no facts* supporting her belief that *the Product she purchased* was produced with preharvest burning. This alone is fatal to her claims premised on Defendants' alleged use of preharvest burning. *See Ryan*, 2024 WL 5102651, at *5 (dismissing CLRA, FAL, and UCL claims where "the Court cannot conclude that [p]laintiff's assertion of fraud 'is responsible and supported'" because plaintiff failed to allege how he determined the label was false); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (noting that Rule 9(b) imposes a heightened standard "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud

- 11 -

1  charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society

2  enormous social and economic costs absent some factual basis"). Instead of alleging specific facts

3  about the Product she purchased, Plaintiff speculates generically about "Defendants' harmful

4  practice of burning sugarcane before harvest," (Compl. ¶ 8) and "Defendants' choice to

5  systemically conduct preharvest cane burns." (*Id.* ¶ 21.)

6          In fact, Plaintiff *could not* plausibly allege that the Product she purchased was produced

7  using preharvest burning because that product is USDA Organic certified. The front label of the

8  product prominently displays the "USDA Organic" seal, and the back label states "Certified

9  Organic by Quality Assurances International." (Compl. ¶ 19.) Notably, Plaintiff does not dispute

10 the determination that the product is organic. Nor does she allege that Florida Crystals is violating

11 the NOP's regulatory requirements. In short, there is no dispute that the Product Plaintiff purchased

12 is USDA Organic and complies with the NOP. *See Brown v. Danone N. Am., LLC*, No. 17-CV-

13 07325-JST, 2018 WL 2021340, at *2 (N.D. Cal. May 1, 2018) ("Only certified organic products

14 may bear the USDA organic logo.").

15         Because the product she purchased could not have been produced in the way she alleges,

16 Plaintiff's allegations based on preharvest burning fail as a matter of law. *See Pargett*, 2020 WL

17 5028317, at *4 (dismissing fraud, CLRA, UCL, and FAL claims where plaintiff's allegations were

18 "fundamentally contradicted" by Energy Star's processes and standards).

19         **B.      Plaintiff's claims premised on water pollution should be dismissed because
                     they are not pleaded with sufficient particularity.**

20

21         Plaintiff also claims that one of the Challenged Statements, "Farming to Help Save the

22 Planet," is misleading based on vague, generalized allegations about "water issues." The Complaint

23 devotes only a few paragraphs to water quality and, again, utterly fails to connect any of those

24 allegations to Florida Crystals' production practices, much less the practices used to produce the

25 specific USDA Organic product she purchased. (Compl. ¶ 62-64.) Accordingly, these allegations

26 do not "nudge[] [her] claims across the line from conceivable to plausible." *See Arroyo v. Pfizer,

27 Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at *4, 6 (N.D. Cal. Jan. 31, 2013) (quoting *Twombly*,

28 550 U.S. at 545-47) (gathering cases where courts have dismissed UCL, FAL, and CLRA claims

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 12 -          Case No. 5:25-CV-02264-SVK

1  "when they are pled with insufficient supporting facts").

2        Plaintiff's water-related allegations are far too generalized to state a claim—much less to

3  satisfy Rule 9(b). For example, many of Plaintiff's allegations amorphously reference "Big Sugar."

4  To begin, Plaintiff speculates that "*[a]long with Big Sugar co-leader U.S. Sugar Corporation*,"

5  Florida Crystals harmed South Florida region's aquatic environments "by severely disrupting the

6  region[] hydrology and aquatic ecosystems." (Compl. ¶ 62.) (emphasis added) Then, without any

7  mention of Florida Crystals, Plaintiff alleges "*Big Sugar's pollution* disrupts the ecosystems of

8  local waterways" and attributes the redirection of Lake Okeechobee waters "to *Big Sugar's success*

9  in securing priority rights to stormwater treatment areas." (Compl. ¶ 63.) (emphasis added) Finally,

10  Plaintiff alleges that "as one of the largest landholders," Florida Crystals "plays *a leading role in

11  Big Sugar's disruption* of the natural southward flow of the 'River of Grass.'" (Compl. ¶ 64.)

12  (emphasis added) These conclusory and nonspecific allegations are insufficient under any pleading

13  standard but are certainly not "specific enough to [notify the defendants] of the particular

14  misconduct [constituting fraud]." *Ryan*, 2024 WL 5102651, at *3 (alteration in original).

15  Accordingly, Plaintiff fails to meet her pleading burden, and her claims must fail.

16        To the extent Plaintiff grounds her allegations in Florida Crystals' land ownership, these

17  allegations are irrelevant to whether the Product Plaintiff purchased "help[s] save the planet." To

18  state a claim, Plaintiff must allege facts specific to the product she purchased. *See Arroyo*, 2013

19  WL 415607, at *6 (dismissing UCL, FAL, and CLRA claims where plaintiff "failed to 'raise [her]

20  right to relief above the speculative level'") (alteration in original); *see also Eckler v. Wal–Mart

21  Stores, Inc.*, No. 12–CV–727–LAB–MDD, 2012 WL 5382218, at *7 (S.D. Cal. Nov. 1, 2012)

22  (plaintiff's complaint lacked "facial plausibility" because the studies she cited did not address the

23  product at issue or its combination of ingredients). Plaintiff does not plead any facts tying her

24  allegations, and certainly not her purchases, to any of Florida Crystals' farming practices used to

25  produce the Product she purchased. Nor could she plausibly do so because the Product she

26  purchased is USDA Organic, and one of the tenets of organic production is to "maintain or improve

27  the natural resources of the operation, *including* soil and *water quality*." 7 C.F.R. § 205.200

28  (emphasis added).

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;                     - 13 -                     Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

Thus, absent any plausible allegations involving the one Product she purchased, Plaintiff's entire complaint must be dismissed.

**III.    Plaintiff's statutory claims fail because she has not plausibly alleged that reasonable consumers would be deceived by the challenged statements.**

Plaintiff alleges no facts suggesting that *reasonable consumers* would ignore context and interpret the Product label in the idiosyncratic, atextual way Plaintiff claims she does. Reasonable consumers would not read the Challenged Statements as specific commitments not to use particular harvest techniques or to avoid contributing to ill-defined "water issues" in South Florida. To state the obvious, the Challenged Statements say *nothing* about preharvest burning or water issues, and reasonable consumers would not make the inferential leap Plaintiff claims she does. Rather than leaping to conclusions, reasonable consumers seeking to understand the Challenged Statements, which are at most ambiguous, would consult the other information on the Product, which explains exactly what Florida Crystals means when it says it is "Farming to Help Save the Planet" and "help[ing] fight climate change & build healthy soil."

Plaintiff's inability to plausibly allege facts suggesting reasonable consumers would be deceived is unsurprising. Indeed, Plaintiff herself bought the product **for years** before the Challenged Statements appeared, which belies her claim that she bought the Products in reliance on the Challenged Statements. (*See supra* at 4-5.) Unlike Plaintiff, reasonable consumers would not infer from generic puffery, like "Farming to Help Save the Planet," that sugar bearing that statement was harvested without preharvest burning or contributing to any "water issues."

Because reasonable consumers would not be misled, Plaintiff's statutory claims fail.

**A.    Plaintiff's statutory claims are governed by the reasonable consumer standard.**

To state a claim under the CLRA, UCL, or FAL, "the plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer." *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA, 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)); *see also Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 873 (N.D. Cal. 2012) ("The "reasonable consumer" test governs false advertising and unfair or fraudulent business practice claims under the UCL, FAL, or CLRA.").

This is an objective standard that the court may decide as a matter of law. *Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL 3023493, at \*3 (N.D. Cal. June 18, 2018); *see also In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 275 F. Supp. 3d 910, 921 (N.D. Ill. 2017) (deceptive advertising claims are often amenable to resolution at the pleadings stage because "the primary evidence in a false advertising case is the advertising itself").

The reasonable consumer test requires a plaintiff to "plead facts showing that a 'significant portion of the general consuming public…acting reasonably in the circumstances, could be misled.'" *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1111 (N.D. Cal. 2020) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Plaintiff must allege "more than a mere possibility" that the label "'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Lavie*, 105 Cal. App. 4th at 508).

When a court can conclude as a matter of law that members of the public are not likely to be deceived, dismissal is appropriate. *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013). Courts regularly grant motions to dismiss where the alleged deception is based on an unreasonable or implausible interpretation of a product label. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (dismissal is warranted "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels"); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, No. 3:18-CV-01538-H-MDD, 2019 WL 424703, at \*4 (S.D. Cal. Feb. 4, 2019) (statements that butter was made with "Milk From Grass-Fed Cows" and "Natural" would not lead reasonable consumers to believe the cows were 100% grass-fed); *Gallagher v. Chipotle Mexican Grill, Inc.*, No. 15-CV-03952-HSG, 2016 WL 454083, at \*4 (N.D. Cal. Feb. 5, 2016) (reasonable consumers would not interpret the statement that Chipotle prepares its food using "only non-GMO ingredients" to mean that no ingredients were made from animals that consumed GMOs).

### B. Reasonable consumers would not be deceived by the Challenged Statements.

Plaintiff alleges that consumers believe that "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soils" indicate broadly that "Defendants farm, harvest, and process their sugar Products in the most eco-friendly manners possible" (Compl. ¶ 75)

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF

- 15 -

Case No. 5:25-CV-02264-SVK

and that "the Products—and the methods through which Defendants produced them—are beneficial to the Earth's natural environments, help combat climate change through a net reduction in the greenhouse gases that cause climate change, and build healthy soils." (*Id.* ¶ 19.) Plaintiff also claims that the Challenged Statements caused her to believe that Defendants did not engage "in preharvest cane-burning" or "contribute[] to South Florida's water issues." (*Id.* ¶ 29d.)

Reasonable consumers reading the Challenged Statements would not make the same unsupported inferential leaps Plaintiff claims she does. Nor would reasonable consumers ignore the context in which the Challenged Statements are made. Reading the Challenged Statements in the context of the label as a whole, reasonable consumers would understand that the Products "help fight climate change" and "build healthy soils" because they are Regenerative Organic Certified®, Non-GMO Project Verified, and USDA Organic—all of which is true.

### 1. Reasonable consumers would not misinterpret the Challenged Statements in the way Plaintiff alleges.

Plaintiff's Complaint is based on a series of inferential leaps and misinterpretations of the Product's label. Reasonable consumers would not read the Product label in the same way.

First, Plaintiff attempts to challenge global, sweeping statements that the Product's labels does not make. For example, Plaintiff alleges "reasonable consumers are led to believe that Defendants farm, harvest, and process their sugar Products in the most eco-friendly manners possible." (*Id.* ¶ 75.) But the Product labels say *nothing of the sort*, and attacking this strawman cannot state a claim. *Miller v. Philips N. Am. LLC*, No. 24-CV-03781-RFL, 2025 WL 582160, at *2 (N.D. Cal. Feb. 20, 2025) ("Representations must be analyzed according to what they "actually say[ ]," and not based on their 'implied meaning.") (alteration in original); *Andrade-Heymsfield v. Danone US, Inc.*, No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *2, *7, *9 (S.D. Cal. Aug. 14, 2019) ("[A]llegations of deception must be assessed according to what the advertisement or label depicts and actually says, and not allegations of implied meaning."). In short, the Challenged Statements do not promise a perfect agricultural operation, and Plaintiff's claims based on that false premise fail. *See Myers v. Starbucks Corp.*, No. EDCV 20-00335-CJC, 2020 WL 13302437, at *2, *4-5 (C.D. Cal. July 29, 2020) (dismissing claims against granola bars labeled "supports

sustainably sourced cocoa through Cocoa Horizons" where "no reasonable consumer could interpret [the] label as a promise to eliminate unethical practices from its supply chain").

Plaintiff's specific interpretations of the Challenged Statements are equally implausible. For example, Plaintiff alleges the Challenged Statements mean that the Product produces "a net reduction in the greenhouse gases that cause climate change." (Compl. ¶ 19.) But again, the Product's label makes no such statement. The Product says that "farms help fight climate change," not that its production results in a *net reduction* in greenhouse gases. And again, Plaintiff cannot base claims on statements the label does not make. *See Miller*, 2025 WL 582160, at * 2 (BPA Free "cannot be extrapolated to imply that the Products are devoid of *all* harmful plastic byproducts").

Plaintiff also claims she understood the label to mean that the Product is produced without preharvest burning and without contributing to "water issues." Once again, the problem with this theory is that the Product says *nothing* about specific harvesting techniques or water quality issues. Plaintiff has alleged no *facts* suggesting reasonable consumers would understand the statement "Farming to Help Save the Planet" to mean Florida Crystals does not use specific harvest techniques or that it does not "contribute[] to South Florida's water issues." (Compl. ¶ 29d.) Nor does Plaintiff's belief that Florida Crystals should use other farming practices render Florida Crystals' truthful statements about its operations misleading. *See Dwyer v. Allbirds, Inc*., 598 F. Supp. 3d 137, 150 (S.D.N.Y. 2022) ("That [p]laintiff and PETA believe that [d]efendant should use a different method of measuring the [p]roduct's carbon footprint does not plausibly suggest that what [d]efendant in fact says is materially misleading."); *see also Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 955 (S.D. Tex. 2014) (plaintiffs' claims fail under the reasonable consumer standard because they "offer no reason that the reasonable consumer would assume 365 Brands organic products are any more organic than what organic certifying agencies require").

In short, Plaintiff's claims are based on unreasonable inferential leaps and pyramiding of conjecture and therefore do not state a plausible claim for relief. *See Myers*, 2020 WL 13302437, at *6 (granting motion to dismiss where "[i]n context, no reasonable consumer would assume that the phrase 'ethically sourced' guaranteed some effort to mitigate deforestation in West Africa").

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 17 -          Case No. 5:25-CV-02264-SVK

2.    **The Challenged Statements would not mislead reasonable consumers viewing the statements in context.**

Plaintiff's reading of the label should also be rejected because it ignores the context in which the Challenged Statements appear. Here, the Challenged Statements are, at most, ambiguous, and thus reasonable consumers would rely on "contextual inferences regarding the product itself and its packaging" and "'would necessarily require more information before they could reasonably conclude' that a particular interpretation is correct." *Moore*, 4 F.4th at 882-83. Thus, in evaluating whether reasonable consumers would be deceived, the Court should "consider any 'additional information' available to consumers on the packaging." *Brown v. Brita Prods. Co.*, No. CV 23-7851-DMG, 2024 WL 4815354, at *4 (C.D. Cal. Sept. 30, 2024) (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097–98 (9th Cir. 2023). This information can include other statements on the label, common sense, and common knowledge about the product. *Moore*, 4 F.4th at 883; *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Becerra*, 945 F.3d at 1229.

Because reasonable consumers view labels ***in context***, they would understand that the Challenged Statements connect directly to the other label statements below, indicating that the Product is "Regenerative Organic Certified," "Non-GMO Certified," and "USDA Organic."[5] Read in this context, reasonable consumers would understand that the Product helps fight climate change and builds healthy soil *because* it is produced using USDA Organic and Regenerative Organic practices and made from non-GMO sugarcane. *See Dorris v. Danone Waters of Am.*, No. 22 CIV. 8717, 2024 WL 4792048, at *6 (S.D.N.Y. Nov. 14, 2024) ("Carbon Trust" logo on the back of the product "should have put a reasonable consumer on notice that it meant something about the product in relation to its 'carbon neutral' claim").

Moreover, the back label provides additional information to consumers about the meaning of the Challenged Statements. *See McGinity*, 69 F.4th at 1099 ("ambiguity can be resolved by reference to the back label"). The back of the Product packaging explains that Florida Crystals helps (1) build healthy soil because it works with "farmers of Regenerative Organic Certified land,"

---

[5] Because Plaintiff alleges she purchased a single, regenerative organic product, Defendants focus on that specific Product label. Because Plaintiff has no legally or factually viable claim against that Product label, she cannot challenge the labeling of any unpurchased Products.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 18 -          Case No. 5:25-CV-02264-SVK

(2) fight climate change by pulling "carbon from the air and stor[ing] it in the soil," and (3) save the planet by—in addition to the preceding benefits—supporting "local habitats for pollinators and birds" and thus protecting biodiversity. (Young Decl. ¶ 5, Ex. C.) The back label also features a "How2Recycle label" to assist consumers in recycling the Products, thereby helping to reduce waste and fight climate change. (*Id.*) Plaintiff does not dispute any of these statements or practices.

In this context, it is implausible for Plaintiff to claim that reasonable consumers would understand the Challenged Statements to mean that the Products are made without preharvest burning or without contributing to "water issues"—topics that are not addressed anywhere on the label—as opposed to understanding that those statements connect to the label's explanation that the Product is "Regenerative Organic Certified," "Non-GMO Certified," "USDA Organic," fights climate change by pulling "carbon from the air and stor[ing] it in the soil," and supports "local habitats for pollinators and birds." (*see* Young Decl. ¶ 5, Ex. C); *see Brown*, 2024 WL 4815354, at *4 (finding "there is plenty of accurate additional information that is readily available to consumers when purchasing" the product such that the label would not deceive a reasonable consumer).

Accordingly, Plaintiff's UCL, CLRA, and FAL claims fail.

**C.    The statement "Farming to Help Save the Planet" is non-actionable puffery.**

Plaintiff claims that the statement "Farming to Help Save the Planet" is misleading to consumers because she alleges that "Big Sugar" harms local water sources. (Compl. ¶¶ 62-65.) This claim fails for the independently sufficient reason that this statement is nonactionable puffery. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 555 (N.D. Cal. 2019) ("Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss.").

Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). "[T]he difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. IKON Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008). A statement that is "quantifiable" and makes a claim as to the "specific or absolute characteristics of a product" may be an actionable statement of fact, but a "general, subjective claim" about a product is not. *Id.*; *Weiss v. Trader Joe's Co.*, No. 8:18-CV-01130-JLS-

1    GJS, 2018 WL 6340758, at *4 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom.*, 838 F. App'x 302 (9th

2    Cir. 2021) ("[T]o be actionable as an affirmative misrepresentation, a statement must make a

3    specific and measurable claim, capable of being proved false or of being reasonably interpreted as

4    a statement of objective fact.") (alteration in original).

5         "Farming to Help Save the Planet" is just the sort of "generalized, vague and unspecified

6    assertion[]" that no reasonable consumer would rely upon. *Glen Holly Entertainment, Inc. v.*

7    *Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). *Myers v. Starbucks Corp.* is instructive on

8    this point. *Myers*, 2020 WL 13302437, at *4-5. In *Myers*, the court concluded that the statement

9    "[s]upports sustainably sourced cocoa through Cocoa Horizons" on a granola product was non-

10   actionable puffery given the aspirational language and "no reasonable consumer could interpret

11   [defendant's] label as a promise to eliminate unethical practices from its supply chain." *Id*. The

12   same is true here. "Help" is nearly synonymous with "promote" and "support" that the *Myers* court

13   deemed aspirational. *Id*. at *4. No reasonable consumer would interpret "Farming to Help Save the

14   Planet" as a promise to eliminate all potential environmental impacts in the sugarcane production

15   process. *See Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 662 (N.D. Ill. 2024) ("committed to

16   sourcing sustainable seafood" is "corporate blather about [defendant's] aspirations" and "cloaked

17   in the type of vague and aspirational language that amounts to mere puffery"); *Krakauer v.*

18   *Recreational Equip., Inc.*, No. C22-5830, 2024 WL 1494489, at *9 (W.D. Wash. Mar. 29, 2024)

19   ("working to help you experience the transformational power of nature" and "with every purchase

20   you make with REI, you are choosing to steward the outdoors, support sustainable business and

21   help the fight for life outside" are "aspirational corporate statements" and non-actionable puffery).

22        The equivocal language "Help Save" makes no promises as to specific outcomes, practices,

23   or characteristics of the product and is thus nonactionable puffery. *See People for the Ethical*

24   *Treatment of Animals v. Whole Foods Mkt. California, Inc.*, No. 15-CV-04301, 2016 WL 1642577,

25   at *3 (N.D. Cal. Apr. 26, 2016) ("Great-Tasting Meat From Healthy Animals" and "Raised Right

26   Tastes Right" were not quantifiable, objective statements and therefore not actionable); *Levit v.*

27   *Nature's Bakery, LLC*, No. 24-CV-02987-JST, 2025 WL 579192, at *3 (N.D. Cal. Feb. 21, 2025)

28   ("[W]hat we bake in is as important as what we leave out" was an unmeasurable claim "on which

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;        - 20 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1  no reasonable buyer would rely.").

2      Because the Challenged Statement "Farming to Help Save the Planet" is not measurable or

3  specific, but instead a general statement on which consumers would not rely to imply that no

4  preharvest burning is used and no water quality was impacted, the claims should be dismissed.

5  **IV.    Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and
       CLRA claims also fail because she has not alleged any actionable misrepresentations.**

6      Plaintiff's breach of warranty and unjust enrichment claims fail for the same reason her

7  statutory claims fail: Plaintiff has not alleged any actionable misrepresentations by Defendants.

8      Plaintiff's breach of warranty claim merely repackages her statutory claims (*see* Compl. ¶¶

9  163-69) and thus fails for the same reasons. *See Weiss*, 2018 WL 6340758, at *8 (dismissing

10 plaintiff's claims for breach of express warranty and implied warranty of merchantability where

11 those claims were premised on the same allegations as plaintiff's CLRA, UCL, and FAL claims,

12 which were not pled with sufficient particularity).

13     To state a claim for breach of express warranty, a plaintiff "must allege the exact terms of

14 the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which

15 proximately causes plaintiff injury." *Kearney v. Hyundai Motor America*, No. SACV09–1298–JST

16 (MLGx), 2010 WL 8251077, at *7 (C.D. Cal. Dec. 17, 2010). Here, Plaintiff alleges that

17 "Defendants purport, through the Products' labeling and advertising, to create express warranties

18 that the Products, among other things, conform to the Challenged Representations." (Compl. ¶ 165.)

19 Florida Crystals did not promise that the Product would not be produced with preharvest burns or

20 contribute to water issues. *See Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 959 (S.D. Cal.

21 2024) (dismissing express warranty claim where "Plaintiff does not plausibly allege that Defendant

22 promised, as a basis of the parties' bargain, that the beverages would contain fruit juice").

23     Similarly, Plaintiff's unjust enrichment claim fails because the predicate claim—*i.e.*, that

24 Defendants engaged in misleading advertising (*see* Compl. ¶ 174)—fails for the reasons explained

25 above. *Weiss*, 2018 WL 6340758, at *8. Essentially, Plaintiff has "not plausibly allege[d] that

26 [Florida Crystals] engaged in unlawful conduct and has therefore been 'unjustly enriched' to

27 support Plaintiff's claim for unjust enrichment." *Dawson*, 716 F. Supp. 3d at 959.

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 21 -          Case No. 5:25-CV-02264-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.    Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law.**

Plaintiff's claim under the UCL sounds in equity, *see Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 9 Cal. 5th 279, 305 (2020), as does her request for injunctive relief, including her request under the CLRA (*see* Compl. ¶ 123). As the Ninth Circuit made clear in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), a plaintiff cannot seek equitable relief under these statutes without first establishing lack of an adequate remedy at law.

Following *Sonner*, courts in the Ninth Circuit have dismissed at the pleading stage claims for equitable relief under the UCL and CLRA. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it does not."); *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *6 (N.D. Cal. June 16, 2022) (similar); *Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (similar); *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (similar).

Here, the Court should dismiss Plaintiff's requests for equitable relief because her allegations focus on *economic injuries* that can be remedied by the legal remedy of damages. *See Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2025 WL 82211, at *14 (N.D. Cal. Jan. 13, 2025) (van Keulen, J.) (distinguishing between claims for economic harm, for which equitable relief was not available, and claims for loss of privacy, which "legal relief cannot adequately remedy").

Plaintiff alleges that legal remedies are inadequate because her equitable claims have longer limitations periods than her legal claims. (Compl. ¶ 87.) This argument has been specifically considered and rejected. *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *6-7 (N.D. Cal. Oct. 6, 2021); *see also Martinez v. Hub Group Trucking, Inc.*, No. ED CV20-01384, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021). Plaintiff also alleges that her equitable claims may reach a broader range of conduct or provide for additional relief. (Compl. ¶ 87.) But she fails to plead *any facts* showing that monetary damages would be *inadequate* to remedy her

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF

- 22 -

Case No. 5:25-CV-02264-SVK

only alleged individual harm: economic injury. *See In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (holding that monetary damages would be adequate remedy for alleged overpayment for product that did not perform as promised and finding plaintiffs failed to plausibly allege facts showing otherwise).

Plaintiff's claims for equitable relief should thus be dismissed.

## VI. Plaintiff lacks Article III standing to seek injunctive relief.

If any of Plaintiff's claims survives, her request for injunctive relief must be dismissed because she lacks Article III standing to seek this remedy. To have standing to seek injunctive relief, the plaintiff must face a threatened injury that is "*certainly impending* to constitute injury in fact." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citations omitted). In contrast, "conjectural or hypothetical" "allegations of *possible* future injury are not sufficient." *Id.* In addition, the proposed class representative must herself allege an imminent threat of future injury; if none of the named plaintiffs have standing, "none may seek relief on behalf of himself or any other member of the class." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (citation omitted).

Ordinarily, a consumer who has discovered an allegedly deceptive practice will not be deceived again, making an injunction unnecessary to stave off "certainly impending" future harm. The Ninth Circuit has, however, identified two limited situations where "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false." *Davidson*, 889 F.3d at 969. The first is where the consumer plausibly alleges that she "would like to" buy a product again, but she cannot "rely on the product's advertising or labeling" without a corrective injunction. *Id.* at 970. The second is where the consumer plausibly "might purchase the product in the future" because "she may reasonably, but incorrectly, assume the product was improved." *Id.*

Plaintiff attempts to fit her case within these exceptions, but the facts she alleges are mere legal conclusions that should be disregarded. (*See* Compl. ¶¶ 29g, 30.) This is not a case where Plaintiff may be unable to rely on the product's advertising or labeling in the future because "those cases involve[e] product descriptions that cannot be verified merely by looking at the label."

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - 23 -                Case No. 5:25-CV-02264-SVK

*Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). In those cases, the plaintiff has "no way [to determine] whether the representation … [was] in fact true…in the future." *Davidson*, 889 F.3d at 971–72; *see Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 963 (N.D. Cal. 2022) (plaintiffs had standing to seek injunctive relief because of the "difficult-to-ascertain nature of the alleged misrepresentation"). Here, in contrast, "plaintiff learn[ed] information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward," and therefore "an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5.

Plaintiff *should* have learned through her required pre-suit diligence that USDA Organic sugar products are not produced using preharvest burning or methods that harm water quality. But in any event, she certainly knows that now. *See Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437, 2019 WL 7905745, at *5 (C.D. Cal. 2019) (plaintiff lacked standing to seek injunctive relief because "in the future [plaintiff can] simply look at the label on Defendant's coconut oil ... and put it back"); *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (noting that "several district courts … have found a plaintiff lacks standing where the plaintiff could 'easily discover whether a previous misrepresentation had been cured without first buying the product at issue'"). Thus, Plaintiff lacks standing to seek injunctive relief. *See Rahman v. Mott's LLP*, No. 13-CV-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (denying injunctive relief where plaintiff "is able to rely on the packaging now that he understands the 'No Sugar Added' label").

## VII.    Plaintiff's CLRA damages claim fails because Plaintiff did not provide Florida Crystals with the required 30-day notice.

To the extent Plaintiff seeks damages under her CLRA claim, that relief is unavailable.[6] "[T]o provide and facilitate pre-complaint settlements of consumer actions wherever possible," Cal. Civ. Code § 1782 requires a plaintiff to provide defendant with notice 30 days prior to filing a suit under the CLRA seeking damages. *Keilholtz v. Superior Fireplace Co.*, No. C 08-00836 CW, 2009

---

[6] Plaintiff's CLRA claim prominently requests an injunction (Compl. ¶ 123), but also mentions "economic losses and other damages." (*Id.* ¶ 122.) Because Plaintiff's Complaint could be read to suggest an intent to seek CLRA damages, Defendants are addressing this issue out of an abundance of caution.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - 24 -                Case No. 5:25-CV-02264-SVK

1    WL 839076, at *2 (N.D. Cal. Mar. 30, 2009). Plaintiff did not do so. Plaintiff alleges that

2    "concurrent with the filing of this Complaint," they served a demand letter on Florida Crystals.

3    (Compl. ¶ 121.). Thus, Plaintiff cannot pursue monetary damages under the CLRA. *See Keilholtz*,

4    2009 WL 839076, at *3 (dismissing CLRA claim where plaintiffs failed to send pre-suit letter).

5    ## VIII.    Plaintiff cannot recover punitive damages.

6        Under her FAL, breach of warranty, and unjust enrichment claims, Plaintiff seeks punitive

7    damages, (*see* Compl. ¶¶ 108, 169, 176), "including punitive damages against the individual

8    officers, directors, and/or managing agents of Defendants pursuant to California Civil Code Section

9    3294." (Compl. Prayer for Relief.) None of those claims provide for recovery of punitive damages.

10        Punitive damages are not available for FAL claims. *Brown v. Food for Life Baking Co.*, 658

11    F. Supp. 3d 732, 743 (N.D. Cal. 2023) ("Punitive damages are not available under the UCL and

12    FAL.") *see also Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023) ("It is well-

13    established that claims for relief under the FAL…are limited to restitution and injunctive relief.")

14        Nor does California law permit recovery of punitive damages for breach of express or

15    implied warranty. *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 925 (E.D. Cal. 2020)

16    ("[P]unitive damages are not available under California law for breach of express or implied

17    warranty."); *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 212 (Ct. App. 1991)

18    ("Punitive damages are not available" under the California Uniform Commercial Code.)

19        Nor does California law permit recovery of punitive damages for unjust enrichment. *Goel*

20    *v. Coal. Am. Holding Co. Inc*, No. CV 11-2349, 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011)

21    (punitive damages not available for actions in equity such as unjust enrichment); *see Roper*, 510 F.

22    Supp. 3d at 926 (although plaintiff sought punitive damages under her FAL, CLRA, breach of

23    express warranty, breach of implied warranty, and unjust enrichment claims, "plaintiff's only

24    potential punitive damages claims come under…her CLRA claim").

25        Plaintiff's claim for punitive damages should therefore be dismissed.

26    ## CONCLUSION

27        Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF            - 25 -            Case No. 5:25-CV-02264-SVK

1

2

DATED:  May 8, 2025          **FAEGRE DRINKER BIDDLE & REATH LLP**

3

By:    /s/ Whitney A. Thompson
       WHITNEY A. THOMPSON

4

5

Attorneys for Defendants
FLORIDA CRYSTALS CORP. and FANJUL
CORP.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 26 -          Case No. 5:25-CV-02264-SVK