**FAEGRE DRINKER BIDDLE & REATH LLP**
WHITNEY A. THOMPSON (SBN 336655)
*whitney.thompson@faegredrinker.com*
SARAH L. BREW (Pro Hac Vice)
*sarah.brew@faegredrinker.com*
TYLER A. YOUNG (Pro Hac Vice)
*tyler.young@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendants
FLORIDA CRYSTALS CORP.
and FANJUL CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY MERRELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA CRYSTALS CORP. and FANJUL CORP.,<br><br>Defendants. | Case No. 5:25-cv-02264-SVK<br><br>Hon. Susan van Keulen<br><br>**DEFENDANTS FLORIDA CRYSTALS CORP. AND FANJUL CORP.'S NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF**<br><br>[Filed Concurrently with Declaration of Tyler A. Young in Support Thereof, Request for Judicial Notice, and [Proposed] Order Granting Motion to Dismiss First Amended Complaint]<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   Tuesday, August 26, 2025<br>Time:   10:00 A.M.<br>Dept:   Courtroom 6, 4th Floor<br><br>Complaint Filed:    March 5, 2025<br>FAC Filed:    June 12, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, August 26, 2025, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 6, 4th Floor of this Court, 280 South 1st Street, San Jose, California 95113, before the Honorable Susan van Keulen, Defendants Florida Crystals Corp. and Fanjul Corp. ("Defendants") will and hereby do move the Court for an order dismissing the First Amended Complaint. Defendants move to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(2), and 12(b)(6) on the grounds that the Court lacks personal jurisdiction over Defendant Fanjul Corp., and Plaintiffs fail to state a claim upon which relief can be granted.

Good cause exists to grant this motion:

1.      Plaintiff's claims fail because Defendant Fanjul Corp. lacks sufficient contacts with California for the Court to exercise personal jurisdiction over it.

2.      Relatedly, Plaintiff's claims against Defendant Fanjul Corp. fail because it did not directly participate in any of the challenged conduct and is not a mere alter ego of Defendant Florida Crystals.

3.      Plaintiff's claims fail because she has not connected—and cannot connect—the production practices she claims to have been misled about to the one product she purchased.

4.      Plaintiff's claims fail because reasonable consumers reading the challenged statements in context would not be misled, and because one of the challenged statements is non-actionable puffery.

5.      Plaintiff's equitable claims fail because she has not plausibly alleged that she lacks an adequate remedy at law.

6.      Plaintiff lacks Article III standing to seek injunctive relief.

7.      Plaintiff's claim for punitive damages should be dismissed because that relief is not available based on the claims asserted.

8.      The Court should dismiss the First Amended Complaint with prejudice because Plaintiff has already had the opportunity to amend and further amendment would be futile.

This motion is based upon this notice of motion, the motion, the pleadings and other papers

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF

Case No. 5:25-CV-02264-SVK

1  on file in this action, and such other oral argument and/or documentary matters as may be presented

2  to the Court at or before the hearing on this motion.

3  DATED:  July 10, 2025          **FAEGRE DRINKER BIDDLE & REATH LLP**

4

5  By:    /s/ W*hitney A. Thompson*
          WHITNEY A. THOMPSON

6          SARAH L. BREW (Pro Hac Vice)
           TYLER A. YOUNG (Pro Hac Vice)

7

8          Attorneys for Defendants
           FLORIDA CRYSTALS CORP. and FANJUL

9          CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED ............................................................ ix

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

    A.    The Parties .................................................................................................. 2

    B.    Plaintiff's First Amended Complaint ......................................................... 2

    C.    Plaintiff's Purchases .................................................................................. 3

    D.    The National Organic Program's Requirements ....................................... 4

LEGAL STANDARDS ............................................................................................... 5

ARGUMENT .............................................................................................................. 6

I.    Plaintiff's claims against Fanjul should be dismissed. ....................................... 6

    A.    The Court lacks personal jurisdiction over Fanjul. ................................... 6

    B.    Plaintiff has not pleaded any actionable claims against Fanjul. ............... 8

II.    Plaintiff's FAC should be dismissed because the production practices to which she objects do not apply to the sole Product she purchased. ...................................... 11

    A.    Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning. ........................................................................ 11

    B.    Plaintiff's claims premised on water pollution should be dismissed because they are not pleaded with sufficient particularity. ..................................... 13

III.    Plaintiff's statutory claims fail because she has not plausibly alleged that reasonable consumers would be deceived by the Challenged Statements. ......................... 15

    A.    Plaintiff's statutory claims are governed by the reasonable consumer standard. ..................................................................................................... 15

    B.    Reasonable consumers would not be deceived by the Challenged Statements. ................................................................................................. 16

        1.    Reasonable consumers would not interpret the Challenged Statements in the way Plaintiff alleges. ......................................... 17

        2.    The Challenged Statements would not mislead reasonable consumers viewing the statements in context. ................................ 18

    C.    The statement "Farming to Help Save the Planet" is non-actionable puffery. ....................................................................................................... 20

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - i -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

IV.     Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations................................................................................................. 21

V.      Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law. ................................................................................................. 22

VI.     Plaintiff lacks Article III standing to seek injunctive relief. ................................. 23

VII.    Plaintiff cannot recover punitive damages. ........................................................... 25

CONCLUSION ....................................................................................................................... 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - ii -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF
DMS_US.371722713.5

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Ahern v. Apple Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) .................................................................... 20

*Almeida v. Apple, Inc.*,
No. 21-CV-07109-VC, 2022 WL 1514665 (N.D. Cal. May 13, 2022) ................... 22

*Almeida v. W. Digital Corp.*,
No. 20-CV-04735-RS, 2021 WL 4441991 (N.D. Cal. June 25, 2021) ...................... 6

*Andrade-Heymsfield v. Danone US, Inc.*,
No. 19-CV-589-CAB-WVG, 2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) .......... 17

*Arroyo v. Pfizer, Inc.*,
No. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) .................. 13, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................... 5

*In re Baby Food Prods. Liab. Litig.*,
No. 24-MD-03101-JSC, 2025 WL 986959 (N.D. Cal. Apr. 2, 2025) ........................ 8

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ........................................................................... 15, 19

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................... 5

*Bland v. Sequel Nat. Ltd.*,
No. 18-CV-04767-RS, 2019 WL 4658361 (N.D. Cal. Jan. 18, 2019) ...................... 8

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ................................................................................. 12

*Branca v. Nordstrom, Inc.*,
No. 14CV2062-MMA, 2015 WL 1841231 (S.D. Cal. Mar. 20, 2015) .................... 15

*Broidy Cap. Mgmt., LLC v. Qatar*,
No. CV 18-2421-JFW(EX), 2018 WL 9943551 (C.D. Cal. Aug. 22, 2018) ......... 7, 8

*Brown v. Brita Prods. Co.*,
No. CV 23-7851-DMG, 2024 WL 4815354 (C.D. Cal. Sept. 30, 2024) ............ 19, 20

*Brown v. Danone N. Am., LLC*,
No. 17-CV-07325-JST, 2018 WL 2021340 (N.D. Cal. May 1, 2018) .................... 12

*Chubchai v. AbbVie, Inc.*,
599 F. Supp. 3d 866 (N.D. Cal. 2022) ..................................................................... 10

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;                - iii -                Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Cimoli v. Alacer Corp.*,
546 F. Supp. 3d 897 (N.D. Cal. 2021) ....................................................................... 24

*Clark v. Hershey Co.*,
No. 18-CV-06113 WHA, 2019 WL 6050763 (N.D. Cal. Nov. 15, 2019) ................................ 15

*Corcoran v. CVS Health Corp.*,
169 F. Supp. 3d 970 (N.D. Cal. 2016) ..................................................................6, 7, 8, 9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ............................................................................................. 7

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ............................................................................23, 24

*Dawson v. Better Booch, LLC*,
716 F. Supp. 3d 949 (S.D. Cal. 2024) ....................................................................... 22

*Dorris v. Danone Waters of Am.*,
No. 22 CIV. 8717, 2024 WL 4792048 (S.D.N.Y. Nov. 14, 2024) ...................................... 19

*Dutrisac v. STMicroelectronics, Inc.*,
No. 23-CV-06639-BLF, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024) ................................... 9

*Dwyer v. Allbirds, Inc.*,
598 F. Supp. 3d 137 (S.D.N.Y. 2022) ....................................................................... 18

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ................................................................................. 19

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) ................................................................................. 5

*Freeman v. Indochino Apparel, Inc.*,
443 F. Supp. 3d 1107 (N.D. Cal. 2020) ..................................................................... 15

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ................................... 8, 17

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
343 F.3d 1000 (9th Cir. 2003) ............................................................................... 20

*Hansen Beverage Co. v. Nat'l Beverage Corp.*,
No. CV 06-5470, 2006 WL 8445752 (C.D. Cal. Dec. 12, 2006) ........................................ 9

*Hrapoff v. Hisamitsu Am., Inc.*,
No. 21-CV-01943-JST, 2022 WL 2168076 (N.D. Cal. June 16, 2022) ................................ 22

*Hubbard v. Google LLC*,
No. 19-cv-07016-SVK, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) .................................... 23

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;          - iv -          Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Jackson v. Gen. Mills, Inc.*,
    No. 18CV2634-LAB, 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ...................................... 24

*Johnson v. UBS AG*,
    860 F. App'x 531 (9th Cir. 2021)............................................................................................... 7

*Johnson-Jack v. Health-Ade LLC*,
    587 F. Supp. 3d 957 (N.D. Cal. 2022) ....................................................................................... 24

*Kearney v. Hyundai Motor America*,
    No. SACV09–1298–JST, 2010 WL 8251077 (C.D. Cal. Dec. 17, 2010) ............................... 22

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)....................................................................................................... 5

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)..................................................................................................... 4

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003)..................................................................................................... 15

*Levit v. Nature's Bakery, LLC*,
    767 F. Supp. 3d 955 (N.D. Cal. 2025) ....................................................................................... 21

*In re MacBook Keyboard Litig.*,
    No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)................................... 23

*Martinez v. Hub Group Trucking, Inc.*,
    No. ED CV20-01384, 2021 WL 937671 (C.D. Cal. Jan. 11, 2021) ......................................... 23

*McCoy v. Alphabet, Inc.*,
    No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ....................................... 4

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023)..................................................................................................... 19

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) ....................................................................................... 15

*Miller v. Philips N. Am. LLC*,
    No. 24-CV-03781-RFL, 2025 WL 582160 (N.D. Cal. Feb. 20, 2025)...................................... 17

*Mish v. TForce Freight, Inc.*,
    No. 21-CV-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) ..................................... 23

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ...........................................................................................16, 18, 19

*Myers v. Starbucks Corp.*,
    No. 22-55930, 2024 WL 3102800 (9th Cir. June 24, 2024)....................................................... 18

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - v -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Myers v. Starbucks Corp.*,
    No. 20-00335-CJC, 2020 WL 13302437 (C.D. Cal. July 29, 2020) ..................... 14, 17, 20, 21

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    No. 3:18-CV-01538-H-MDD, 2019 WL 424703 (S.D. Cal. Feb. 4, 2019) ............................ 16

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*,
    9 Cal. 5th 279 (2020) .................................................................................................... 22

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
    926 F.3d 528 (9th Cir. 2019) ......................................................................................... 24

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................................ 9

*Newcal Indus., Inc. v. Ikon Office Solutions*,
    513 F.3d 1038 (9th Cir. 2008) ........................................................................................ 20

*Pargett v. Wal-Mart Stores, Inc.*,
    No. EDCV192157JGBSPX, 2020 WL 5028317 (C.D. Cal. Apr. 10, 2020) ...................... 5, 13

*Payoda, Inc. v. Photon Infotech, Inc.*,
    No. 14-CV-04103-BLF, 2015 WL 4593911 (N.D. Cal. July 30, 2015) ................................. 10

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ............................................................................. 16

*People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc.*,
    No. 15-CV-04301, 2016 WL 1642577 (N.D. Cal. Apr. 26, 2016) ......................................... 21

*Rahman v. Mott's LLP*,
    No. 13-CV-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) .................................... 25

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ................................................................................. 8, 9, 10

*Reynolds v. Binance Holdings Ltd.*,
    481 F. Supp. 3d 997 (N.D. Cal. 2020) ............................................................................. 10

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020) ............................................................................. 25

*Rugg v. Johnson & Johnson*,
    No. 17-CV-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ................................. 15

*Ryan v. Starco Brands, Inc.*,
    No. 24-CV-00642-SVK, 2024 WL 5102651 (N.D. Cal. Apr. 19, 2024) ......................... *passim*

*Sanchez v. Walmart Inc.*,
    733 F. Supp. 3d 653 (N.D. Ill. 2024) ............................................................................. 21

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - vi -            Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Sandoval v. Ali*,
   34 F. Supp. 3d 1031 (N.D. Cal. 2014) ........................................................................ 9

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................................ 7

*Shanks v. Jarrow Formulas, Inc.*,
   No. LA CV 18-09437, 2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) ...................................... 24

*Sharma v. Volkswagen AG*,
   524 F. Supp. 3d 891 (N.D. Cal. 2021) ........................................................................ 22

*Skurkis v. Montelongo*,
   No. 16-CV-0972, 2016 WL 4719271 (N.D. Cal. Sept. 9, 2016) ...................................... 8, 10

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ........................................................................ 22

*Sonora Diamond Corp. v. Superior Court*,
   83 Cal. App. 4th 523 (Cal. Ct. App. 2000) ........................................................................ 9

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ........................................................................ 20

*Stewart v. Screen Gems-EMI Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015) ........................................................................ 10

*Theodorakis v. DFINITY Stiftung*,
   No. 23-CV-02280, 2025 WL 822978 (N.D. Cal. Mar. 14, 2025) ...................................... 9

*TopDevz, LLC v. LinkedIn Corp.*,
   No. 20-CV-08324-SVK, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) ...................................... 6

*Tovmasyan v. Target Corp.*,
   No. 2:25-CV-02314-MRA-KS, 2025 WL 1288020 (C.D. Cal. May 2, 2025) ...................................... 25

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................ 5

*Videtto v. Kellogg USA*,
   No. 2:08CV01324-MCEDAD, 2009 WL 1439086 (E.D. Cal. May 21, 2009) ...................................... 15

*Weiss v. Trader Joe's Co.*,
   No. 8:18-CV-01130-JLS-GJS, 2018 WL 6340758 (C.D. Cal. Nov. 20, 2018) ........... 20, 21, 22

*West v. Sambazon, Inc.*,
   750 F. Supp. 3d 356 (S.D.N.Y. 2024) ........................................................................ 18

*Yastrab v. Apple Inc.*,
   No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ...................................... 6

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;      - vii -      Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

*Zahora v. Orgain LLC,*
    No. 21 C 705, 2021 WL 5140504 (N.D. Ill. 2021) ................................................. 17

**Statutes, Rules & Regulations**

7 C.F.R. § 205.100 ........................................................................................................ 5

7 C.F.R. § 205.200 .................................................................................................... 5, 14

7 C.F.R. § 205.203(d) .................................................................................................... 5

7 C.F.R. § 205.203(e)(3) ................................................................................................ 5

7 C.F.R. § 205.400 ........................................................................................................ 5

7 C.F.R. § 205.403 ........................................................................................................ 5

California Consumer Legal Remedies Act (CLRA) ........................................... *passim*

California False Adversiting Law (FAL) ........................................................... *passim*

California Unfair Competition Law (UCL) ....................................................... *passim*

Fed. R. Civ. P. 9(b) ........................................................................... 5, 6, 12, 13

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 5

DEFENDANT'S NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;          - viii -          Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court has personal jurisdiction over Defendant Fanjul Corp., a Florida corporation, based on the bare allegation that it is the parent company of Defendant Florida Crystals.

2.      Whether Plaintiff can state a claim against Defendant Fanjul Corp. based on the bare allegation that it is the parent company of Defendant Florida Crystals.

3.      Whether Plaintiff's First Amended Complaint should be dismissed when the product she purchased is USDA Organic and Plaintiff's claims are belied by the National Organic Program requirements for USDA Organic products.

4.      Whether Plaintiff's claims should be dismissed because reasonable consumers would read the Challenged Statements in context and thus not make the same implausible inferential leaps that Plaintiff claims to make.

5.      Whether Plaintiff's claims for equitable relief should be dismissed when she has alleged no facts showing that she lacks an adequate remedy at law.

6.      Whether Plaintiff is entitled to injunctive relief when Plaintiff has no risk of future harm because she now understands that the product she purchased was not made using the practices of which she complains.

7.      Whether Plaintiff's claim for punitive damages should be dismissed when the claims in which she seeks punitive damages do not provide for that relief.

8.      Whether Plaintiff's First Amended Complaint should be dismissed with prejudice when Plaintiff has already had the chance to amend but failed to allege any facts capable of stating a claim.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;     - ix -     Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF
DMS_US.371722713.5

**INTRODUCTION**

Plaintiff asserts it is misleading to label a sugar product with the statements "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil" (the "Challenged Statements") because she claims the product (1) is produced using preharvest burning to remove sugarcane leaves, and (2) "contribute[s] to South Florida's water issues." (FAC ¶¶ 1, 8, 11, 21, 29.) Plaintiff's FAC fails for two reasons that apply across the board.

First, Plaintiff purchased a single product: Florida Crystals Regenerative Organic Raw Cane Sugar. This product is certified USDA Organic. This fact is fatal to Plaintiff's claims because the National Organic Program prohibits preharvest burning to remove excess sugarcane leaves and requires production practices to maintain or improve natural resources, including soil and water.

Second, Plaintiff's claims fail because *reasonable consumers* reading the Challenged Statements would not be misled. To state the obvious, the Challenged Statements say *nothing* about preharvest burning or water quality issues. At most, the Challenged Statements are ambiguous, and reasonable consumers would therefore consult other information on the label, including the statements that the Product is "USDA Organic," "Regenerative Organic Certified," and "Non-GMO Project Verified," which explain what Florida Crystals means by the statements "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil." In addition, the back label, which reasonable consumers would also consult, further explains how Florida Crystals "fight[s] climate change" and "build[s] healthy soil" through regenerative agriculture, including by providing habitats for pollinators and birds. Thus, reasonable consumers would not be misled.

Individual aspects of Plaintiff's FAC also fail for additional reasons. For example, Plaintiff's claims against Defendant Fanjul should be dismissed for lack of personal jurisdiction and because Plaintiff's allegation that Florida Crystals is the "alter ego" of Fanjul is meritless. Plaintiff's equitable claims should be dismissed because she has not alleged facts showing she lacks an adequate remedy at law. Plaintiff's request for injunctive relief should be dismissed for lack of Article III standing. Finally, Plaintiff's claim for punitive damages should be dismissed because none of the claims under which she seeks punitive damages provide for that relief.

Faegre Drinker Biddle &
Reath LLP
Attorneys at Law
Los Angeles, CA

Defendants' Notice of Motion to
Dismiss the First Amended Complaint;          - 1 -          Case No. 5:25-CV-02264-SVK
Memorandum In Support Thereof

Defendants made the same dismissal arguments against the original Complaint. After seeing that motion, Plaintiff filed her FAC but did not allege any additional facts that affect Defendants' arguments—because she cannot. The Court should thus dismiss the FAC with prejudice.

### STATEMENT OF FACTS

**A.    The Parties**

Plaintiff Macy Merrell is a resident of Santa Cruz, California. (FAC ¶ 29a.)

Florida Crystals is a Delaware corporation headquartered in West Palm Beach, Florida. (*See id.* ¶ 31.) Plaintiff alleges that Florida Crystals is engaged in "manufacturing, marketing, and selling cane sugar" and "owns or co-owns other companies." (*Id.* ¶ 31.)

Fanjul is a Florida corporation headquartered in West Palm Beach, Florida. (*See id.* ¶ 32.) Fanjul is the parent corporation of Florida Crystals. (*Id.*)

**B.    Plaintiff's First Amended Complaint**

Plaintiff's FAC is nearly identical to the original Complaint. In short, Plaintiff added information-and-belief allegations that (1) Florida Crystals is a mere alter ego of Fanjul (*Id.* ¶¶ 35-39); and (2) Florida Crystals does not "source all of the sugar sold … as Regenerative Organic Certified Products from Defendants' [Florida] organic fields." (*Id.* ¶ 45 n.19.)[1] Otherwise, the substance of Plaintiff's claim remains the same: she challenges the use of the label statements "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil," together with green-dominated packaging (the "Challenged Statements"), on certain Florida Crystals sugar products (the "Products").[2] (FAC ¶¶ 6, 17, 19.) Plaintiff claims that consumers read the Challenged Statements along with the green packaging to imply "that the Products—and the

---

[1] The FAC also added an allegation about notice necessary to state a CLRA damages claim (FAC ¶ 129), which Defendants are not challenging in this motion.

[2] Plaintiff purports to challenge eight of Florida Crystals' Regenerative Organic Certified and specialty raw cane sugar products: (1) Florida Crystals Regenerative Organic Raw Cane Sugar; (2) Florida Crystals Regenerative Organic Light Brown Sugar; (3) Florida Crystals Regenerative Organic Powdered Sugar; (4) Florida Crystals Organic Cane Sugar; (5) Florida Crystals Turbinado Cane Sugar; (6) Florida Crystals Raw Cane Sugar; (7) Baker's Collection of Regenerative Organic Sugars; and (8) Florida Crystals Regenerative Organic Powdered Sugar. (*Id.* ¶ 17, n.1.) But she alleges she purchased only one product: Florida Crystals Regenerative Organic Cane Sugar (the "Product"). Defendants therefore focus their arguments on the Product. Because Plaintiff has no legally or factually viable claim against that product, she cannot challenge the labeling of any unpurchased Products.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 2 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1  methods through which Defendants produced them—are beneficial to the Earth's natural

2  environments, help combat climate change through a net reduction in the greenhouse gases that

3  cause climate change, and build healthy soils." (*Id*. ¶ 19.)

4      Plaintiff's primary argument is that the Challenged Statements are misleading because

5  Florida Crystals allegedly burns its sugarcane fields to remove excess sugarcane material before

6  harvest, as opposed to "available green methods like slashing." (*Id*. ¶ 8.) Plaintiff alleges that

7  preharvest burning "emit[s] substantial volumes of unnecessary greenhouse gases that contribute

8  to climate change as well as toxic particulate matter (PM2.5), dioxins, carbon monoxide, ammonia,

9  elemental carbon, and volatile organic compounds." (*Id*.)

10     Plaintiff also alleges a secondary theory that one of the Challenged Statements—"Farming

11  to Help Save the Planet"—is misleading because Florida Crystals' operations allegedly have

12  negative impacts on water quality. (*Id*. ¶ 11.) Specifically, Plaintiff alleges that "Defendants have

13  harmed the region's aquatic environments by severely disrupting the region's hydrology and

14  aquatic ecosystems through Florida Crystals' occupation of hundreds of thousands of acres of land

15  that historically composed the northern reaches of the Everglades." (*Id*. ¶ 66.)

16     Based on these allegations, Plaintiff asserts five claims: (1) violation of California's False

17  Advertising Law ("FAL"); (2) violation of California's Consumer Legal Remedies Act ("CLRA");

18  (3) violation of California's Unfair Competition Law ("UCL"); (4) Breach of Warranty; and (5)

19  Unjust Enrichment/Restitution. Plaintiff purports to bring these claims on behalf of a nationwide

20  class and a California state subclass. (*Id*. ¶ 93.)

21     **C.    Plaintiff's Purchases**

22     Plaintiff purports to challenge eight products but admits she **purchased only one**: Florida

23  Crystals Regenerative Organic Raw Cane Sugar (the "Product").[3] (*Id*. ¶ 29b.) Plaintiff alleges she

24  purchased this Product "on several occasions between approximately September 2021 and August

25  2024" and "in making her purchases," she read the Challenged Statements, which led her to believe

26  "the farming and manufacture of the Products was helping rather than harming the planet." (*Id*. ¶¶

27

28  [3] Florida Crystals is submitting an image of the front and back labels of the Product as an exhibit
   to the Declaration of Tyler Young ("Young Decl.").

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF          - 3 -          Case No. 5:25-CV-02264-SVK

1    29b-c.)

2         The first problem with Plaintiff's account is that the Challenged Statements did not appear

3    on the Product's label until June 2023—years after she alleges she began purchasing it. Florida

4    Crystals is submitting copies of the historical labels of the Products confirming this. (*See*

5    Declaration of Tyler A. Young ("Young Decl.") ¶¶ 4-18 & Exs. B-P.) This fact is also apparent

6    from the Florida Crystals press release Plaintiff relies on to suggest the Challenged Statements are

7    part of Defendants' alleged "greenwashing" campaign. (*See* FAC ¶ 18 n.2.) Florida Crystals is also

8    submitting a copy of the press release (*see* Young Decl. ¶ 3, Ex. A), which the Court can consider

9    in deciding this motion to dismiss. *See McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL

10   405816, at *2 (N.D. Cal. Feb. 2, 2021) (van Keulen, J.) ("A defendant can seek to incorporate a

11   document into the complaint if the plaintiff refers extensively to the document or the document

12   forms the basis of the plaintiff's claim.") (quotation omitted); *see also Knievel v. ESPN*, 393 F.3d

13   1068, 1076-77 (9th Cir. 2005) (incorporation by reference applies where "plaintiff's claim depends

14   on the contents of a document, the defendant attaches the document to its motion to dismiss, and

15   the parties do not dispute the authenticity of the document"). As the press release shows, the labels

16   introduced in 2021 do *not* include either of the Challenged Statements. Instead, for example, in the

17   portion of the label where the Challenged Statements appear in the later version of the Product

18   Plaintiff purchased, the 2021 label says, "minimally processed – unrefined" and "from organic

19   sugarcane." (Young Decl. ¶ 5, Ex. C.) Thus, Plaintiff bought the Product for years for reasons

20   totally unrelated to the Challenged Statements.

21        **D.    The National Organic Program's Requirements**

22        The next problem with Plaintiff's claims is that the Product she purchased is organic, which

23   means that it was ***not*** subject to preharvest burning and did not negatively impact surrounding

24   natural resources. The products sold under Florida Crystals' Regenerative Organic Certified®

25   brand are each USDA Organic, Non-GMO Project Verified, and Regenerative Organic Certified.

26   As the back label of the products discloses, these products were "Certified Organic by Quality

27   Assurance International." (Young Decl. ¶¶ 6, 9, 12; Exs. D, G, J.)

28        For a product to be labeled and sold as "organic," the product must comply with the Organic

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 4 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1   Food Production Act ("OFPA") and its implementing regulations, known as the National Organic

2   Program ("NOP"). 7 C.F.R. § 205.400. To ensure compliance with the NOP, certifying agents

3   conduct yearly on-site inspections and may conduct additional unannounced inspections at any

4   time. 7 C.F.R. § 205.403. Only products that have been certified by a USDA-accredited certifying

5   agent may bear the USDA Organic seal. 7 C.F.R. § 205.100.

6        Generally, any production practice used under the NOP "must maintain or improve the

7   natural resources of the operation, including soil and water quality." 7 C.F.R. § 205.200. The NOP

8   prohibits burning to dispose of plant residue, including the kind of preharvest burning to which

9   Plaintiff objects. 7 C.F.R. § 205.203(e)(3). Similarly, the NOP regulates the types of substances

10  that organic producers may use and requires organic producers to manage nutrients and soil

11  amendment systems to "maintain or improve soil organic matter content in a manner that does not

12  contribute to contamination of crops, soil, or water." 7 C.F.R. § 205.203(d).

13                              **LEGAL STANDARDS**

14       To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual

15  matter, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic*

16  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts

17  amounting to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

18  *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court must draw all reasonable

19  inferences in the plaintiff's favor, the court "need not accept as true 'allegations that are merely

20  conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Ryan v. Starco Brands,*

21  *Inc.*, No. 24-CV-00642-SVK, 2024 WL 5102651, at *3 (N.D. Cal. Apr. 19, 2024) (van Keulen, J.)

22  (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)). Therefore, a

23  court should not "assume the truth of legal conclusions merely because they are cast in the form of

24  factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).

25       Rule 9(b) imposes a heightened pleading standard for claims that are "grounded in fraud"

26  or "sound in fraud." *Pargett v. Wal-Mart Stores, Inc.*, No. EDCV192157JGBSPX, 2020 WL

27  5028317, at * 2 (C.D. Cal. Apr. 10, 2020) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

28  1103 (9th Cir. 2003)); *see* Fed. R. Civ. P. 9(b). To satisfy this burden, the plaintiff must allege the

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 5 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

"who, what, when, where, and how of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." *TopDevz, LLC v. LinkedIn Corp.*, No. 20-CV-08324-SVK, 2021 WL 3373914, at *2 (N.D. Cal. Aug. 3, 2021) (van Keulen, J.) (quotations and citations omitted). Before alleging fraud, a plaintiff must "conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ryan*, 2024 WL 5102651, at *5 (quoting *Yastrab v. Apple Inc*., No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015)). Allegations of fraud under the CLRA, UCL, and FAL must satisfy the heightened pleading standard of Rule 9(b). *See Ryan*, 2024 WL 5102651, at *4-5 (analyzing CLRA, FAL, and UCL claims involving alcohol-infused whipped cream allegedly misrepresented as "Dairy-Free" under Rule 9(b)).

## ARGUMENT

### I.    Plaintiff's claims against Fanjul should be dismissed.

Fanjul is not involved in the production or marketing of the products involved or conduct alleged. Defendants told Plaintiff as much both at the initial Rule 26 conference and in their prior motion to dismiss. Yet Plaintiff continues to rely on improper group pleading to rope Fanjul into this lawsuit and now adds baseless allegations that Florida Crystals is the "alter-ego" of Fanjul. Plaintiff's claims against Fanjul should be dismissed because (A) the Court lacks personal jurisdiction over Fanjul, and (B) Plaintiff has not pleaded any viable claims against Fanjul.

### A.    The Court lacks personal jurisdiction over Fanjul.

The Court should dismiss Plaintiff's claims against Fanjul for lack of personal jurisdiction. When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the initial burden of establishing that personal jurisdiction is proper. *Corcoran v. CVS Health Corp*., 169 F. Supp. 3d 970, 979 (N.D. Cal. 2016). Personal jurisdiction over an out-of-state defendant is consistent with due process only if the defendant has (1) "a continuous and systematic presence in the state" (*i.e.*, general jurisdiction), or (2) "minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice" (*i.e.*, specific jurisdiction). *Almeida v. W. Digital Corp.*, No. 20-CV-04735-RS, 2021 WL 4441991, at *3 (N.D. Cal. June 25, 2021) (quotation omitted). On a motion to dismiss for lack of personal

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 6 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1    jurisdiction, plaintiff's allegations must be accepted as true, but "the plaintiff cannot simply rest on

2    the bare allegations of its complaint." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797,

3    800 (9th Cir. 2004) (quotation omitted).

4         The Court does not have *general* jurisdiction over Fanjul because it is not "at home" in

5    California. *Johnson v. UBS AG*, 860 F. App'x 531, 532 (9th Cir. 2021). Fanjul is a Florida

6    corporation with a principal place of business in Florida. (FAC ¶ 32.) *See Daimler AG v. Bauman*,

7    571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal

8    place of business are paradigm bases for general jurisdiction.") (quotation and citation omitted).

9    Plaintiff pleads no facts indicating Fanjul has a "continuous and systematic" presence in California

10   such that it is "essentially at home" there. *Daimler AG*, 571 U.S. at 139 (quotation and citation

11   omitted). Plaintiff makes only generalized allegations about Defendants *collectively* (FAC ¶¶ 33-

12   34), and alleges the bare legal conclusion that "Defendants have substantial contacts with and

13   receive substantial benefits and income from and through the state of California." (*Id.* ¶ 33.) Even

14   if this group pleading were acceptable, such "slim contacts with [California] hardly render [Fanjul]

15   at home there." *Daimler AG*, 571 U.S. at 138; *see Broidy Cap. Mgmt., LLC v. Qatar*, No. CV 18-

16   2421-JFW, 2018 WL 9943551, at *9 (C.D. Cal. Aug. 22, 2018) ("group pleading and conclusory

17   allegations . . . are insufficient to establish personal jurisdiction").

18        Likewise, the Court lacks *specific* jurisdiction because Plaintiff has not established that her

19   claims arise from conduct by Fanjul, let alone conduct it targeted towards California. Plaintiff bears

20   the burden of establishing that (1) defendant "purposefully direct[ed] his activities or

21   consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by

22   which he purposefully avail[ed] himself of the privilege of conducting activities in the forum,

23   thereby invoking the benefits and protections of its laws"; and (2) "the claim must be one which

24   arises out of or relates to the defendant's forum-related activities." *Corcoran*, 169 F. Supp. 3d at

25   979. Plaintiff does not allege what, if any, specific contacts Fanjul has with California. To the

26   contrary, the FAC alleges that **Florida Crystals** "manufacture[s], market[s], and sell[s]" the

27

28

Products."[4] (FAC ¶¶ 31, 32.) Thus, Plaintiff "provide[s] no allegations or evidence to support an assertion that [Fanjul] had any 'direct involvement in the scheme alleged in the [FAC]' as would be required for a finding that [Fanjul] is subject to the specific jurisdiction of this Court." *See Corcoran*, 169 F. Supp. 3d at 979. And she cannot do so given that Fanjul does not have such involvement.

### B.    Plaintiff has not pleaded any actionable claims against Fanjul.

Plaintiff's claims against Fanjul also fail because the FAC is devoid of allegations that would justify it being held liable for the actions of Florida Crystals. "[C]orporate separateness insulates a parent corporation from liability created by its subsidiary." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). Under this principle, "[a] parent company is not generally liable for the actions of its subsidiaries, unless the parent functions as an alter ego to the subsidiary, or the parent company directly participated in the wrongful conduct." *Bland v. Sequel Nat. Ltd*., No. 18-CV-04767-RS, 2019 WL 4658361, at *5 (N.D. Cal. Jan. 18, 2019) (internal citations omitted) ("[B]are assertion that [parent company] took part in the marketing and labeling of its subsidiary's products, without more, is insufficient to establish liability."). Neither situation is present here.

First, the FAC is void of any factual allegations tying Fanjul to the products. Plaintiff does not allege that Fanjul grows, harvests, processes, markets, distributes, or sells the products. Nor does Plaintiff allege Fanjul had any role in deciding to use the Challenged Statements. Plaintiff thus fails to plead that Fanjul participated in the alleged wrongful conduct. *See In re Baby Food Prods. Liab. Litig*., No. 24-MD-03101-JSC, 2025 WL 986959, at *13-14 (N.D. Cal. Apr. 2, 2025) (dismissing claims against both parent companies where plaintiff's allegations were "conclusory" and parents' activities were "within the realm of conventional parent oversight"); *see also In re Frito-Lay N. Am., Inc. All Nat. Litig*., No. 12-MD-2413, 2013 WL 4647512, *6 (E.D.N.Y. Aug. 29, 2013) (dismissing claims against parent company where "[a]ll that [plaintiff's] allegations show,

---

[4] Plaintiff alleges that Defendants collectively "promoted, marketed, and sold the Products at issue throughout the United States" (FAC ¶ 34), but Plaintiff does not allege any specific facts about Fanjul. This sort of group pleading is insufficient to establish personal jurisdiction. *See Broidy Cap. Mgmt., LLC*, 2018 WL 9943551, at *9; *Skurkis v. Montelongo*, No. 16-CV-0972, 2016 WL 4719271, at *4 (N.D. Cal. Sept. 9, 2016) ("[T]he Court must determine whether plaintiffs have made a *prima facie* case of personal jurisdiction as to each defendant based on *each* defendant's *own* contacts with California.").

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF      - 8 -      Case No. 5:25-CV-02264-SVK

1  rather, is that [defendant] was acting as a parent company, 'who necessarily exercises a

2  considerable degree of control over the subsidiary corporation'") (citation omitted).

3      Second, Plaintiff fails to plausibly allege that Florida Crystals and Fanjul operate as

4  anything "more than a normal parent-subsidiary relationship" that would justify liability under an

5  "alter ego" theory. *Hansen Beverage Co. v. Nat'l Beverage Corp*., No. CV 06-5470, 2006 WL

6  8445752, at *1 (C.D. Cal. Dec. 12, 2006); *see Ranza*, 793 F.3d at 1070 ("The existence of a parent-

7  subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a

8  forum state to another."). "The alter ego theory of liability 'is an extreme remedy, sparingly used.'"

9  *Theodorakis v. DFINITY Stiftung*, No. 23-CV-02280, 2025 WL 822978, at *4 (N.D. Cal. Mar. 14,

10  2025) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (Cal. Ct. App.

11  2000)).

12      "In narrow circumstances," courts will find that a corporation is the alter ego of another

13  when plaintiff shows (1) there is a unity of interest and ownership between the corporations such

14  that their separate personalities do not exist and (2) treating the corporations as separate entities

15  would result in fraud or injustice.[5] *Corcoran*, 169 F. Supp. 3d at 983-84 (dismissing parent

16  company even where the two companies shared executives and directors and the parent company

17  was involved in certain business decisions). "Conclusory allegations of 'alter ego' status are

18  insufficient to state a claim." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (quoting

19  *Neilson v. Union Bank of Cal*., *N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)). Instead, "a

20  plaintiff must allege specifically both elements of alter ego liability, as well as facts supporting

21  each." *Dutrisac v. STMicroelectronics, Inc*., No. 23-CV-06639-BLF, 2024 WL 3646949, at *6-7

22  (N.D. Cal. Aug. 2, 2024) (dismissing parent company where plaintiff's "allegations are conclusory

23  and without factual support").

24      Courts assessing whether a "unity of interest" exists under the first prong of the alter-ego

25  analysis generally consider nine factors.[6] Here, Plaintiff alleges that Fanjul and Florida Crystals

---

26  [5] "Where a plaintiff fails to satisfy the 'unity of interest' prong, a court need not analyze the 'fraud or injustice' prong." *Dutrisac*, 2024 WL 3646949, at *8 (citation omitted).

27  [6] Courts considering the "unity of interest" prong assess the following factors: "(1) inadequate capitalization, (2) commingling of funds and other assets, (3) disregard of corporate formalities and

28  failure to maintain an arm's length relationship, (4) holding out by one entity that is liable to the

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 9 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

share a principal place of business, and she provides the names of a handful of corporate officers and directors that the two companies share. (See FAC ¶¶ 36, 37.) Even if these conclusory allegations established factors six and nine, showing two of the nine factors is insufficient to establish alter ego liability.[7] *See Reynolds v. Binance Holdings Ltd*., 481 F. Supp. 3d 997, 1007 (N.D. Cal. 2020) ("A plaintiff's failure to discuss a unity of interest factor weighs against the finding of alter ego liability.") *see also Stewart v. Screen Gems-EMI Music, Inc*., 81 F. Supp. 3d 938, 955-56 (N.D. Cal. 2015) (evidence of three factors "even when considered together, are not sufficient to support a finding of unity of interest"). Plaintiff's allegations are particularly unpersuasive in light of the Ninth Circuit's recognition that "total ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073; *see also Stewart*, 81 F. Supp. 3d at 956 ("[C]ommon ownership is not dispositive.").

Plaintiff's remaining allegations are baseless and conclusory, and thus, entitled to no weight. *Skurkis*, 2016 WL 4719271, at *4-5 (plaintiff's "conclusory allegations" addressing three unity of interest factors were "legally insufficient"). Plaintiff asserts that "Florida Crystals has not and does not operate independently of Fanjul [Corp.], nor are transactions between Defendants conducted at arm's length." (FAC ¶ 38.) This allegation merely recites a factor of the "unity of interest" analysis, and the Court need not accept such legal conclusions. *See Payoda, Inc. v. Photon Infotech, Inc.*, No. 14-CV-04103-BLF, 2015 WL 4593911, at *3-4 (N.D. Cal. July 30, 2015). Additionally, without providing any factual support, Plaintiff blanketly asserts that "Fanjul [Corp.] dictates every meaningful facet of Florida Crystals' business, including contributing to broad policy decisions and day-to-day management of Florida Crystals' sugar production operations." (FAC ¶ 38.) This allegation is exactly the type of "conclusory allegation" that is insufficient to support an alter ego theory. *See Reynolds*, 481 F. Supp. 3d at 1005 ("To sufficiently allege a theory of alter ego, however, a plaintiff must offer more than labels and conclusions[.]").

---

debts of the other, (5) identical equitable ownership, (6) use of the same offices and employees, (7) lack of segregation of corporate records, (8) manipulating assets between entities so as to concentrate the assets in one and the liabilities in another, and (9) identical directors and officers." *Dutrisac*, 2024 WL 3646949, at *6.

[7] Defendants do not believe that Plaintiff can or does establish either factor, especially not factor nine because, as publicly available filings show, Defendants do not have identical directors and officers.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF     - 10 -     Case No. 5:25-CV-02264-SVK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Even if it were true—and it is not—that Fanjul has some role in Florida Crystals' sugar production operations, Plaintiff has not provided any *facts* that Fanjul and Florida Crystals do not observe separate corporate formalities. *See Chubchai v. AbbVie, Inc.*, 599 F. Supp. 3d 866, 875 (N.D. Cal. 2022) ("Nor can the first prong be met by only showing an active parent corporation involved directly in decision-making about its subsidiaries holdings where the corporations observe all of the corporate formalities necessary to maintain corporate separateness.") (citation omitted). Accordingly, Plaintiff's claims against Fanjul should be dismissed.

## II.    Plaintiff's FAC should be dismissed because the production practices to which she objects do not apply to the sole Product she purchased.

As explained above, Plaintiff's claims against the Challenged Statements are premised on two alleged environmental issues: (1) harm to air quality from preharvest burning of sugarcane, and (2) pollution or other harm to local water sources. (*See supra* at pp. 2-3.) Even after an opportunity to amend, Plaintiff fails to allege facts showing that the Product she purchased can or did cause or contribute to these alleged issues. As to her claims premised on preharvest burning, that production practice *cannot* be used for the Product she purchased and alleges to have been misled by. As to her claims premised on water pollution, Plaintiff alleges no facts tying her generalized criticisms of "Big Sugar" to Florida Crystals, much less the Product she purchased.

Plaintiff's continued failure to tie her complaints about "Big Sugar" to Florida Crystals, much less the Product she purchased, along with her failure to acknowledge the NOP's requirements for USDA Organic products, suggests a wholesale failure to conduct the kind of pre-suit investigation required before asserting claims of fraud. This conduct should not be rewarded.

### A.    Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning.

Plaintiff's primary claim is that the Challenged Statements are misleading because Florida Crystals uses preharvest burning to produce sugar products. (*See* FAC ¶¶ 1, 8.) But this claim has a fatal flaw: the sole Product that Plaintiff alleges she purchased is certified USDA Organic (*see id*. ¶ 29b), and the NOP prohibits the use of preharvest burning of USDA Organic products. Thus, Plaintiff cannot show that the Challenged Statements on the Product she purchased misled her about

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 11 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

the use of preharvest burning because *there was no burning used in the production of the Product.*

Taking a step back, Plaintiff alleges *no facts* supporting her belief that *the Product she purchased* was produced with preharvest burning. This alone is fatal to her claims premised on Defendants' alleged use of preharvest burning. *See Ryan*, 2024 WL 5102651, at *5 (dismissing CLRA, FAL, and UCL claims where "the Court cannot conclude that [p]laintiff's assertion of fraud 'is responsible and supported'" because plaintiff failed to allege how he determined the label was false); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (noting that Rule 9(b) imposes a heightened standard "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis"). Instead of alleging specific facts about the Product she purchased, Plaintiff continues to speculate generically, despite receiving clarification from Defendants' counsel after filing her Complaint, about "Defendants' harmful practice of burning sugarcane before harvest," (FAC ¶ 8) and "Defendants' choice to systemically conduct pre-harvest cane burns." (*Id.* ¶ 21.)

In fact, Plaintiff *could not* plausibly allege the Product she purchased was produced using preharvest burning because it was a USDA Organic product.[8] The front label prominently displays the "USDA Organic" seal, and the back label states "Certified Organic by Quality Assurances International." (FAC ¶ 19.) Notably, Plaintiff does not dispute the fact that the Product is organic. Nor does she allege that Florida Crystals is violating the NOP's requirements. In short, there is no dispute that the Product Plaintiff purchased is USDA Organic and complies with the NOP. *See Brown v. Danone N. Am., LLC*, No. 17-CV-07325-JST, 2018 WL 2021340, at *2 (N.D. Cal. May 1, 2018) ("Only certified organic products may bear the USDA organic logo."). Thus, Plaintiff's allegations cannot support her claims.

Attempting to avoid this fatal defect in her claims, Plaintiff added a footnote to the FAC

---

[8] Plaintiff's footnote regarding the amount of Florida Crystals' organic acres in relation to conventional acres is irrelevant because the sole Product she purchased was USDA Organic. (*See* FAC ¶ 45, n.19.)

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 12 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

asserting "on information and belief" that Defendants "do not source all of the sugar sold to consumers in the United States as Regenerative Organic Certified Products from Defendants' EAA organic fields." (FAC ¶ 45, n.19.) This tactic fails for several reasons. **First,** this new information-and-belief allegation is belied by the labels of the organic products, each of which says it was "Grown in the U.S." (*See* Young Decl. ¶¶ 6, 9, 12 & Exs. D, G, J) Plaintiff has not alleged that these origin statements are false—rather, it appears that she did not even perform the basic diligence of reviewing the Product label in full before lodging "defamatory and extortionate" allegations of fraud. *Ryan*, 2024 WL 5102651, at *5. **Second**, the NOP's requirements for organic sugar products apply regardless of where the sugar is grown and harvested. Thus, even if some of the sugar sold in Florida Crystals' organic products was grown and harvested outside the United States—to be clear, it is not—it would not affect the analysis. Because the Product Plaintiff purchased is certified USDA Organic—a certification Plaintiff does not challenge—the Product she purchased could not have been produced in the way she alleges, and her claims fail as a matter of law. *See Pargett*, 2020 WL 5028317, at *4 (dismissing claims where plaintiff's allegations were "fundamentally contradicted" by Energy Star's processes and standards).

### B.    Plaintiff's claims premised on water pollution should be dismissed because they are not pleaded with sufficient particularity.

Plaintiff also claims that one of the Challenged Statements, "Farming to Help Save the Planet," is misleading based on vague, generalized allegations about "water issues." The FAC still devotes only a few paragraphs to water quality and, again, utterly fails to connect any of those allegations to Florida Crystals' production practices, much less the practices used to produce the specific USDA Organic product she purchased. (FAC ¶¶ 66-70.) Accordingly, these allegations do not "nudge[] her claims across the line from conceivable to plausible." *See Arroyo v. Pfizer, Inc*., No. C-12-4030 EMC, 2013 WL 415607, at *4, 6 (N.D. Cal. Jan. 31, 2013) (collecting cases).

Plaintiff's water-related allegations remain far too generalized to state a claim—much less to satisfy the particularity standard under Rule 9(b). Many of Plaintiff's allegations amorphously reference "Big Sugar." To begin, Plaintiff speculates that "*[a]long with Big Sugar co-leader U.S. Sugar Corporation*," Florida Crystals harmed the South Florida region's aquatic environments "by

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 13 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1  severely disrupting the region's hydrology and aquatic ecosystems." (FAC ¶ 66.) (emphasis added)

2  Then, Plaintiff alleges "*Big Sugar's pollution* disrupts the ecosystems of local waterways" and

3  attributes the redirection of Lake Okeechobee waters "to *Big Sugar's success* in securing priority

4  rights to stormwater treatment areas." (*Id*. ¶ 67.) (emphasis added) Finally, Plaintiff alleges that "as

5  one of the largest landholders," Florida Crystals "plays *a leading role in Big Sugar's disruption* of

6  the natural southward flow of the 'River of Grass.'" (*Id*. ¶ 68.) (emphasis added) These conclusory

7  and nonspecific allegations are insufficient under any pleading standard but are certainly not

8  "specific enough to [notify the defendants] of the particular misconduct [constituting fraud]." *See*

9  *Ryan*, 2024 WL 5102651, at *3 (alteration in original). Accordingly, Plaintiff fails to meet her

10  pleading burden, and her claims must fail.

11      To the extent Plaintiff grounds her allegations in Florida Crystals' land ownership, these

12  allegations are irrelevant to whether the Product she purchased "help[s] save the planet." To state

13  a claim, Plaintiff must allege facts specific to the product she purchased. *See Arroyo*, 2013 WL

14  415607, at *6 (dismissing UCL, FAL, and CLRA claims where plaintiff "failed to 'raise [her] right

15  to relief above the speculative level'") (alteration in original); *see also Myers v. Starbucks Corp*.,

16  No. EDCV 20-00335-CJC, 2020 WL 13302437, *5-6 (C.D. Cal. July 29, 2020) (granting dismissal

17  where plaintiff's data "concerns [defendant's] company-wide cocoa supply" instead of the product

18  at issue and plaintiff relied on "generalized allegations about industry-wide problems"). Plaintiff

19  does not plead any facts tying her allegations, and certainly not her purchases, to any of Florida

20  Crystals' farming practices used to produce the Product she purchased. Nor could she plausibly do

21  so because the Product is USDA Organic, and one of the tenets of organic production is to "maintain

22  or improve the natural resources of the operation, *including* soil and *water quality*." 7 C.F.R. §

23  205.200 (emphasis added).

24      Absent any plausible allegations against the only Product she purchased, Plaintiff's entire

25  FAC must be dismissed.

26

27

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF           - 14 -           Case No. 5:25-CV-02264-SVK

### III.    Plaintiff's statutory claims fail because she has not plausibly alleged that reasonable consumers would be deceived by the Challenged Statements.

Plaintiff alleges no facts suggesting that *reasonable consumers* would ignore context and interpret the Product label in the way she claims she did. Rather than leaping to conclusions, reasonable consumers seeking to understand the Challenged Statements, which are at most ambiguous, would consult the other information on the Product, which explains exactly what Florida Crystals means when it says it is "Farming to Help Save the Planet" and "help[ing] fight climate change & build healthy soil."

Plaintiff's inability to plausibly allege facts suggesting reasonable consumers would be deceived is unsurprising. Indeed, Plaintiff bought the product **for years** before the Challenged Statements appeared, which belies her claim that she bought the Product in reliance on the Challenged Statements. (*See supra* at 4-5.) *See Clark v. Hershey Co*., No. 18-CV-06113 WHA, 2019 WL 6050763, at *3-4 (N.D. Cal. Nov. 15, 2019) (finding no reliance where one plaintiff "only claim[ed] reliance when he first bought the product, before the label was even present" and another based her injury on "an initial misunderstanding when the label was not even present").

### A.    Plaintiff's statutory claims are governed by the reasonable consumer standard.

To state a claim under the CLRA, UCL, or FAL, "the plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer." *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA, 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015); *see also Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 873 (N.D. Cal. 2012) ("The 'reasonable consumer' test governs false advertising and unfair or fraudulent business practice claims under the UCL, FAL, or CLRA."). This is an objective standard that the Court may decide as a matter of law. *Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL 3023493, at *3 (N.D. Cal. June 18, 2018); *Videtto v. Kellogg USA*, No. 2:08CV01324-MCEADAD, 2009 WL 1439086, at *2 (E.D. Cal. May 21, 2009) ("Primary evidence in a false advertising case is the advertising itself.").

The reasonable consumer test requires a plaintiff to "plead facts showing that a 'significant portion of the general consuming public…acting reasonably in the circumstances, could be misled.'" *Freeman v. Indochino Apparel, Inc*., 443 F. Supp. 3d 1107, 1111 (N.D. Cal. 2020)

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 15 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Plaintiff must allege

2 "more than a mere possibility" that the label "'might conceivably be misunderstood by some few

3 consumers viewing it in an unreasonable manner.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d

4 1225, 1228 (9th Cir. 2019) (quoting *Lavie*, 105 Cal. App. 4th at 508).

5        When, as here, "a [c]ourt can conclude as a matter of law that members of the public are

6 not likely to be deceived," dismissal is appropriate. *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d

7 973, 978 (C.D. Cal. 2013). Courts regularly grant motions to dismiss where the alleged deception

8 is based on an unreasonable or implausible interpretation of a product label. *See Moore v. Trader

9 Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (dismissal is warranted "where plaintiffs base

10 deceptive advertising claims on unreasonable or fanciful interpretations of labels"); *Myers-Taylor

11 v. Ornua Foods N. Am., Inc.*, No. 3:18-CV-01538-H-MDD, 2019 WL 424703, at *4 (S.D. Cal. Feb.

12 4, 2019) (statements that butter was made with "Milk From Grass-Fed Cows" and "Natural" would

13 not lead reasonable consumers to believe the cows were 100% grass-fed).

14        **B.    Reasonable consumers would not be deceived by the Challenged Statements.**

15        Plaintiff alleges that "Farming to Help Save the Planet" and "Our farms help fight climate

16 change & build healthy soils" would cause a reasonable consumer to believe that "Defendants farm,

17 harvest, and process their sugar Products in the most eco-friendly manners possible" (FAC ¶ 80)

18 and that "the Products—and the methods through which Defendants produced them—are beneficial

19 to the Earth's natural environments, help combat climate change through a net reduction in the

20 greenhouse gases that cause climate change, and build healthy soils." (*Id.* ¶ 19.) Plaintiff also claims

21 that the Challenged Statements caused her to believe that Defendants did not engage "in pre-harvest

22 cane-burning" or "contribute[] to South Florida's water issues." (*Id.* ¶ 29d.)

23        Reasonable consumers reading the Challenged Statements would not interpret them in the

24 unreasonable way Plaintiff claims she does. Nor would reasonable consumers ignore the context in

25 which the Challenged Statements are made. Reading the Challenged Statements in the context of

26 the label as a whole, reasonable consumers would understand that the Product is made from farms

27 that "help fight climate change" and "build healthy soils" because they are Regenerative Organic

28 Certified®, Non-GMO Project Verified, and USDA Organic—all of which is true and undisputed.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 16 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

### 1.    Reasonable consumers would not interpret the Challenged Statements in the way Plaintiff alleges.

Plaintiff's FAC is based on a series of unwarranted leaps and misinterpretations of the Product's label. Reasonable consumers, reading the Challenged Statements in context and applying common sense, would not read the Product's label in the same way, and thus would not be misled.

Plaintiff attempts to challenge global, sweeping statements that the Product's label does not make. For example, Plaintiff alleges "reasonable consumers are led to believe that Defendants farm, harvest, and process their sugar Products in the most eco-friendly manners possible." (*Id.* ¶ 80.) But the Product's label says *nothing of the sort*, and attacking this strawman cannot state a claim. *Miller v. Philips N. Am. LLC*, No. 24-CV-03781-RFL, 2025 WL 582160, at *2 (N.D. Cal. Feb. 20, 2025) ("Representations must be analyzed according to what they 'actually say,' and not based on their 'implied meaning."); *Andrade-Heymsfield v. Danone US, Inc.*, No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *2, *7, *9 (S.D. Cal. Aug. 14, 2019) ("[A]llegations of deception must be assessed according to what the advertisement or label depicts and actually says, and not allegations of implied meaning."). The Challenged Statements do not promise an agricultural operation that embodies Plaintiff's subjective belief as to the most environmentally supportive production practices, and Plaintiff's claims based on that false expectation fail. *See Myers*, 2020 WL 13302437, at *2, *4-5 (dismissing claims against granola bars labeled "supports sustainably sourced cocoa through Cocoa Horizons" where "no reasonable consumer could interpret [the] label as a promise to eliminate unethical practices from its supply chain").

Plaintiff's specific interpretations of the Challenged Statements are equally implausible. For example, Plaintiff alleges the Challenged Statements mean that the Product produces "a net reduction in the greenhouse gases that cause climate change." (FAC ¶ 19.) But again, the Product's label makes no such statement. The Product says that "farms help fight climate change," not that the Product's production results in a *net reduction* in greenhouse gases. And again, Plaintiff cannot base claims on statements the label does not make. *See Miller*, 2025 WL 582160, at * 2 (BPA Free "cannot be extrapolated to imply that the [p]roducts are devoid of *all* harmful plastic byproducts").

Plaintiff also claims she understood the label to mean that the Product was produced without

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 17 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

preharvest burning and without contributing to "water issues." Once again, the problem with this theory is that the Product says *nothing* about specific harvesting techniques or water quality issues. *See Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. 2021) ("A reasonable consumer would not read into the label what is simply not there."). Plaintiff has alleged no *facts* suggesting reasonable consumers would understand the statement "Farming to Help Save the Planet" to mean Florida Crystals does not use specific harvest techniques or that it does not "contribute[] to South Florida's water issues." (FAC. ¶ 29d.) *See West v. Sambazon, Inc*., 750 F. Supp. 3d 356, 372 (S.D.N.Y. 2024) (granting dismissal where plaintiff "has not alleged facts identifying how the words 'fair trade' and the [Fair for Life] certification logo on the [product] label plausibly represent to reasonable consumers a guarantee that [defendant] invariably produced the [product] without unfair labor practices or an individual under the age of eighteen ever entering the [] supply chain"). Nor does Plaintiff's belief that Florida Crystals should use other farming practices render Florida Crystals' truthful statements about its operations misleading. *See Dwyer v. Allbirds, Inc*., 598 F. Supp. 3d 137, 150 (S.D.N.Y. 2022) ("That Plaintiff and PETA believe that Defendant should use a different method of measuring the Product's carbon footprint does not plausibly suggest that what Defendant in fact says is materially misleading.").

In short, Plaintiff's claims are based on an unreasonable implied meaning that Plaintiff wants to give the Challenged Statements, and piling conjecture upon conjecture does not state a plausible claim for relief. *See Myers v. Starbucks Corp*., No. 22-55930, 2024 WL 3102800, at *1 (9th Cir. June 24, 2024) (affirming dismissal where "a significant portion of reasonable chocolate consumers" would not believe "We buy cocoa from Rainforest Alliance Certified™ farms, traceable from the farms into our factory" meant the cocoa beans were produced without child labor and deforestation).

### 2. The Challenged Statements would not mislead reasonable consumers viewing the statements in context.

Plaintiff's reading of the label should also be rejected because it ignores the context in which the Challenged Statements appear. Here, the Challenged Statements are, at most, ambiguous, and thus reasonable consumers would rely on "contextual inferences regarding the product itself and

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT THEREOF                - 18 -                Case No. 5:25-CV-02264-SVK

its packaging" and "would necessarily require more information before they could reasonably conclude" that a particular interpretation is correct. *See Moore*, 4 F.4th at 882-83. Thus, in evaluating whether reasonable consumers would be deceived, the Court should "consider any 'additional information' available to consumers on the packaging." *Brown v. Brita Prods. Co*., No. CV 23-7851-DMG, 2024 WL 4815354, at *4 (C.D. Cal. Sept. 30, 2024) (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097–98 (9th Cir. 2023)). This information can include other statements on the label, common sense, and common knowledge about the product. *Moore*, 4 F.4th at 883; *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Becerra*, 945 F.3d at 1229.

Because reasonable consumers view labels **in context**, they would understand that the Challenged Statements connect directly to the other label statements, indicating that the Product is "Regenerative Organic Certified," "Non-GMO Certified," and "USDA Organic." Read in this context, reasonable consumers would understand that the Product helps fight climate change and builds healthy soil *because* it was produced using USDA Organic and Regenerative Organic practices and made from non-GMO sugarcane. *See Dorris v. Danone Waters of Am.*, No. 22 CIV. 8717, 2024 WL 4792048, at *6 (S.D.N.Y. Nov. 14, 2024) ("Carbon Trust" logo on the back of the product "should have put a reasonable consumer on notice that it meant something about the product in relation to its 'carbon neutral' claim.").

Moreover, the back label provides additional information to consumers about the meaning of the Challenged Statements. *See McGinity*, 69 F.4th at 1099 ("ambiguity can be resolved by reference to the back label"). The back of the Product packaging explains that Florida Crystals helps (1) build healthy soil because it works with "farmers of Regenerative Organic Certified land," (2) fight climate change by pulling "carbon from the air and stor[ing] it in the soil," and (3) save the planet by—in addition to the preceding benefits—supporting "local habitats for pollinators and birds" and thus protecting biodiversity. (Young Decl. ¶ 6, Ex. D.) The back label also features a "How2Recycle label" to assist consumers in recycling the Product, thereby helping to reduce waste and fight climate change. (*Id.*) Plaintiff does not dispute any of these statements or practices.

In this context, it is implausible for Plaintiff to claim that reasonable consumers would understand the Challenged Statements to mean that the Product was made without preharvest

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 19 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

burning or without contributing to "water issues"—topics that are not addressed anywhere on the label—as opposed to understanding that those statements connect to the label's explanation that the Product is "Regenerative Organic Certified," "Non-GMO Certified," "USDA Organic," fights climate change by pulling "carbon from the air and stor[ing] it in the soil," and supports "local habitats for pollinators and birds." (*see* Young Decl. ¶ 6, Ex. D); *see Brown*, 2024 WL 4815354, at *4 (finding "there is plenty of accurate additional information that is readily available to consumers when purchasing" the product such that the label would not deceive a reasonable consumer).

Accordingly, Plaintiff's UCL, CLRA, and FAL claims fail.

**C.    The statement "Farming to Help Save the Planet" is non-actionable puffery.**

Plaintiff claims that the statement "Farming to Help Save the Planet" is misleading to consumers because she alleges that "Big Sugar" harms local water sources. (FAC ¶¶ 66-70.) This claim fails for the independently sufficient reason that this statement is nonactionable puffery. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 555 (N.D. Cal. 2019) ("Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss.").

Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). "[T]he difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008). A statement that is "quantifiable" and makes a claim as to the "specific or absolute characteristics of a product" may be an actionable statement of fact, but a "general, subjective claim" about a product is not. *Id.*; *Weiss v. Trader Joe's Co.*, No. 8:18-CV-01130-JLS-GJS, 2018 WL 6340758, at *4 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom.*, 838 F. App'x 302 (9th Cir. 2021) ("[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.").

"Farming to Help Save the Planet" is just the sort of "generalized, vague and unspecific assertion[]" that no reasonable consumer would rely upon. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). *Myers v. Starbucks Corp.* is instructive on

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 20 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

this point. *Myers*, 2020 WL 13302437, at *4-5. In *Myers*, the court concluded that the statement "[s]upports sustainably sourced cocoa through Cocoa Horizons" on a granola product was non-actionable puffery given the aspirational language and "no reasonable consumer could interpret [defendant's] label as a promise to eliminate unethical practices from its supply chain." *Id*. The same is true here. "Help" is nearly synonymous with "promote" and "support" that the *Myers* court deemed aspirational. *Id*. at *4. No reasonable consumer would interpret "Farming to Help Save the Planet" as a promise to eliminate all potential environmental impacts in the sugarcane production process. *See Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 662, 672-73 (N.D. Ill. 2024) ("committed to sourcing sustainable seafood" is "corporate blather about [defendant's] aspirations" and "cloaked in the type of vague and aspirational language that amounts to mere puffery").

The equivocal language "Help Save" makes no promises as to specific outcomes, practices, or characteristics of the Product and is thus nonactionable puffery. *See People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc*., No. 15-CV-04301, 2016 WL 1642577, at *3 (N.D. Cal. Apr. 26, 2016) ("Great-Tasting Meat From Healthy Animals" and "Raised Right Tastes Right" were not quantifiable, objective statements and therefore not actionable); *Levit v. Nature's Bakery, LLC*, 767 F. Supp. 3d 955, 964 (N.D. Cal. 2025) ("[W]hat we bake in is as important as what we leave out" was an unmeasurable claim "on which no reasonable buyer would rely.").

Because the Challenged Statement "Farming to Help Save the Planet" is not measurable or specific but instead is a general statement on which consumers would not rely to imply that no preharvest burning is used and no water quality was impacted, the claims should be dismissed.

**IV.    Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations.**

Plaintiff's breach of warranty and unjust enrichment claims fail for the same reason her statutory claims fail: Plaintiff has not alleged any actionable misrepresentations by Defendants.

Plaintiff's breach of warranty claim merely repackages her statutory claims (*see* FAC ¶¶ 169-75) and thus fails for the same reasons. *See Weiss*, 2018 WL 6340758, at *8 (dismissing plaintiff's claims for breach of express warranty and implied warranty of merchantability where

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF    - 21 -    Case No. 5:25-CV-02264-SVK

1   those claims were premised on the same allegations as plaintiff's CLRA, UCL, and FAL claims,

2   which were not pled with sufficient particularity).

3       To state a claim for breach of express warranty, a plaintiff "must allege the exact terms of

4   the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which

5   proximately causes plaintiff injury." *Kearney v. Hyundai Motor America*, No. SACV09–1298–JST

6   (MLGx), 2010 WL 8251077, at *7 (C.D. Cal. Dec. 17, 2010). Here, Plaintiff alleges that

7   "Defendants purport, through the Products' labeling and advertising, to create express warranties

8   that the Products, among other things, conform to the Challenged Representations." (FAC ¶ 171.)

9   Florida Crystals did not promise that the Product would not be produced with preharvest burns or

10  contribute to water issues. *See Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 959 (S.D. Cal.

11  2024) (dismissing express warranty claim where "Plaintiff does not plausibly allege that Defendant

12  promised, as a basis of the parties' bargain, that the beverages would contain fruit juice").

13      Similarly, Plaintiff's unjust enrichment claim fails because the predicate claim—*i.e.*, that

14  Defendants engaged in misleading advertising (*see* FAC ¶ 180)—fails for the reasons explained

15  above. *Weiss*, 2018 WL 6340758, at *8. Essentially, Plaintiff has "not plausibly allege[d] that

16  [Florida Crystals] engaged in unlawful conduct and has therefore been 'unjustly enriched' to

17  support Plaintiff's claim for unjust enrichment." *Dawson*, 716 F. Supp. 3d at 959.

18  **V.    Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate**
        **remedy at law.**

19

20      Plaintiff's UCL claim sounds in equity, *see Nationwide Biweekly Admin., Inc. v. Superior*

21  *Court of Alameda Cty.*, 9 Cal. 5th 279, 305 (2020), as does her request for injunctive relief,

22  including her request under the CLRA (*see* FAC ¶¶ 128, 140). As the Ninth Circuit made clear in

23  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), a plaintiff cannot seek

24  equitable relief under these statutes without first establishing lack of an adequate remedy at law.

25      Following *Sonner*, courts in the Ninth Circuit have dismissed at the pleading stage claims

26  for equitable relief under the UCL and CLRA. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d

27  891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief

28  in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 22 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

1    not demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it does not.");

2    *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *6 (N.D. Cal. June

3    16, 2022) (similar); *Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D.

4    Cal. May 13, 2022) (similar); *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL

5    6047253, at *4 (N.D. Cal. Oct. 13, 2020) (similar).

6         Here, Plaintiff's claims for equitable relief should be dismissed because her allegations

7    focus on *economic injuries* that can be remedied by the legal remedy of damages. *See Hubbard v.*

8    *Google LLC*, No. 19-cv-07016-SVK, 2025 WL 82211, at *14 (N.D. Cal. Jan. 13, 2025) (van

9    Keulen, J.) (distinguishing between claims for economic harm, for which equitable relief was not

10   available, and claims for loss of privacy, which "legal relief cannot adequately remedy").

11        Plaintiff had the opportunity to allege new facts in her FAC to show that she lacks an

12   adequate remedy at law. She did not. Instead, she continues to rely on the same baseless arguments

13   about adequacy of remedies. For example, Plaintiff alleges that legal remedies are inadequate

14   because her equitable claims have longer limitations periods than her legal claims. (FAC ¶ 92.)

15   This argument has been considered and rejected. *Mish v. TForce Freight, Inc*., No. 21-CV-04094-

16   EMC, 2021 WL 4592124, at *6-7 (N.D. Cal. Oct. 6, 2021); *see also Martinez v. Hub Group*

17   *Trucking, Inc.*, No. ED CV20-01384, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021).

18        Plaintiff also alleges that her equitable claims may reach a broader range of conduct or

19   provide for additional relief. (FAC ¶ 92.) But she fails to plead *any facts* showing that monetary

20   damages would be *inadequate* to remedy her only alleged harm: economic injury. *See In re*

21   *MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (holding that monetary damages would be

22   adequate remedy for alleged overpayment for product that did not perform as promised and finding

23   plaintiffs failed to plausibly allege facts showing otherwise).

24   **VI.    Plaintiff lacks Article III standing to seek injunctive relief.**

25        If any of Plaintiff's claims survive, her request for injunctive relief must be dismissed

26   because she lacks Article III standing to seek this remedy. To have standing to seek injunctive

27   relief, the plaintiff must face a threatened injury that is "*certainly impending* to constitute injury in

28   fact." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citations omitted). In

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 23 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

contrast, "conjectural or hypothetical" "allegations of *possible* future injury are not sufficient." *Id.* In addition, the proposed class representative must herself allege an imminent threat of future injury; if none of the named plaintiffs have standing, "none may seek relief on behalf of himself or any other member of the class." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (citation omitted).

The Ninth Circuit has identified two limited situations where "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false." *Davidson*, 889 F.3d at 969. The first is where the consumer plausibly alleges that she "would like to" buy a product again, but she cannot "rely on the product's advertising or labeling" without a corrective injunction. *Id.* at 970. The second is where the consumer plausibly "might purchase the product in the future" because "she may reasonably, but incorrectly, assume the product was improved." *Id.*

Plaintiff attempts to fit her case within these exceptions, but the facts she alleges—which are unchanged from the original Complaint—are mere legal conclusions that should be disregarded. (*See* FAC ¶¶ 29g, 30.) This is not a case where Plaintiff cannot rely on a product's labeling in the future because "those cases involve[e] product descriptions that cannot be verified merely by looking at the label." *Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). In those cases, a plaintiff has "no way [to determine] whether the representation … [was] in fact true…in the future." *Davidson*, 889 F.3d at 971–72; *see Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 963 (N.D. Cal. 2022) (plaintiffs had standing to seek injunctive relief because of "difficult-to-ascertain nature of the alleged misrepresentation"). Here, in contrast, "plaintiff learn[ed] information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward," and therefore "an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5.

Indeed, Plaintiff *should* have learned through her pre-suit diligence that USDA Organic sugar products are not produced using preharvest burning or methods that harm water quality. But in any event, she certainly knows that now. *See Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (plaintiff lacked standing to seek

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;    - 24 -    Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF

injunctive relief because "in the future [plaintiff can] simply look at the label on Defendant's coconut oil ... and put it back"); *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (noting that "several district courts … have found a plaintiff lacks standing where the plaintiff could 'easily discover whether a previous misrepresentation had been cured without first buying the product at issue'"). Thus, Plaintiff lacks standing to seek injunctive relief. *See Rahman v. Mott's LLP*, No. 13-CV-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (denying injunctive relief where plaintiff "is able to rely on the packaging now that he understands the 'No Sugar Added' label").

## VII.    Plaintiff cannot recover punitive damages.

Under her FAL, breach of warranty, and unjust enrichment claims, Plaintiff seeks punitive damages (*see* FAC ¶¶ 113, 175, 182), "including punitive damages against the individual officers, directors, and/or managing agents of Defendants pursuant to California Civil Code Section 3294." (FAC Prayer for Relief.) None of those claims provide for recovery of punitive damages. *See Tovmasyan v. Target Corp.*, No. 2:25-CV-02314-MRA-KS, 2025 WL 1288020, at *6-7 (C.D. Cal. May 2, 2025) (dismissing without leave to amend plaintiff's request for punitive damages under his FAL, unjust enrichment, and breach of warranty claims); *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) (similar).

## CONCLUSION

Defendants respectfully request that the Court dismiss the FAC with prejudice.

DATED:  July 10, 2025                    **FAEGRE DRINKER BIDDLE & REATH LLP**


By:    /s/ *Whitney A. Thompson*
        WHITNEY A. THOMPSON
        SARAH L. BREW (Pro Hac Vice)
        TYLER A. YOUNG (Pro Hac Vice)


        Attorneys for Defendants
        FLORIDA CRYSTALS CORP. and FANJUL
        CORP.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT;        - 25 -        Case No. 5:25-CV-02264-SVK
MEMORANDUM IN SUPPORT THEREOF