UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY MERRELL,<br><br>    Plaintiff,<br><br>v.<br><br>FLORIDA CRYSTALS CORPORATION,<br><br>    Defendant. | Case No. 25-cv-02264-SVK<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

In this putative class action, Plaintiff Macy Merrell ("Plaintiff") alleges that Defendant Florida Crystals Corporation ("Florida Crystals" or "Defendant") deceptively labels and markets certain of its sugar products as eco-friendly even though Defendant engages in farming practices that Plaintiff claims harm the environment. *See* Dkt. 37 – "First Amended Complaint" or "FAC".[1] Plaintiff sues on behalf of a putative class of nationwide purchasers and a putative subclass of California purchasers of the relevant products. *Id.* ¶ 93. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 10, 17.

Now before the Court is Florida Crystals' motion to dismiss the FAC. Dkt. 41. This motion is suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons discussed below, the motion to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART.** In light of discrepancies between Plaintiff's allegations in the FAC and her arguments in opposition to the motion to dismiss, the Court grants Plaintiff **LEAVE TO FILE A SECOND AMENDED COMPLAINT** to clarify her theory regarding Florida Crystals' allegedly false and misleading representations. Florida Crystals' remaining arguments for dismissal of the FAC are **DENIED WITHOUT PREJUDICE** to Florida Crystals' ability to reassert those arguments in connection with Plaintiff's forthcoming Second Amended Complaint.

---

[1] The FAC originally named Fanjul Corporation as an additional defendant, but Plaintiff has dismissed all claims against Fanjul. Dkt. 47.

## I. BACKGROUND

This summary of background facts is based on the allegations of the FAC. Defendant Florida Crystals manufactures, markets, and sells the product lines at issue in this case: Florida Crystals Regenerative Organic Certified Sugars and (2) Specialty Raw Cane Sugars. FAC ¶¶ 17, 31; *see also id.* ¶ 17 n. 1 (identifying specific products at issue).

Plaintiff Macy Merrell is domiciled in Santa Cruz, California, which is within this judicial District. FAC ¶ 29a. She alleges that on several occasions between September 2021 and August 2024, she purchased Florida Crystals Regenerative Organic Raw Cane Sugar (two-pound bag size), which the FAC defines as the "Purchased Products," from a Safeway store in Santa Cruz. FAC ¶ 29b. The FAC alleges that, "[i]n making her purchases, Plaintiff Merrell read the 'Farming to Help Save the Planet' and 'our farms help fight climate change & build healthy soil' representations on the Products' label, leading Plaintiff Merrell to believe that the farming and manufacture of the Products was helping rather than harming the planet." FAC ¶ 29c.

Plaintiff filed this lawsuit on March 5, 2025. Dkt. 1. Florida Crystals (along with Fanjul Corporation, which has since been dismissed) filed a motion to dismiss the original complaint. Dkt. 25. Rather than opposing the motion to dismiss, Plaintiff filed the FAC. Dkt. 37. The FAC asserts causes of action for: (1) violation of California False Advertising Law, Cal. Bus. & Prof. C. § 17500, *et seq.* ("FAL claim"); (2) violation of California Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* ("CLRA claim"); (3) violation of California Unfair Competition Law, Business & Professions Code § 17200 *et seq.* ("UCL claim"); (4) breach of warranty; and (5) unjust enrichment/restitution. *Id*.

## II. LEGAL STANDARDS

### A. Rule 8

Federal Rule of Civil Procedure 8 requires that the complaint include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement need only give the defendant "fair notice of the claim and the grounds upon which it

rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Issues arising under Rule 12(b)(6) and Rule 8 are often addressed simultaneously.

### B. Rule 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened pleading standard, the allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged "so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotations marks omitted). In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). The plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citation omitted).

### C. Rule 12(b)(6)

Rule 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

3

inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. ANALYSIS

The explicit premise of the FAC is that the practice of burning in connection with the harvesting of sugarcane is worse for the environment than the alternative practice of green harvesting. *See, e.g.,* FAC ¶¶ 1-2, 8-11, 40-65. The FAC also alleges that Florida Crystals harms the environment through its impact on water quantity and quality in the region in two ways: "first, Defendant['s] release of fertilizer through the field runoff in Florida Crystals sugarcane farming operations contributes to 'dead zones' in adjacent waterways, including Lake Okeechobee; second, Defendant['s] outsize presence in the [Everglades Agricultural Area ('EAA')] significantly contributes to the EAA's blockage of southward water flow, starving the Everglades of clean water critical to the health of its ecosystems." FAC ¶ 11; *see also id.* ¶¶ 60-70.

The FAC includes claims that Florida Crystals violated the UCL, FAL, and CLRA by affirmative misrepresentations concerning its method of producing the sugar products at issue. *See generally id.* ¶¶ 19, 106-168. "To allege a violation of the three statutes based on a fraudulent misrepresentation or omission, a plaintiff must plead (1) misrepresentation or omission, (2) reliance, and (3) damages." *Cortez v. Handi-Craft Co.,* No. 4:24-CV-3782-YGR, 2025 WL 1452561, *3 (N.D. Cal. Apr. 29, 2025) (citations omitted). "Claims based on a theory of fraud—like the UCL, FAL, and CLRA claims here—must satisfy rule 9(b)'s heightened pleading standard" by identifying "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Id.* at *2 (internal quotation marks and citation omitted). As the Parties here agree, ultimately

4

these claims are governed by the reasonable consumer standard. *Id.*; Dkt. 46 at 13; *see also Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). That test "requires a plaintiff to show that members of the public are likely to be deceived by the business practice or advertising at issue." *Brazil v. Dole Food Co., Inc.*, 934 F. Supp. 2d 947, 962-63 (2013) (citing *Williams*, 552 F.3d at 938.

Florida Crystals seeks dismissal of all causes of action in the FAC on the grounds that Plaintiff has failed to allege all necessary elements. *See generally* Dkt. 41. Florida Crystals explains that "Plaintiff's claims against the Challenged Statements[2] are premised on two alleged environmental issues: (1) harm to air quality from preharvest burning of sugarcane, and (2) pollution or other harm to local water sources." Dkt. 41 at 11. Florida Crystals' lead argument in favor of dismissal contends that the claims based on preharvest burning should be dismissed because Plaintiff cannot tie that practice to the sole product she purchased: the Florida Crystals Regenerative Organic Raw Cane Sugar Product (two-pound bag size). *Id.* at 11-12; *see also* FAC ¶ 29.b. According to Florida Crystals, that product "is certified USDA Organic … and the [National Organic Program] prohibits the use of preharvest burning of USDA Organic products." Dkt. 41 at 11; *see also id.* at 4-5 (citing 7 CFR § 205.203(e)(3) and other regulations).[3]

Plaintiff counters the motion to dismiss by asserting that Florida Crystals' argument on the preharvest burning claims "fundamentally mischaracterizes Plaintiff's interpretation of the Challenged Statements" and "artificially narrows" Plaintiff's claims. Dkt. 46 at 6-8. Specifically, Plaintiff contends:

> Defendant points to nothing in the FAC where Plaintiff claims that her deception was limited to *the sourcing of the Product she purchased*. This is because Plaintiff's allegations of deception are not so limited and apply more broadly to Defendant's conduct.

---

[2] The FAC defines the "Challenged Representations" as "Defendants' Product greenwashing claims of 'Farming to Help Save the Planet' and 'farms help fight climate change & build healthy soils,' together with green-dominated packaging." FAC ¶ 19. Defendant's motion to dismiss defines the "Challenged Statements" as "'Farming to Help Save the Planet' and 'farms help fight climate change & build healthy soils.'" Dkt. 41 at 1.

[3] Florida Crystals also argues that the claims based on water pollution should be dismissed because the alleged "water issues" are not identified with sufficient particularity. Dkt. 41 at 13-14.

Dkt. 46 at 7 (emphasis in original); *see also id.* at 1 ("Defendant's exclusive focus on Defendant's devastating pre-harvesting burning practice improperly narrows the scope of the label claims' plain language and reasonable interpretation"); *id.* ("Defendant's front-label marketing claims … go beyond the labeled product, amounting to the precise class of unsubstantiated general environmental benefits claims that the Federal Trade Commission through its Green Guides has flagged as inherently misleading.").

In attempting to explain the intended scope of her claims, Plaintiff states in her opposition brief that "Plaintiff does *not allege* that Defendant's label deceived her into buying Defendant's consumer sugar products ("Products") by promising that the products she *purchased* were not sourced from the South Florida cane fields where Defendant systematically conducts preharvest burns …." Dkt. 46 at 1 (emphasis in original). Instead, Plaintiff characterizes her theory of misrepresentation and reliance as follows: In purchasing the Florida Crystals product identified in the FAC, Plaintiff "relied on the Products' Challenged Statements for their promise that purchasing the Products would ***support a company*** whose operations helped 'save the planet,' helped 'fight climate change,' and helped 'build healthy soils.'" *Id.* at 5 (citing FAC ¶ 29) (emphasis added). Plaintiff's attempt to re-focus her claims on alleged deception as to Florida Crystals' company-wide practices rather than deception as to the production methods of specific products is an apparent effort to analogize to cases involving "misrepresentations [that] were not specifically related to the products she purchased, but instead the company's wider operations." Dkt. 46 at 19 (quoting *Beltran* v. *Avon Prods., Inc.*, No. SACV1202502CJCANX, 2012 WL 12303423, at *2-3 (C.D. Cal. Sept. 20, 2012)).

It is difficult to square Plaintiff's characterization of her claims in her opposition brief with the claims as articulated in the FAC. Specifically, paragraph 29c of the FAC reads as follows:

> **Reliance on Challenged Representations:** In making her purchases, Plaintiff Merrell read the "Farming to Help Save the Planet" and "our farms help fight climate change & build healthy soil" representations on the Products' label, leading Plaintiff Merrell to believe that ***the farming and manufacture of the Products*** was helping rather than harming the planet.

6

FAC ¶ 29c (emphasis added).[4]  The FAC contains other similar allegations of deception regarding the tie between beneficial farming practices and the actual products purchased by Plaintiff and other consumers.  *See, e.g.,* FAC ¶¶ 82-89.  According to the FAC, the labeling, packaging, and marketing of the Purchased Products "lead reasonable consumers, like Plaintiff, to believe that ***the Products*** are beneficial to the Earth and soil and help fight climate change."  FAC ¶ 83 (emphasis added).  The FAC further alleges that consumers reasonably relied on the Challenged Representations in deciding to purchase the Products, as they made their purchase decisions "at least in part based on their reasonable belief that they would receive ***Products*** that protect and otherwise benefit the Earth's natural environments, help fight climate change, and/or help create healthy soils based on Defendants' Challenged Representations."  FAC ¶ 85 (emphasis added).  Plaintiff alleges that the Challenged Representations are false, misleading and deceptive because "***the Products*** [are] decidedly *not* derived from farms that 'Help Save the Planet,' 'fight climate change,' or 'build healthy soil.'" FAC ¶ 86 (emphasis added)).  The FAC also alleges that Plaintiff and similarly situated consumers would not have purchased the products at issue, or would not have paid a price premium, "had they known that the Challenged Representations were false and misleading and, therefore, that ***the Products*** do not come from farming practices that help save the planet …"  FAC ¶ 89 (emphasis added).

      Because of the tension between the allegations in the FAC and Plaintiff's characterization of those allegations in her opposition to the motion to dismiss, on the present record the Court cannot readily evaluate the Parties' arguments as to whether the FAC meets the applicable pleading standards.  In sum, although the FAC itself alleges that the challenged representations deceived Plaintiff and other consumers into thinking that "the farming and manufacture of ***the Products*** was helping rather than harming the planet" (FAC ¶ 29c), Plaintiff's opposition brief disavows or at least blurs this theory.  *See, e.g.,* Dkt. 46 at 7 ("Defendant points to nothing in the

---

[4] In the motion to dismiss, Defendant states that the Challenged Statements were not added to the labels of the product purchased by Plaintiff until June 2023, which was after the September 2021 date when Plaintiff alleges she first purchased the product.  Dkt. 41 at 4; *see also* FAC ¶ 29b.  In support of the motion to dismiss, Defendant seeks judicial notice of historical product labels.  Dkt. 42.  Plaintiff does not oppose Defendant's request for judicial notice.  Because the Court does not reach this issue in this order, it **DEFERS** a ruling on the request for judicial notice.

FAC where Plaintiff claims that her deception was limited to *the sourcing of the Product she purchased*" (emphasis in original)); *id.* at 19 ("Plaintiff alleges Defendant deceived her and other consumers through front-label general environmental benefit claims that misrepresented Defendant's company-wide environmental impacts—and the broad benefits of supporting a company that is helping 'Save the Planet,' 'fight climate change,' and 'build healthy soils' that are untethered to the specific products purchased"). Such alleged deception regarding "company-wide" practices is not sufficiently described in the FAC, and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 n.8 (N.D. Cal. 2021) (citation omitted). Accordingly, the Court **GRANTS** the motion to dismiss the FAC on the grounds that the FAC does not adequately articulate Plaintiff's theory of the way in which the Challenged Representations were deceptive to Plaintiff and other consumers.

Plaintiff already amended her complaint once in response to Florida Crystals' motion to dismiss the original complaint, and Florida Crystals argues that she should not be given another opportunity to amend. However, Plaintiff prepared the FAC without the benefit of the Court's input, and it is not clear from the present record that a further attempt to amend would be futile. Accordingly, the Court **GRANTS LEAVE TO AMEND.**

Florida Crystals' motion to dismiss sets forth additional reasons why specific claims in the FAC should be dismissed. The Court concludes that those arguments are better considered after Plaintiff clarifies her theory of liability in a Second Amended Complaint ("SAC"). The Court therefore **DENIES** the motion to dismiss on grounds other than as discussed above, but this denial is **WITHOUT PREJUDICE** to Florida Crystals' ability to make such arguments in connection with the SAC, if warranted. When preparing the SAC, Plaintiff should consider the other arguments made in Florida Crystals' present motion to dismiss.

### IV. CONCLUSION AND DISPOSITION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Florida Crystals' motion to dismiss the FAC is **GRANTED WITH LEAVE TO AMEND** on the grounds that the FAC does not adequately articulate Plaintiff's

8

1. liability theory.

2. Florida Crystals' motion to dismiss claims in the FAC on other grounds is **DENIED WITHOUT PREJUDICE** to Florida Crystal's ability to assert those grounds as reasons to dismiss claims in the forthcoming Second Amended Complaint ("SAC").

3. If Plaintiff wishes to attempt to address the deficiencies identified in this order, she may file a Second Amended Complaint ("SAC") no later than **January 9, 2026.**

4. Following the filing of a SAC, Defendant must file a response no later than **January 23, 2026.**

5. If Defendant responds by filing a motion to dismiss the SAC, the normal briefing schedule of Civil Local Rule 7-3 will apply. The Court will inform the parties if a hearing is necessary.

6. An Initial Case Management Conference will be held **March 10, 2026.** The Joint Case Management Statement is due **March 3, 2026.**

**SO ORDERED.**

Dated: December 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge