**FAEGRE DRINKER BIDDLE & REATH LLP**
WHITNEY A. THOMPSON (SBN 336655)
*whitney.thompson@faegredrinker.com*
SARAH L. BREW (Admitted *Pro Hac Vice*)
*sarah.brew@faegredrinker.com*
TYLER A. YOUNG (Admitted *Pro Hac Vice*)
*tyler.young@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MACY MERRELL, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

FLORIDA CRYSTALS CORP.

Defendant.

Case No. 5:25-cv-02264-SVK

Hon. Susan van Keulen
Courtroom 6, 4th Floor

**DEFENDANT FLORIDA CRYSTALS CORP.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF**

[Filed Concurrently with [Proposed] Order Granting Motion to Dismiss Second Amended Complaint]

**ORAL ARGUMENT REQUESTED**

Time: Tuesday, March 3, 2026
Date: 10:00 AM
Dept: Courtroom 6, 4th Floor

Complaint Filed: March 5, 2025
FAC Filed: June 12, 2025
SAC Filed: January 9, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, March 3, 2026, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 6, 4th Floor of this Court, 280 South 1st Street, San Jose, California 95113, before the Honorable Susan van Keulen, Defendant Florida Crystals Corp. ("Defendant") will and hereby does move the Court for an order dismissing the Second Amended Complaint. Defendant moves to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

Good cause exists to grant this motion:

1. Plaintiff's claims fail because she has not connected—and cannot connect—the production practices she claims to have been misled about to the one product she purchased.

2. Plaintiff's claims fail because (a) reasonable consumers would not interpret the challenged statements as representations about Defendant's companywide policies, (b) reasonable consumers reading the challenged statements in context would not be misled, and (c) one of the challenged statements is non-actionable puffery.

3. Plaintiff's equitable claims fail because she has not plausibly alleged that she lacks an adequate remedy at law.

4. Plaintiff lacks Article III standing to seek injunctive relief.

5. Plaintiff's claim for punitive damages should be dismissed because that relief is not available based on the claims asserted.

6. The Court should dismiss the Second Amended Complaint with prejudice because Plaintiff has already had two opportunities to amend, and further amendment would be futile.

This motion is based upon this notice of motion, the motion, the pleadings, and other papers on file in this action, and such other oral argument and/or documentary matters as may be presented to the Court at or before the hearing on this motion.

DATED: January 23, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Tyler A. Young
WHITNEY A. THOMPSON
SARAH L. BREW (Admitted *Pro Hac Vice*)
TYLER A. YOUNG (Admitted *Pro Hac Vice*)

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

# TABLE OF CONTENTS

**Page**


STATEMENT OF ISSUES TO BE DECIDED ..... ix

INTRODUCTION ..... 1

STATEMENT OF FACTS ..... 2

A. The Parties ..... 2

B. Procedural History ..... 3

C. Plaintiff's Second Amended Complaint ..... 3

D. Plaintiff's Purchases ..... 5

E. The National Organic Program's Requirements ..... 6

LEGAL STANDARDS ..... 7

ARGUMENT ..... 8

I. The production practices to which Plaintiff objects do not apply to the sole Product she purchased. ..... 8

A. Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning. ..... 8

B. Plaintiff's claims premised on water pollution should be dismissed because they do not apply to the USDA Organic Product she purchased and are not pleaded with sufficient particularity. ..... 10

II. Plaintiff's statutory claims fail because reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff claims she did. ..... 12

A. Plaintiff's statutory claims are governed by the reasonable consumer standard. ..... 12

B. Reasonable consumers would not read the Challenged Statements as representations of companywide environmental practices. ..... 13

C. Reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff does. ..... 16

1. Plaintiff's claims are based on an unreasonable misreading of the Challenged Statements. ..... 17

2. Plaintiff's claims ignore the context in which the Challenged Statements are made. ..... 19

D. The statement "Farming to Help Save the Planet" is non-actionable puffery. ..... 21

III. Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations ..... 22

IV. Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law. ..... 23

V. Plaintiff lacks Article III standing to seek injunctive relief. ..... 24

VI. Plaintiff cannot recover punitive damages. ..... 25

CONCLUSION ..... 25

# TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Ahern v. Apple, Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) ........ 21

*Almeida v. Apple, Inc.*,
No. 21-CV-07109-VC, 2022 WL 1514665 (N.D. Cal. May 13, 2022) ........ 23

*Andrade-Heymsfield v. Danone US, Inc.*,
No. 19-CV-589-CAB-WVG, 2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) ........ 15

*Arroyo v. Pfizer, Inc.*,
No. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) ........ 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ........ 12, 19

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7

*Beltran v. Avon Prods., Inc.*,
No. SACV 12-02502-CJC, 2012 WL 12303423 (C.D. Cal. Sept. 20, 2012) ........ 14

*In re Big Heart Pet Brands Litig.*,
No. 18-CV-00861-JSW, 2019 WL 8266869 (N.D. Cal. Oct. 4, 2019) ........ 15

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ........ 9

*Bogavac v. El Pollo Loco, Inc.*,
No. 25-CV-0339-MMA-BLM, 2025 WL 1177541 (S.D. Cal. Apr. 23, 2025) ........ 18

*Brown v. Brita Prods. Co.*,
No. CV 23-7851-DMG, 2024 WL 4815354 (C.D. Cal. Sept. 30, 2024) ........ 19, 20

*Brown v. Danone N. Am., LLC*,
No. 17-CV-07325-JST, 2018 WL 2021340 (N.D. Cal. May 1, 2018) ........ 9

*Bush v. Mondelez Int'l, Inc.*,
No. 16-cv-02460-RS, 2016 WL 7324990 (N.D. Cal. Dec. 16, 2016) ........ 18

*Bush v. Rust-Oleum Corp.*,
No. 20-CV-03268-LB, 2024 WL 308263 (N.D. Cal. Jan. 26, 2024) ........ 18

*Cheslow v. Ghirardelli Chocolate Co.*,
445 F. Supp. 3d 8 (N.D. Cal. 2020) .......... 15

*Cimoli v. Alacer Corp.*,
546 F. Supp. 3d 897 (N.D. Cal. 2021) .......... 25

*Clark v. Hershey Co.*,
No. 18-CV-06113 WHA, 2019 WL 6050763 (N.D. Cal. Nov. 15, 2019) .......... 16

*Colombo v. Palo Alto Unified Sch. Dist.*,
No. 24-CV-00909-NC, 2025 WL 929955 (N.D. Cal. Mar. 27, 2025) .......... 13

*Cortez v. Handi-Craft Co., Inc.*,
No. 4:24-CV-3782-YGR, 2025 WL 1452561 (N.D. Cal. Apr. 29, 2025) .......... 15

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 24

*Dawson v. Better Booch, LLC*,
716 F. Supp. 3d 949 (S.D. Cal. 2024) .......... 22, 23

*Dorris v. Danone Waters of Am.*,
No. 22 CIV. 8717, 2024 WL 4792048 (S.D.N.Y. Nov. 14, 2024) .......... 20

*Dwyer v. Allbirds, Inc.*,
598 F. Supp. 3d 137 (S.D.N.Y. 2022) .......... 17

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .......... 19

*Freeman v. Indochino Apparel, Inc.*,
443 F. Supp. 3d 1107 (N.D. Cal. 2020) .......... 12

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
343 F.3d 1000 (9th Cir. 2003) .......... 21

*Harris v. U. S. Dep't of Just.*,
No. 25-CV-07664-RS, 2025 WL 3473766 (N.D. Cal. Dec. 3, 2025) .......... 7

*Herrera v. Estee Lauder Companies, Inc.*,
No. SACV 12-01169-CJC, 2012 WL 12507876 (C.D. Cal. Sept. 20, 2012) .......... 14, 15

*Hill v. Roll Internat. Corp.*,
128 Cal. Rptr. 3d 109 (Cal. Ct. App. 2011) .......... 18

*Hodges v. King's Hawaiian Bakery West, Inc.*,
No. 21-CV-04541-PJH, 2021 WL 5178826 (N.D. Cal. Nov. 8, 2021) .......... 20

*Hrapoff v. Hisamitsu Am., Inc.*,
No. 21-CV-01943-JST, 2022 WL 2168076 (N.D. Cal. June 16, 2022) .......... 23

*Hubbard v. Google LLC*,
No. 19-cv-07016-SVK, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) ........................................ 23

*Jackson v. Gen. Mills, Inc.*,
No. 18CV2634-LAB, 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ...................................... 25

*Johnson-Jack v. Health-Ade LLC*,
587 F. Supp. 3d 957 (N.D. Cal. 2022) ........................................................................................ 25

*Kavehrad v. Vizio, Inc.*,
No. 8:21-CV-01868-JLS-DFM, 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) .................. 11

*Kearney v. Hyundai Motor America*,
No. SACV09–1298, 2010 WL 8251077 (C.D. Cal. Dec. 17, 2010) ........................................ 22

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..................................................................................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ......................................................................................................... 7

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ....................................................................................................... 6

*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) ..................................................................................................... 20

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ................................................................................................ 12, 13

*Levit v. Nature's Bakery, LLC*,
767 F. Supp. 3d 955 (N.D. Cal. 2025) ........................................................................................ 22

*Lizama v. H&M Hennes & Mauritz LP*,
No. 4:22 CV 1170, 2023 WL 3433957 (E.D. Mo. May 12, 2023) ........................................... 19

*Martinez v. Hub Group Trucking, Inc.*,
No. ED CV20-01384, 2021 WL 937671 (C.D. Cal. Jan. 11, 2021) ......................................... 24

*McCoy v. Alphabet, Inc.*,
No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ......................................... 5

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) ................................................................................................ 19, 20

*Miller v. Philips N. Am. LLC*,
No. 24-CV-03781-RFL, 2025 WL 582160 (N.D. Cal. Feb. 20, 2025) ............................... 15, 17

*Mish v. TForce Freight, Inc.*,
No. 21-CV-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) ................................... 24

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .......... 13, 19

*Morales v. City & Cnty. of San Francisco*,
603 F. Supp. 3d 841 (N.D. Cal. 2022) .......... 1

*Myers v. Starbucks Corp.*,
No. 22-55930, 2024 WL 3102800 (9th Cir. June 24, 2024) .......... 19

*Myers v. Starbucks Corp.*,
No. EDCV 20-00335-CJC, 2020 WL 13302437 (C.D. Cal. July 29, 2020) .......... 11, 16, 21

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
No. 3:18-CV-01538-H-MDD, 2019 WL 424703 (S.D. Cal. Feb. 4, 2019) .......... 13

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*,
9 Cal. 5th 279 (2020) .......... 23

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
926 F.3d 528 (9th Cir. 2019) .......... 24

*Newcal Indus., Inc. v. Ikon Office Solutions*,
513 F.3d 1038 (9th Cir. 2008) .......... 21

*Pargett v. Wal-Mart Stores, Inc.*,
No. EDCV192157, 2020 WL 5028317 (C.D. Cal. Apr. 10, 2020) .......... 10

*Pelayo v. Nestle USA, Inc.*,
989 F. Supp. 2d 973 (C.D. Cal. 2013) .......... 13

*People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc.*,
No. 15-CV-04301, 2016 WL 1642577 (N.D. Cal. Apr. 26, 2016) .......... 22

*Rahman v. Mott's LLP*,
No. 13-CV-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) .......... 25

*Roper v. Big Heart Pet Brands, Inc.*,
510 F. Supp. 3d 903 (E.D. Cal. 2020) .......... 25

*Rugg v. Johnson & Johnson*,
No. 17-CV-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) .......... 12

*Ryan v. Starco Brands, Inc.*,
No. 24-CV-00642-SVK, 2024 WL 5102651 (N.D. Cal. Apr. 19, 2024) .......... 7, 9, 11

*Sanchez v. Walmart Inc.*,
733 F. Supp. 3d 653 (N.D. Ill. 2024) .......... 21

*Shanks v. Jarrow Formulas, Inc.*,
No. LA CV 18-09437, 2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) .......... 25

*Sharma v. Volkswagen AG*,
524 F. Supp. 3d 891 (N.D. Cal. 2021) .......... 23

*Silvas v. GMAC Mortg., LLC*,
No. CV-09-0265-PHX-GMS, 2009 WL 1098462 (D. Ariz. Apr. 23, 2009) .......... 11

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 23

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) .......... 21

*TopDevz, LLC v. LinkedIn Corp.*,
No. 20-CV-08324-SVK, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) .......... 7

*Tovmasyan v. Target Corp.*,
No. 2:25-CV-02314-MRA-KS, 2025 WL 1288020 (C.D. Cal. May 2, 2025) .......... 25

*Videtto v. Kellogg USA*,
No. 2:08-CV-01324-MCE-DAD, 2009 WL 1439086 (E.D. Cal. May 21, 2009) .......... 12

*Weiss v. Trader Joe's Co.*,
No. 8:18-CV-01130-JLS-GJS, 2018 WL 6340758 (C.D. Cal. Nov. 20, 2018) .......... 21, 22, 23

*West v. Sambazon, Inc.*,
750 F. Supp. 3d 356 (S.D.N.Y. 2024) .......... 17

*Yastrab v. Apple Inc.*,
No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) .......... 7

*Zaback v. Kellogg Sales Co.*,
No. 320CV00268, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) .......... 24

*Zahora v. Orgain LLC*,
No. 21 C 705, 2021 WL 5140504 (N.D. Ill. 2021) .......... 17

**Statutes, Rules & Regulations**

7 C.F.R. § 205.100 .......... 6

7 C.F.R. § 205.200 .......... 6, 11

7 C.F.R. § 205.203 .......... 6, 7

7 C.F.R. § 205.400 .......... 6

7 C.F.R. § 205.403 .......... 6

16 C.F.R. § 260.1 .......... 18

16 C.F.R. § 260.3 .......... 18

16 C.F.R. § 260.4 .......... 18

Cal. Bus. & Prof. Code § 17580.5 .......... 18

Fed. R. Civ. P. 8 .......... 1, 2, 7

Fed. R. Civ. P. 9 .......... 7, 9, 10

Fed. R. Civ. P. 12 .......... 2, 7

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff's Second Amended Complaint should be dismissed when the product she purchased is USDA Organic and therefore was not produced using the methods to which she objects.

2. Whether Plaintiff's claims should be dismissed because reasonable consumers would not read the challenged statements as representations about Florida Crystals' companywide operations.

3. Whether Plaintiff's claims should be dismissed because reasonable consumers would read the challenged statements in context and thus not make the same implausible inferential leaps that Plaintiff claims to make.

4. Whether Plaintiff's claim against a statement that makes no verifiable, specific promises ("Farming to Help Save the Planet") should be dismissed as non-actionable puffery.

5. Whether Plaintiff's claims for equitable relief should be dismissed when she has alleged no facts showing that she lacks an adequate remedy at law.

6. Whether Plaintiff is entitled to injunctive relief when Plaintiff has no risk of future harm because she now understands that the product she purchased was not made using the practices about which she complains.

7. Whether Plaintiff's request for punitive damages should be dismissed when the claims in which she seeks punitive damages do not provide for that relief.

8. Whether Plaintiff's Second Amended Complaint should be dismissed with prejudice when Plaintiff has already had two chances to amend and failed to allege any facts capable of stating a claim.

## INTRODUCTION

In this third bite at the apple, Plaintiff Macy Merrell again alleges it is misleading to label sugar with the statements "Farming to Help Save the Planet" and "farms help fight climate change & build healthy soil" (the "Challenged Statements"). Far from "simple, concise, and direct," Plaintiff's allegations amount to nothing more than a diatribe against "Big Sugar," disguised as a false advertising class action. Fed. R. Civ. P. 8(d)(1). In her prior complaints, Plaintiff alleged the Challenged Statements were misleading because—according to her—the specific Florida Crystals sugar product she purchased (1) was produced using preharvest burning to remove sugarcane leaves, and (2) "contribute[d] to South Florida's water issues." (ECF 37 (First Amended Complaint ("FAC") ¶¶ 1, 8, 11, 21, 29).) In its prior motions to dismiss, Florida Crystals demonstrated that Plaintiff's claims failed because the production practices about which Plaintiff complained *do not apply* to the product Plaintiff purchased—Florida Crystals Regenerative Organic Raw Cane Sugar (the "Product)—because that Product is certified USDA Organic.

Now, in her Second Amended Complaint ("SAC"), Plaintiff effectively concedes she cannot state a claim against the Product. The SAC no longer alleges Plaintiff understood the Challenged Statement to describe the way *the Product she purchased* was produced. Instead, she alleges the Challenged Statements led her to believe she was supporting a company that did not engage in certain production practices—the same ones complained about in prior complaints—in any aspect of its *companywide operations*. (SAC ¶¶ 7, 9, 13, 23, 27.) Notably, Plaintiff makes no attempt to address the conflict between these litigation-driven allegations and her prior allegations that she relied on the Challenged Statements "to believe that *the farming and manufacture of the Products* was helping rather than harming the planet." (FAC ¶ 29c (emphasis added).) This has significant implications for the plausibility of her allegations. *Morales v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 846 (N.D. Cal. 2022) ("[T]he Court does not ignore the prior allegations in determining the plausibility of the current pleadings and is not required to accept as true contradictory allegations in an amended complaint without more facts." (quotation omitted)).

Plaintiff's reformulated claims continue to fail for multiple independent reasons. As Florida Crystals established in prior briefing, Plaintiff cannot state a claim against the Product she

purchased because that Product is USDA Organic and was produced pursuant to the National Organic Program, which prohibits preharvest burning to remove excess sugarcane leaves and requires production practices to maintain or improve natural resources, including soil and water.

Plaintiff's new companywide theory fares no better. Plaintiff's claims are subject to the *reasonable* consumer standard, and reasonable consumers would not view the Challenged Statements as representations about how Florida Crystals produces all its sugar products. Nor would reasonable consumers adopt the same hyper-specific interpretation of the Challenged Statements that Plaintiff proposes. The Challenged Statements say *nothing* about preharvest burning or water quality issues. At most, the Challenged Statements are ambiguous, and reasonable consumers would therefore consult other information on the label, including the front-label statements that the Product is "USDA Organic," "Regenerative Organic Certified," and "Non-GMO Project Verified," which provide context to the statements "Farming to Help Save the Planet" and "farms help fight climate change & build healthy soil." In addition, the back label, which reasonable consumers would also consult, further explains how Florida Crystals "fight[s] climate change" and "build[s] healthy soil" through regenerative agriculture, including by providing habitats for pollinators and birds. Thus, reasonable consumers would not be misled.

Other aspects of Plaintiff's SAC continue to fail for additional reasons. For example, Plaintiff's equitable claims should be dismissed because she has not alleged facts showing she lacks an adequate remedy at law. Plaintiff's request for injunctive relief should be dismissed for lack of Article III standing. Finally, Plaintiff's claim for punitive damages should be dismissed because none of the claims under which she seeks punitive damages provide for that relief.

Florida Crystals made these same arguments against the original Complaint *and* the FAC. Plaintiff's third complaint does not allege any new facts that affect Defendant's arguments—despite the Court's warning that Plaintiff should heed the arguments Florida Crystals made in support of its motion to dismiss the FAC. Accordingly, the SAC should be dismissed with prejudice.

## STATEMENT OF FACTS

### A. The Parties

Plaintiff Macy Merrell is a resident of Santa Cruz, California. (SAC ¶ 35a.)

Florida Crystals is a Delaware corporation headquartered in West Palm Beach, Florida. (*See id.* ¶ 37.) Plaintiff alleges that Florida Crystals is engaged in "manufacturing, marketing, and selling cane sugar" and "owns or co-owns other companies." (*Id.*)

**B. Procedural History**

On March 5, 2025, Plaintiff filed a class action complaint (the "Complaint") against Florida Crystals and its parent company, Fanjul Corp. (ECF 1.) Florida Crystals and Fanjul Corp. moved to dismiss the Complaint for lack of personal jurisdiction over Fanjul Corp. and failure to state a claim. (ECF 25.) In response, Plaintiff filed an amended complaint (the "FAC"), which was nearly identical to the Complaint, save for some new information-and-belief allegations regarding the relationship between Fanjul Corp. and Florida Crystals and the sourcing of Florida Crystals' Regenerative Organic Certified products. ((ECF 37.) Defendants moved to dismiss the FAC, advancing nearly identical arguments as they did against the Complaint. (ECF 41.) In opposition, Plaintiff appeared to shift her theory from deception based on the production of the product she purchased to one relating to Florida Crystals' companywide production practices.[1] (*See* ECF 46.)

In ruling on Florida Crystals' motion to dismiss, the Court recognized that Plaintiff attempted "to re-focus her claims on alleged deception as to Florida Crystals' companywide practices rather than deception as to the production methods of specific products…" (*See* ECF 51 (the "Order" at 6:16-18).) "Because of the tension between the allegations in the FAC and Plaintiff's characterization of those allegations in her opposition to the motion to dismiss," (*id.* at 7:18-19) the Court granted the motion in part and invited Plaintiff to amend her complaint to "clarify her theory." (*Id.* at 1:23.) The Court denied the motion as to Florida Crystals' remaining arguments but did so "without prejudice to Florida Crystals' ability to reassert those arguments" against the SAC. (*Id.* at 1:25.) The Court instructed Plaintiff to "consider the other arguments made in Florida Crystals' present motion to dismiss" when preparing her SAC. (*Id.* at 8:23-24.)

**C. Plaintiff's Second Amended Complaint**

Plaintiff's theory of liability has ballooned. Plaintiff continues to challenge the use of the

[1] Shortly after filing her opposition brief, Plaintiff voluntarily dismissed Fanjul Corp. (ECF 47.)

label statements "Farming to Help Save the Planet" and "farms help fight climate change & build healthy soil," together with green-dominated packaging (the "Challenged Statements"), on certain Florida Crystals sugar products (the "Products").[2] (SAC ¶ 23.) But she now claims consumers read the Challenged Statements to imply "that their purchase of the Products would support large-scale farming that helps protect and otherwise benefit the Earth's natural environments, helps fight climate change, and/or helps create healthy soil[.]" (*Id.* ¶ 93.) Plaintiff alleges this message is reinforced through Florida Crystals' website and social media channels. (*Id.* ¶¶ 24-26.)

Plaintiff's primary argument is that the Challenged Statements are misleading because Florida Crystals allegedly burns some of its sugarcane fields, as opposed to "available green methods like slashing." (*Id.* ¶ 9.) Plaintiff alleges that preharvest burning "emits substantial volumes of unnecessary greenhouse gases that contribute to climate change" as well as other harmful substances. (*Id.*)

Plaintiff also alleges a secondary theory that one of the Challenged Statements—"Farming to Help Save the Planet"—is misleading because Florida Crystals' operations allegedly have negative impacts on water quality. (*Id.* ¶ 13.) Specifically, Plaintiff alleges that "Florida Crystals has harmed the region's aquatic environments by severely disrupting the region's hydrology and aquatic ecosystems through its occupation of hundreds of thousands of acres of land that historically composed the northern reaches of the Everglades." (*Id.* ¶ 66.) Plaintiff further alleges that local waterways have been rerouted due to "Defendant and other major agricultural operators dominating [stormwater treatment area] storage for their farm runoff[.] (*Id.* ¶ 68.)

Based on these allegations, Plaintiff asserts the same five claims: (1) violation of California's False Advertising Law ("FAL"); (2) violation of California's Consumer Legal Remedies Act ("CLRA"); (3) violation of California's Unfair Competition Law ("UCL"); (4) Breach of Warranty; and (5) Unjust Enrichment/Restitution. Plaintiff purports to bring these claims

[2] Plaintiff purports to challenge eight of Florida Crystals' Regenerative Organic Certified and specialty raw cane sugar products: (1) Florida Crystals Regenerative Organic Raw Cane Sugar; (2) Florida Crystals Regenerative Organic Light Brown Sugar; (3) Florida Crystals Regenerative Organic Powdered Sugar; (4) Florida Crystals Organic Cane Sugar; (5) Florida Crystals Turbinado Cane Sugar; (6) Florida Crystals Raw Cane Sugar; (7) Baker's Collection of Regenerative Organic Sugars; and (8) Florida Crystals Regenerative Organic Powdered Sugar. (SAC ¶ 21 n.1.) But she alleges she purchased only one product: Florida Crystals Regenerative Organic Cane Sugar.

on behalf of a nationwide class and a California state subclass. (*Id.* ¶ 106.)

### D. Plaintiff's Purchases

Plaintiff's allegations about her purchases are unchanged. Plaintiff purports to challenge eight products but admits she **purchased only one**: Florida Crystals Regenerative Organic Raw Cane Sugar (the "Product").[3] (*Id.* ¶ 35b.) Plaintiff alleges she purchased the Product "on several occasions between approximately September 2021 and August 2024" and "in making her purchases," she read the Challenged Statements to mean that "Florida Crystals' farms help save the planet, fight climate change, and build healthy soil—and that purchasing the Products over competing sugar products would further these efforts and outcomes."[4] (*Id.* ¶¶ 35b-c.) Plaintiff does not allege reliance on any statement other than Challenged Statements on the Product. (*Id.* ¶ 35c.)

Plaintiff's new company-wide theory cannot save her from the first problem with her claims: the Challenged Statements did not appear on the Product's label until June 2023—years after she alleges she began purchasing it. Florida Crystals submitted copies of the historical labels of the Products confirming this. (ECF 41-1 (Declaration of Tyler A. Young ("Young Decl.") ¶¶ 4-18, Exhs. B-P).) This fact is also apparent from the Florida Crystals press release Plaintiff relies on to suggest the Challenged Statements are part of Florida Crystals' alleged "greenwashing" campaign. (*See* SAC ¶ 22 n.2.) Florida Crystals also submitted a copy of the press release (Young Decl. ¶ 3, Exh. A), which the Court can consider in deciding this motion to dismiss.[5] *See McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021) (van Keulen, J.) ("A defendant can seek to incorporate a document into the complaint if the plaintiff

---

[3] Florida Crystals submitted an image of the front and back labels of the Product as an exhibit to the Declaration of Tyler Young ("Young Decl."). (ECF 41-1.)

[4] In her the FAC, Plaintiff alleged that the Challenged Statements led her to believe that "the farming and manufacture of the Products was helping rather than harming the planet." (ECF 37 (FAC ¶ 29c).) In her SAC, Plaintiff systematically deleted any allegations from the FAC referencing production of the Products.

[5] Florida Crystal's Request for Judicial Notice in support of its Motion to Dismiss the First Amended Complaint (ECF 42) remains pending before the Court, as the Court deferred ruling on it in its Order. (*See* ECF 51 (Order at 7 n.4).) As the Court noted in its Order, Plaintiff did not oppose Florida Crystals' request for judicial notice. (*Id.*)

refers extensively to the document or the document forms the basis of the plaintiff's claim." (quotation omitted)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporation by reference applies where "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"). As the press release shows, the labels introduced in 2021 do *not* include the Challenged Statements. Instead, for example, in the portion of the label where the Challenged Statements appear in the later version of the Product Plaintiff purchased, the 2021 label says, "minimally processed – unrefined" and "from organic sugarcane." (Young Decl. ¶ 5, Exh. C.) Thus, Plaintiff bought the Product for years for reasons unrelated to the Challenged Statements.

**E. The National Organic Program's Requirements**

Plaintiff's new theory also does not remedy the next problem with her claims. The Product she purchased is organic, which means that it was ***not*** subject to preharvest burning and did not negatively impact surrounding natural resources. The products sold under Florida Crystals' Regenerative Organic Certified® brand are each USDA Organic, Non-GMO Project Verified, and Regenerative Organic Certified. As the back label of the products discloses, these products were "Certified Organic by Quality Assurance International." (Young Decl. ¶¶ 6, 9, 12, Exhs. D, G, J.) Plaintiff does not challenge the validity of these certifications.

For a product to be labeled and sold as "organic," the product must comply with the Organic Food Production Act and its implementing regulations, known as the National Organic Program ("NOP"). 7 C.F.R. § 205.400. To ensure compliance with the NOP, certifying agents conduct yearly on-site inspections and may conduct additional unannounced inspections at any time. 7 C.F.R. § 205.403. Only products that have been certified by a USDA-accredited certifying agent may bear the USDA Organic seal. 7 C.F.R. § 205.100.

Generally, any production practice used under the NOP "must maintain or improve the natural resources of the operation, including soil and water quality." 7 C.F.R. § 205.200. The NOP prohibits burning to dispose of plant residue, including the kind of preharvest burning to which Plaintiff objects. 7 C.F.R. § 205.203(e)(3). Similarly, the NOP regulates the types of substances organic producers may use and requires organic producers to manage nutrients and soil amendment

systems to "maintain or improve soil organic matter content in a manner that does not contribute to contamination of crops, soil, or water." 7 C.F.R. § 205.203(d).

## LEGAL STANDARDS

In its Order, the Court established that Plaintiff's claims under the UCL, FAL, and CLRA must satisfy Rule 9(b)'s heightened pleading standard. (ECF 51 (Order at 4:24-28).) To satisfy this burden, the plaintiff must allege the "who, what, when, where, and how of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." *TopDevz, LLC v. LinkedIn Corp.*, No. 20-CV-08324-SVK, 2021 WL 3373914, at *2 (N.D. Cal. Aug. 3, 2021) (van Keulen, J.) (quotations and citations omitted). Before alleging fraud, a plaintiff must "conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is <u>responsible and supported</u>, rather than defamatory and extortionate." *Ryan v. Starco Brands, Inc.*, No. 24-CV-00642-SVK, 2024 WL 5102651, at *5 (N.D. Cal. Apr. 19, 2024) (van Keulen, J.) (quoting *Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015)).

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, a complaint must contain sufficient factual matter, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris v. U. S. Dep't of Just.*, No. 25-CV-07664-RS, 2025 WL 3473766, at *1 (N.D. Cal. Dec. 3, 2025) ("Dismissal under Rule 12(b)(6) may be based either on the 'lack of a cognizable legal theory' or on 'the absence of sufficient facts alleged under a cognizable legal theory.'" (citation omitted)). This standard requires the plaintiff to allege facts amounting to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Determining whether a complaint states a plausible claim for relief is a "context-specific" injury that requires the court "to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. Although the court must draw all reasonable inferences in the plaintiff's favor, the court "need not accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Ryan*, 2024 WL 5102651, at *3 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)).

## ARGUMENT

**I. The production practices to which Plaintiff objects do not apply to the sole Product she purchased.**

Plaintiff's claims fail across the board because the production practices Plaintiff complains about *were not used* to produce the single USDA Organic product she purchased. Florida Crystals established as much in its prior motion to dismiss briefing (ECF 41 at 11-14), and Plaintiff has never genuinely disputed it. (*See generally* ECF 46.) In fact, Plaintiff appears to have affirmatively conceded the point by removing from her SAC her prior allegations that the Challenged Statements led her to hold certain beliefs about the production *of the Product she purchased*. (*Compare* SAC ¶ 35c *with* FAC ¶ 29c.)

To reiterate, Plaintiff's claims against the Challenged Statements are premised on two alleged issues: (1) harm to air quality from preharvest burning of sugarcane, and (2) pollution or other harm to local water sources. (*See supra* at p. 4.) Even after two opportunities to amend, Plaintiff alleges no facts showing that *the Product she purchased* can or did cause or contribute to these alleged issues. Nor could she. As to her claims premised on preharvest burning, that production practice *cannot* be used for the organic Product she purchased. As to her claims premised on water pollution, Plaintiff alleges no facts tying her industry-wide grievances with "Big Sugar" to Florida Crystals, much less the Product she purchased.

**A. Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the sole Product she purchased was not produced using preharvest burning.**

Plaintiff claims that the Challenged Statements are misleading because Florida Crystals uses preharvest burning to produce some of its sugar products. (*See* SAC ¶¶ 1, 9.) But the sole Product that Plaintiff alleges she purchased is certified USDA Organic (*see id*. ¶ 35b), and as shown above, cannot be burn harvested. (*See supra* at pp. 6-7.) Thus, Plaintiff cannot show that the Challenged Statements on the Product she purchased misled her about the use of preharvest burning because *there was no burning used in the production of the Product*.

Even now, in her *third complaint*, Plaintiff alleges no facts suggesting that the Product she purchased was produced with preharvest burning. This alone is fatal to her claims premised on the

alleged use of preharvest burning. *See Ryan*, 2024 WL 5102651, at *5 (dismissing CLRA, FAL, and UCL claims where "the Court cannot conclude that [p]laintiff's assertion of fraud 'is responsible and supported'" because plaintiff failed to allege how he determined the label was false); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (noting that Rule 9(b) imposes a heightened standard "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis").

In fact, Plaintiff *could not* plausibly allege the Product she purchased was produced using preharvest burning.[6] The front label prominently displays the "USDA Organic" seal, and the back label states, "Certified Organic by Quality Assurances International." (SAC ¶ 23.) Notably, Plaintiff does not dispute the fact that the Product is organic. Nor does she allege that Florida Crystals is violating the NOP. In short, it is undisputed that the Product Plaintiff purchased is USDA Organic and complies with the NOP. *See Brown v. Danone N. Am., LLC*, No. 17-CV-07325-JST, 2018 WL 2021340, at *2 (N.D. Cal. May 1, 2018) ("Only certified organic products may bear the USDA organic logo.") Thus, Plaintiff's allegations cannot support her claims.

Attempting to avoid this fatal defect in her claims, Plaintiff's SAC includes a footnote—unchanged from her FAC—asserting "on information and belief" that Defendant "does not source all of the sugar sold to consumers in the United States as Regenerative Organic Certified Products from Defendant's EAA organic fields." (SAC ¶ 45 n.19.) This tactic fails for several reasons. ***First,*** this allegation is belied by the labels of the organic products, each of which says it was "Grown in the U.S." (*See* Young Decl. ¶¶ 6, 9, 12, Exhs. D, G, J.) Plaintiff has not alleged that these origin statements are false—rather, it appears that she did not even perform the basic diligence of reviewing the Product label in full before lodging "defamatory and extortionate" allegations of fraud. *Ryan*, 2024 WL 5102651, at *5. ***Second***, the NOP's requirements for organic sugar products

[6] Plaintiff's footnote regarding the amount of Florida Crystals' organic acres in relation to conventional acres is irrelevant because the sole product she purchased was USDA Organic and thus grown on Florida Crystals' organic acres. (*See* SAC ¶ 45 n.19.)

apply regardless of where the sugar is grown and harvested. Thus, even if some of the sugar sold in Florida Crystals' organic products was grown and harvested outside the United States—to be clear, it is not—it would not affect the analysis.

Because the Product Plaintiff purchased is USDA Organic—a certification Plaintiff does not challenge—it could not have been produced in the way she alleges. As a result, Plaintiff cannot state a plausible claim for relief based on her allegations regarding Florida Crystals' alleged use of burn harvesting. *See Pargett v. Wal-Mart Stores, Inc.*, No. EDCV192157, 2020 WL 5028317, at *4 (C.D. Cal. Apr. 10, 2020) (dismissing claims where plaintiff's allegations were "fundamentally contradicted" by Energy Star's processes and standards).

**B. Plaintiff's claims premised on water pollution should be dismissed because they do not apply to the USDA Organic Product she purchased and are not pleaded with sufficient particularity.**

Plaintiff also claims that one of the Challenged Statements, "Farming to Help Save the Planet," is misleading because the Product allegedly contributed to "water issues." The few paragraphs in the SAC devoted to water quality remain largely unchanged—and inadequate. Like much of the SAC, the allegations supporting this claim are ill-disguised criticisms of the entire sugar industry, and Plaintiff fails to connect any of those allegations to Florida Crystals' sugarcane production practices, much less the production of the specific USDA Organic product she purchased. (SAC ¶¶ 66-71.) Accordingly, these allegations do not "nudge[] her claims across the line from conceivable to plausible." *See Arroyo v. Pfizer, Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at *4, 6 (N.D. Cal. Jan. 31, 2013) (collecting cases).

Plaintiff's water-related allegations remain far too generalized to state a claim—much less to satisfy the particularity standard under Rule 9(b). Many of Plaintiff's allegations relate only to "Big Sugar" as an industry. To begin, Plaintiff speculates that "*[a]long with Big Sugar co-leader U.S. Sugar Corporation*," Florida Crystals harmed the South Florida region's aquatic environments "by severely disrupting the region's hydrology and aquatic ecosystems." (SAC ¶ 66 (emphasis added).) Then, Plaintiff alleges "*Big Sugar's pollution* disrupts the ecosystems of local waterways." (*Id.* ¶ 67. (emphasis added).) She further alleges that "Defendant and *other major agricultural operators*" dominate the storage in certain unidentified stormwater treatment areas and attributes

the redirection of Lake Okeechobee waters "*in part* to the Defendant's success in securing priority rights" to stormwater treatment areas. (*Id.* ¶ 68 (emphasis added).) Finally, Plaintiff alleges that "as one of the largest landholders," Florida Crystals "plays *a leading role in Big Sugar's* disruption of the natural southward flow of the 'River of Grass.'" (*Id.* ¶ 69 (emphasis added).)

Plaintiff's conclusory allegations group Florida Crystals in with U.S. Sugar Corp. and "Big Sugar." Such industry-wide allegations are not "specific enough to notify the defendants of the particular misconduct constituting fraud." *See Ryan*, 2024 WL 5102651, at *3; *see also Myers v. Starbucks Corp*., No. EDCV 20-00335-CJC, 2020 WL 13302437, at *5-6 (C.D. Cal. July 29, 2020) (granting dismissal where plaintiff's data "concerns [defendant's] company-wide cocoa supply" instead of the product at issue and plaintiff relied on "generalized allegations about industry-wide problems"). Thus, Plaintiff fails to meet her pleading burden, and her claims fail. *See Kavehrad v. Vizio, Inc.*, No. 8:21-CV-01868-JLS-DFM, 2022 WL 16859975, at *4 (C.D. Cal. Aug. 11, 2022) (dismissing fraud-based claims for "impermissible group pleading"); *see also Silvas v. GMAC Mortg., LLC*, No. CV-09-0265-PHX-GMS, 2009 WL 1098462, at *3-4 (D. Ariz. Apr. 23, 2009) (dismissing complaint that was "verbose, amorphous, overbroad, and conclusory").

To the extent Plaintiff attempts to use land ownership as a proxy for fraud, these allegations are irrelevant to whether the Product she purchased was grown on farms that "help save the planet." (*See* SAC ¶¶ 66, 69.) Indeed, Plaintiff seems to argue that the Challenged Statements would be legitimate only if ***Florida Crystals*** did not farm ***in Florida*** at all. Equally irrelevant to the production of the Product she purchased is Plaintiff's allegation regarding the approved "Southland Water Resource Project limestone rock mine." (*Id.* ¶ 70.) Plaintiff does allege how this project relates to whether "Farming to Help Save the Planet" misled her, let alone reasonable consumers, about the production of the Product.

Plaintiff does not plead any facts tying her allegations, and certainly not her purchases, to any of Florida Crystals' farming practices used to produce the Product she purchased. Nor could she plausibly do so because the Product is USDA Organic, and one of the tenets of organic production is to "maintain or improve the natural resources of the operation, *including* soil and *water quality*." 7 C.F.R. § 205.200 (emphasis added). Plaintiff's repeated silence regarding the

production of the Product she purchased demonstrates that she cannot tie her theory of liability to her purchase. Absent any plausible allegations stating a claim against the only Product she purchased, Plaintiff's entire SAC must be dismissed. *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (recognizing Rule 9(b) serves to provide the defendant with adequate notice, protect its reputation, and ensure plaintiffs have an adequate basis for their claims).

## II. Plaintiff's statutory claims fail because reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff claims she did.

Plaintiff's statutory claims fail under the reasonable consumer standard for several independent reasons. ***First***, reasonable consumers would not understand the Challenged Statements to be claims about Florida Crystals' companywide operations. They would understand the Challenged Statements to be about the Product on which they appear, and thus would not be deceived for the reasons explained above. ***Second***, even if consumers understood the Challenged Statements to address company-wide operations, and not the specific Product, they would not interpret the statements in the implausible way Plaintiff does. ***Finally***, Plaintiff's challenge to the claim "Farming to Help Save the Planet" fails because that statement is non-actionable puffery.

### A. Plaintiff's statutory claims are governed by the reasonable consumer standard.

Plaintiff's statutory claims are governed by the reasonable consumer standard. (ECF 51 (Order at 4:24-5:5).) This is an objective standard that the Court may decide as a matter of law. *Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL 3023493, at *3 (N.D. Cal. June 18, 2018); *see also Videtto v. Kellogg USA*, No. 2:08-CV-01324-MCE-DAD, 2009 WL 1439086, at *2 (E.D. Cal. May 21, 2009) ("Primary evidence in a false advertising case is the advertising itself").

The reasonable consumer test requires a plaintiff to "plead facts showing that a 'significant portion of the general consuming public…acting reasonably in the circumstances, could be misled.'" *Freeman v. Indochino Apparel, Inc*., 443 F. Supp. 3d 1107, 1111 (N.D. Cal. 2020) (quoting *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496, 508 (2003)). Plaintiff must allege "more than a mere possibility" that the label "'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Becerra v. Dr Pepper/Seven Up, Inc*., 945 F.3d

1225, 1228 (9th Cir. 2019) (quoting *Lavie*, 105 Cal. App. 4th at 508).

When, as here, "a [c]ourt can conclude as a matter of law that members of the public are not likely to be deceived," dismissal is appropriate. *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013). Courts regularly grant motions to dismiss where the alleged deception is based on an unreasonable or implausible interpretation of a product label. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (dismissal is warranted "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels"); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, No. 3:18-CV-01538-H-MDD, 2019 WL 424703, at *4 (S.D. Cal. Feb. 4, 2019) (statements that butter was made with "Milk From Grass-Fed Cows" and "Natural" would not lead reasonable consumers to believe the cows were 100% grass-fed).

### B. Reasonable consumers would not read the Challenged Statements as representations of companywide environmental practices.

Plaintiff claims consumers would understand the Challenged Statements to be claims about Florida Crystals' "operation-wide environmental benefits" (SAC ¶ 6) and would be misled because Florida Crystals' "pre-harvest burns on the vast majority of its South Florida cane fields and its operation-wide impact on local water systems, harms—rather than saves—the planet." (*Id.* ¶ 27.) In other words, Plaintiff now claims that consumers would be misled by the Challenged Statements—even if those statements accurately describe the Product—because they understand those statements to be universal pledges about Florida Crystals' entire operation. (*See id.* ¶¶ 6, 91.)

This overreaching theory fails because reasonable consumers would not interpret the Challenged Statements to address how Florida Crystals produces all its products. Given that Plaintiff herself could not articulate this company-wide interpretation of the Challenged Statements until after two motions to dismiss and two opportunities to amend, it is simply not plausible that reasonable consumers would adopt such an expansive interpretation. *See Colombo v. Palo Alto Unified Sch. Dist.*, No. 24-CV-00909-NC, 2025 WL 929955, at *10 (N.D. Cal. Mar. 27, 2025) (finding an allegation in an amended complaint "particularly unconvincing where it constitutes a direct reversal and amounts to simply deleting unfavorable allegations in an attempt to state a claim"). Rather, reasonable consumers would understand the statement on ***the Product*** to refer to

***the Product***. Plaintiff alleges no facts—only legal conclusions—suggesting that reasonable consumers would misread the Challenged Statements in this way. (*See, e.g.*, SAC ¶ 22)

Florida Crystals is not aware of *any case* that supports Plaintiff's attempt to expand statements about a product to statements about a company's global operations. As the Court knows, Plaintiff made this argument in opposition to Florida Crystal's motion to dismiss the FAC. (ECF 46 at 2-3.) In that briefing, Plaintiff relied exclusively on two companion cases decided by the same out-of-district judge almost 14 years ago: *Beltran v. Avon Prods., Inc.*, No. SACV 12-02502-CJC, 2012 WL 12303423 (C.D. Cal. Sept. 20, 2012) and *Herrera v. Estee Lauder Companies, Inc.*, No. SACV 12-01169-CJC, 2012 WL 12507876 (C.D. Cal. Sept. 20, 2012) (together, the "Cosmetics Cases"). These cases are legally and factually inapposite.

The question before the court in the Cosmetics Cases was "whether purchasing a non-defective product based on fraudulent misrepresentations can constitute a sufficient injury *for standing purposes*." *Beltran*, 2012 WL 12303423, at *2 (emphasis added); *Herrera*, 2012 WL 12507876, at *2 (emphasis added). Here, in contrast, Florida Crystals *does not* challenge Plaintiff's standing—except her standing to pursue injunctive relief (*see infra* Section V.) Rather, Plaintiff's claims fail *on the merits*. Indeed, the Cosmetics Cases themselves later draw a distinction between the issue of standing and failure to state a claim: "While it may be true that for purposes of standing a plaintiff need not plead with an unrealistic degree of specificity that she relied on particular advertisements, that issue is separate from whether Rule 9(b)'s requirements are met." *Beltran*, 2012 WL 12303423, at *4 (citation omitted); *Herrera*, 2012 WL 12507876, at *4 (citation omitted). Thus, the Cosmetics Cases do not even address the dispositive legal issue before the Court.

The Cosmetics Cases also involved statements explicitly about companywide practices. Specifically, the plaintiffs alleged three cosmetics companies each "engaged in a long-term marketing and advertising campaign touting itself as a company that did not test its products on animals," when "[i]n reality, Defendants were testing products sold in foreign markets on animals, often as required by law in those countries." *Beltran*, 2012 WL 12303423, at *1; *Herrera*, 2012 WL 12507876, at *1. In addition, the challenged statements in the Cosmetics Cases were not made on a specific product but were made on websites, by sales representatives, and in statements to non-

profits. *Id.* Here, in contrast, the Challenged Statements that Plaintiff allegedly relied upon appeared on a specific Product and say nothing about preharvest burning or water quality. To be analogous to the Cosmetics Cases, the Challenged Statements would have to say something like "Florida Crystals never uses preharvest burning." Florida Crystals made no such statement.

Plaintiff also suggests she can assert claims based on Florida Crystals' alleged companywide operations, even if unrelated to the Product, because Florida Crystals' website and social media channels "us[e] general environmental claims referencing Florida Crystals' *companywide practices and attributes*." (SAC ¶ 24.) Plaintiff does not claim to have relied on Florida Crystals' website or social media. (*See id.* ¶ 35c ("In making her purchases, Plaintiff Merrell read [the Challenged Statements] on the Products' label…").) Because these platforms had no bearing on Plaintiff's decision to purchase the Product, Plaintiff cannot attempt to save her claims with allegations regarding them. *See Cortez v. Handi-Craft Co., Inc.*, No. 4:24-CV-3782-YGR, 2025 WL 1452561, at *3 (N.D. Cal. Apr. 29, 2025) (recognizing "reliance" as one of the three elements of a claim under the UCL, FAL, and CLRA); *see also Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 21 (N.D. Cal. 2020) ("assessing a website with regard to plaintiffs' claims is not appropriate when plaintiffs did not purchase the product or allege that they used the website); *In re Big Heart Pet Brands Litig.*, No. 18-CV-00861-JSW, 2019 WL 8266869, at *15-16 (N.D. Cal. Oct. 4, 2019) (dismissing claims against statements made on websites where "none of the Plaintiffs allege they visited or viewed the statements").

Finally, Plaintiff editorializes that Florida Crystals "branded" itself as "*the* eco-friendly sugar option in the United States" and "the country's most environmentally conscious and climate-friendly sugar company." (SAC ¶¶ 5-6, 8.) But the Product says *nothing of the sort*, and attacking this strawman cannot state a claim. *Miller v. Philips N. Am. LLC*, No. 24-CV-03781-RFL, 2025 WL 582160, at *2 (N.D. Cal. Feb. 20, 2025) ("Representations must be analyzed according to what they 'actually say,' and not based on their 'implied meaning.'"); *Andrade-Heymsfield v. Danone US, Inc.*, No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *2, *7, *9 (S.D. Cal. Aug. 14, 2019) ("[A]llegations of deception must be assessed according to what the advertisement or label depicts and actually says, and not allegations of implied meaning.") The Challenged Statements do not

promise an agricultural operation that embodies Plaintiff's subjective beliefs about the best environmental production practices, and Plaintiff's claims based on that false expectation fail. *See Myers*, 2020 WL 13302437, at *2, *4-5 (dismissing claims against granola bars labeled "supports sustainably sourced cocoa through Cocoa Horizons" where "no reasonable consumer could interpret [the] label as a promise to eliminate unethical practices from its supply chain").

In sum, Plaintiff's claims fail as a matter of law because reasonable consumers would not understand the Challenged Statements to be representations about Florida Crystals' companywide operations. Plaintiff has pleaded no facts and has identified no case law supporting such a radical expansion of false advertising law.

### C. Reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff does.

Even if consumers understood the Challenged Statements to address Florida Crystals' companywide operations, they would not read them to be pledges to refrain from preharvest burning or contributing to vague water quality issues, as Plaintiff alleges. (SAC ¶¶ 35d, 91, 99h.)

Rather than leaping to conclusions, *reasonable consumers* seeking to understand the Challenged Statements would consult the other information on the Product label. Reading the Challenged Statements in context, consumers would understand that the farms "help fight climate change" and "build healthy soils" through farming practices that qualify the Product to be labeled Regenerative Organic Certified®, Non-GMO Project Verified, and USDA Organic—all of which is true and undisputed.

Plaintiff's inability to plausibly allege facts suggesting reasonable consumers would be deceived is unsurprising. Indeed, Plaintiff bought the Product ***for years*** before the Challenged Statements appeared, which belies her claim that she bought the Product in reliance on the Challenged Statements. (*See supra* at pp. 5-6.) *See Clark v. Hershey Co*., No. 18-CV-06113 WHA, 2019 WL 6050763, at *3-4 (N.D. Cal. Nov. 15, 2019) (finding no reliance where one plaintiff "only claim[ed] reliance when he first bought the product, before the label was even present" and another based her injury on "an initial misunderstanding when the label was not even present").

**1. Plaintiff's claims are based on an unreasonable misreading of the Challenged Statements.**

Plaintiff's interpretations of the Challenged Statements are implausible. To Plaintiff, it is not enough that Florida Crystals operates certified USDA Organic and Regenerative Agriculture farms and builds local habitats for pollinators and birds—practices stated on unchallenged portions of the label. Instead, Plaintiff insists that "farms help fight climate change and build healthy soil" *only if* they meet her criteria. For example, Plaintiff alleges the Challenged Statements portray Florida Crystals as "a company that fights climate change (by ensuring a net-neutral or better greenhouse gas footprint)[.]" (SAC ¶ 29.) But again, the Product's label makes no such statement. The Product says, "farms help fight climate change," not that the Product's production results in a *net reduction* in greenhouse gases. And again, Plaintiff cannot base claims on statements the label does not make. *See Miller*, 2025 WL 582160, at * 2 (BPA Free "cannot be extrapolated to imply that the [p]roducts are devoid of *all* harmful plastic byproducts").

Plaintiff also claims she understood the label to mean that Florida Crystals produces sugar products without preharvest burning or contributing to "water issues." But the Product says *nothing* about harvesting techniques or water quality issues. *See Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. 2021) ("A reasonable consumer would not read into the label what is simply not there."). Plaintiff has alleged no *facts* suggesting reasonable consumers would understand the statement "Farming to Help Save the Planet" to mean Florida Crystals does not use specific harvest techniques or that it does not "contribute[] to South Florida's water issues." (SAC ¶ 35d.) *See West v. Sambazon, Inc.*, 750 F. Supp. 3d 356, 372 (S.D.N.Y. 2024) (granting dismissal where the plaintiff "does not explain what would make her—or, more to the point, a reasonable consumer, think" the term "fair trade" and the Fair for Life certification "meant anything in particular, let alone that they guarantee no child labor or unfair labor practices ever enter the supply chain"). Nor does Plaintiff's belief that Florida Crystals should use other farming practices render Florida Crystals' truthful statements about its operations misleading. *See Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 150 (S.D.N.Y. 2022) ("That Plaintiff and PETA believe that Defendant should use a different method of measuring the Product's carbon footprint does not plausibly suggest that

what Defendant in fact says is materially misleading." (internal citation omitted))

Plaintiff appears to assume that she can state a claim by alleging that a particular statement is discouraged by the Green Guides. That is simply not correct. The Green Guides do not create a private right of action. *See Bogavac v. El Pollo Loco, Inc*., No. 25-CV-0339-MMA-BLM, 2025 WL 1177541, at *9 (S.D. Cal. Apr. 23, 2025) ("The Green Guides were promulgated pursuant to Section 5 of the FTC Act," which "provides no private right of action."); *see also* 16 C.F.R. § 260.1(a) ("[These guides] do not confer any rights on any person and do not operate to bind the FTC or the public.") Nor do the Green Guides—or any other statement by a federal agency—govern the reasonable consumer test. *See Bush v. Rust-Oleum Corp.*, No. 20-CV-03268-LB, 2024 WL 308263, at *3 (N.D. Cal. Jan. 26, 2024) (recognizing that the Green Guides "aren't dispositive under the reasonable-consumer test"); *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460-RS, 2016 WL 7324990, at *3 (N.D. Cal. Dec. 16, 2016) (federal agencies do not "determine whether a product is misleading under [California's consumer-protection] laws"); *see also Hill v. Roll Internat. Corp*., 128 Cal. Rptr. 3d 109, 114 (Cal. Ct. App. 2011) ("[T]he gravamen of a CLRA action remains that the environmental marketing claim must be 'untruthful, deceptive, or misleading'").

Plaintiff asserts that "Farming to Help Save the Planet" is discouraged by the Green Guides because it is equivalent to the term "Eco-Friendly" in that it "promises 'far-reaching environmental benefits'" yet "def[ies] easy substantiation." (SAC ¶ 83.) Of course, the Challenged Statements themselves are not mentioned in the Green Guides, nor the related California statute. 16 C.F.R. §§ 260.3(c), 260.4(b); Cal. Bus. & Prof. Code § 17580.5. Further, the Challenged Statements use aspirational language ("helps save") and are limited to one aspect of the supply chain ("farming" and "farms"). The Challenged Statements also appear on the Product label, which qualifies and clarifies the specific types of environmental benefits being touted. *Hill*, 195 Cal. App. 4th at 1305 ("[T]he FTC [Green] Guides do not prohibit … 'touting' a product's 'green' features."). Specifically, the Product's front label says that it is "USDA Organic," "Regenerative Organic Certified," and "Non-GMO Project Verified," which provide context to the Challenged Statements. The back labels further elaborate, explaining that regenerative agriculture pulls carbon from the air into the soil, and that Florida Crystals builds habitats for pollinators and birds. Thus, the Challenged

Statements do not convey that Florida Crystals' entire operations have "no negative environmental impact," as Plaintiff asserts. (SAC ¶ 75.) *See Lizama v. H&M Hennes & Mauritz LP*, No. 4:22 CV 1170, 2023 WL 3433957, at *8 (E.D. Mo. May 12, 2023) (relying on qualifying statements to reject claim that statements about defendant's "conscious choice" program were deceptive under the Green Guides, which the court described as "administrative interpretations").

In short, Plaintiff's claims are based on an unreasonable interpretation of the Challenged Statements, and piling conjecture upon conjecture does not state a plausible claim for relief. *See Myers v. Starbucks Corp*., No. 22-55930, 2024 WL 3102800, at *1 (9th Cir. June 24, 2024) (affirming dismissal where "a significant portion of reasonable chocolate consumers" would not believe "We buy cocoa from Rainforest Alliance Certified™ farms, traceable from the farms into our factory" meant all the cocoa beans were produced without child labor and deforestation).

**2. Plaintiff's claims ignore the context in which the Challenged Statements are made.**

Plaintiff's reading of the Challenged Statements should also be rejected because it ignores the context in which they appear. The Challenged Statements are, at most, ambiguous, and thus reasonable consumers would rely on "contextual inferences regarding the product itself and its packaging" and "would necessarily require more information before they could reasonably conclude" that a particular interpretation is correct.[7] *See Moore*, 4 F.4th at 882-83. Thus, in evaluating whether reasonable consumers would be deceived, the Court should "consider any 'additional information' available to consumers on the packaging." *Brown v. Brita Prods. Co*., No. CV 23-7851-DMG, 2024 WL 4815354, at *4 (C.D. Cal. Sept. 30, 2024) (quoting *McGinity v. Procter & Gamble Co*., 69 F.4th 1093, 1097–98 (9th Cir. 2023)). This information can include other statements on the label, common sense, and common knowledge about the product. *Moore*, 4 F.4th at 883; *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Becerra*, 945 F.3d at 1229.

Because reasonable consumers view labels ***in context***, they would understand that the Challenged Statements connect directly to the other front-label components, indicating that the

[7] Plaintiff has never disputed that the Challenged Statements are ambiguous nor has Plaintiff ever argued that the Challenged Statements are unambiguously deceptive.

Product is "Regenerative Organic Certified," "Non-GMO Certified," and "USDA Organic." *See Hodges v. King's Hawaiian Bakery West, Inc*., No. 21-CV-04541-PJH, 2021 WL 5178826, at *6-7 (N.D. Cal. Nov. 8, 2021) (Plaintiff cannot be "selectively blind" when viewing defendant's statements.) Read in this context, reasonable consumers would understand that the farming of the Products helps fight climate change and build healthy soil through the production methods required of farms that are certified as USDA Organic, Regenerative Organic, and Non-GMO. *See Dorris v. Danone Waters of Am.*, No. 22 CIV. 8717, 2024 WL 4792048, at *6 (S.D.N.Y. Nov. 14, 2024) ("Carbon Trust" logo on the back of the product "should have put a reasonable consumer on notice that it meant something about the product in relation to its 'carbon neutral' claim.").

Moreover, the back label provides more information to consumers about the meaning of the Challenged Statements. *See McGinity*, 69 F.4th at 1099 ("ambiguity can be resolved by reference to the back label"). The back of the Product packaging explains that Florida Crystals helps (1) build healthy soil because it works with "farmers of Regenerative Organic Certified land," (2) fight climate change by pulling "carbon from the air and stor[ing] it in the soil," and (3) save the planet by—in addition to the preceding benefits—supporting "local habitats for pollinators and birds" and thus protecting biodiversity. (Young Decl. ¶ 6, Ex. D.) The back label also features a "How2Recycle label" to assist consumers in recycling the Product, thereby helping to reduce waste and fight climate change.[8] (*Id.*) Plaintiff has not disputed the validity of any of these statements or practices.

In this context, it is implausible for Plaintiff to claim that reasonable consumers would understand the Challenged Statements to mean that none of Florida Crystals' farms use preharvest burning or contribute to "water issues"—topics addressed nowhere on the label. *See Brown*, 2024 WL 4815354, at *4 (finding label would not deceive reasonable consumers because "there is plenty of accurate additional information that is readily available to consumers when purchasing").

---

[8] Plaintiff is thus wrong when she alleges that "nowhere on the Products' packaging does Defendant attempt to meaningfully substantiate *any* of these general environmental benefit claims." (SAC ¶ 84.) Even if this were correct, it would be immaterial because "private plaintiffs, unlike prosecuting authorities, do not have the power to require defendants to substantiate their advertising claims." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095-96 (9th Cir. 2017) (citation omitted).

**D. The statement "Farming to Help Save the Planet" is non-actionable puffery.**

Plaintiff claims the statement "Farming to Help Save the Planet" is misleading to consumers because she alleges that "Big Sugar" harms local "aquatic environments." (SAC ¶¶ 66-71.) This claim fails for the independently sufficient reason that this statement is non-actionable puffery. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 555 (N.D. Cal. 2019) ("Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss.").

Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). "[T]he difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008). A statement that is "quantifiable" and makes a claim as to the "specific or absolute characteristics of a product" may be actionable, but a "general, subjective claim" is not. *Id.*; *Weiss v. Trader Joe's Co.*, No. 8:18-CV-01130-JLS-GJS, 2018 WL 6340758, at *4 (C.D. Cal. Nov. 20, 2018) ("To be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact."), *aff'd sub nom.*, 838 F. App'x 302 (9th Cir. 2021).

"Farming to Help Save the Planet" is just the sort of "generalized, vague and unspecific assertion[]" that no reasonable consumer would rely upon. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). *Myers v. Starbucks Corp*. is instructive on this point. 2020 WL 13302437, at *4-5. In *Myers*, the court concluded that the statement "supports sustainably sourced cocoa through Cocoa Horizons" on a granola product was non-actionable puffery given the aspirational language and "no reasonable consumer could interpret [defendant's] label as a promise to eliminate unethical practices from its supply chain." *Id*. The same is true here. "Help" is nearly synonymous with "promote" and "support" that the *Myers* court deemed aspirational. *Id*. at *4. No reasonable consumer would interpret "Farming to Help Save the Planet" as a promise to eliminate all potential negative environmental impacts in the sugarcane production process. *See Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 662, 672-73 (N.D. Ill. 2024) ("committed to sourcing sustainable seafood" is "corporate blather about [defendant's] aspirations"

and "cloaked in the type of vague and aspirational language that amounts to mere puffery").

In short, the equivocal language "Help Save" makes no promises as to specific outcomes, practices, or characteristics and is thus non-actionable puffery. *See People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc*., No. 15-CV-04301, 2016 WL 1642577, at *3 (N.D. Cal. Apr. 26, 2016) ("Great-Tasting Meat From Healthy Animals" and "Raised Right Tastes Right" were not quantifiable, objective statements and therefore not actionable); *Levit v. Nature's Bakery, LLC*, 767 F. Supp. 3d 955, 964 (N.D. Cal. 2025) ("[W]hat we bake in is as important as what we leave out" was an unmeasurable claim "on which no reasonable buyer would rely.").

**III. Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations.**

Plaintiff's breach of warranty and unjust enrichment claims fail for the same reason her statutory claims fail: Plaintiff has not alleged any actionable misrepresentations by Florida Crystals.

Plaintiff did not make any meaningful changes to her warranty allegations in her SAC. (*See* SAC ¶¶ 182-88.) Her warranty claim continues to mirror her statutory claim and thus fails for the same reasons. *See Weiss*, 2018 WL 6340758, at *8 (dismissing plaintiff's claims for breach of express warranty and implied warranty of merchantability where those claims were premised on the same allegations as plaintiff's inadequately pleaded CLRA, UCL, and FAL claims).

To state a claim for breach of express warranty, a plaintiff "must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Kearney v. Hyundai Motor America*, No. SACV09–1298, 2010 WL 8251077, at *7 (C.D. Cal. Dec. 17, 2010). Here, Plaintiff alleges that "Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products, among other things, conform to the Challenged Representations." (SAC ¶ 184.) Florida Crystals did not promise that the Product would not be produced with preharvest burns or contribute to water issues. *See Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 959 (S.D. Cal. 2024) (dismissing express warranty claim where "Plaintiff does not plausibly allege that Defendant promised, as a basis of the parties' bargain, that the beverages would contain fruit juice").

Similarly, Plaintiff's unjust enrichment claim fails because the predicate claim—*i.e.*, that

Defendant engaged in misleading advertising (*see* SAC ¶ 193)—fails for the reasons explained above. *Weiss*, 2018 WL 6340758, at *8. Essentially, Plaintiff has "not plausibly allege[d] that [Florida Crystals] engaged in unlawful conduct and has therefore been 'unjustly enriched' to support Plaintiff's claim for unjust enrichment." *Dawson*, 716 F. Supp. 3d at 959.

**IV. Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law.**

Plaintiff's UCL claim sounds in equity, *see Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 9 Cal. 5th 279, 305 (2020), as does her request for injunctive relief, including her request under the CLRA (*see* SAC ¶¶ 103, 141). As the Ninth Circuit made clear in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), a plaintiff cannot seek equitable relief under these statutes without first establishing the lack of an adequate remedy at law. Following *Sonner*, courts in the Ninth Circuit have repeatedly dismissed equitable claims under the UCL and CLRA. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it does not."); *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076, at *6 (N.D. Cal. June 16, 2022) (similar); *Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (similar).

Here, Plaintiff's claims for equitable relief should be dismissed because her allegations focus on *economic injuries* that could be remedied by the legal remedy of damages if her claims were plausible. *See Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2025 WL 82211, at *14 (N.D. Cal. Jan. 13, 2025) (van Keulen, J.) (distinguishing between claims for economic harm, for which equitable relief was not available, and claims for loss of privacy, which "legal relief cannot adequately remedy").

Florida Crystals made this argument in its motion to dismiss the FAC. (ECF 41 at 22-23.) The Court gave Plaintiff another chance to allege facts showing she lacks an adequate remedy at law. (ECF 51 (Order at 8:17).) She did not. Instead, the SAC relies on the same inadequate allegations, many of which are mere legal conclusions. (*See* SAC ¶¶ 101-02.) For example, Plaintiff

alleges that legal remedies are inadequate because her equitable claims have longer limitations periods than her legal claims. (*Id*. ¶ 101.) Courts have considered and rejected this argument. *Mish v. TForce Freight, Inc*., No. 21-CV-04094, 2021 WL 4592124, at *6-7 (N.D. Cal. Oct. 6, 2021); *see also Martinez v. Hub Group Trucking, Inc*., No. CV20-01384, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021). Plaintiff also alleges that her equitable claims may reach a broader range of conduct or provide for additional relief. (SAC ¶ 102.) But she fails to plead *any facts* showing that monetary damages would be *inadequate* to remedy her only alleged harm: economic injury. *See e.g.*, *Zaback v. Kellogg Sales Co*., No. 320CV00268, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (collecting cases).

**V. Plaintiff lacks Article III standing to seek injunctive relief.**

If any of Plaintiff's claims survive, her request for injunctive relief must be dismissed because she lacks Article III standing to seek this remedy. To have standing to seek injunctive relief, the plaintiff must face a threatened injury that is "*certainly impending* to constitute injury in fact." *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 967 (9th Cir. 2018) (citations omitted). In contrast, "conjectural or hypothetical" "allegations of *possible* future injury are not sufficient." *Id.* In addition, the proposed class representative must herself allege an imminent threat of future injury; if none of the named plaintiffs have standing, "none may seek relief on behalf of himself or any other member of the class." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc*., 926 F.3d 528, 532 (9th Cir. 2019) (citation omitted).

The Ninth Circuit has identified two limited situations where "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false." *Davidson*, 889 F.3d at 969. The first is where the consumer plausibly alleges that she "would like to" buy a product again, but she cannot "rely on the product's advertising or labeling" without a corrective injunction. *Id*. at 970. The second is where the consumer plausibly "might purchase the product in the future" because "she may reasonably, but incorrectly, assume the product was improved." *Id.*

Plaintiff attempts to fit her case within these exceptions, but her allegations are mere legal conclusions that should be disregarded. (*See* SAC ¶¶ 35g, 36.) This is not a case where Plaintiff

cannot rely on a product's labeling in the future because "those cases involv[e] product descriptions that cannot be verified merely by looking at the label." *Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020); *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 963 (N.D. Cal. 2022) (plaintiffs had standing to seek injunctive relief because of "difficult-to-ascertain nature of the alleged misrepresentation"). Here, in contrast, "plaintiff learn[ed] information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward," and therefore "an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5.

Indeed, Plaintiff *should* have learned through pre-suit diligence that USDA Organic sugar products are not produced using preharvest burning or methods that harm water quality. But in any event, she knows that now. *See Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (plaintiff lacked standing to seek injunctive relief because "in the future [plaintiff can] simply look at the label on Defendant's coconut oil ... and put it back"); *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (noting that "several district courts … have found a plaintiff lacks standing where the plaintiff could 'easily discover whether a previous misrepresentation had been cured without first buying the product'"). Thus, Plaintiff lacks standing to seek injunctive relief. *See Rahman v. Mott's LLP*, No. 13-CV-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (dismissing claim for injunctive relief where plaintiff "is able to rely on the packaging now that he understands the 'No Sugar Added' label").

## VI. Plaintiff cannot recover punitive damages.

Plaintiff requests punitive damages under her FAL, warranty, and unjust enrichment claims (*see* SAC ¶¶ 126, 188, 195), but none of those claims provides for punitive damages. *See Tovmasyan v. Target Corp.*, No. 2:25-CV-02314-MRA-KS, 2025 WL 1288020, at *6-7 (C.D. Cal. May 2, 2025) (dismissing request for punitive damages under FAL, unjust enrichment, and warranty claims); *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) (similar). Thus, her request for punitive damages should be dismissed.

## CONCLUSION

Defendant respectfully requests that the Court dismiss the SAC with prejudice.

DATED: January 23, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: *__/s/ Tyler A. Young__*

WHITNEY A. THOMPSON
SARAH L. BREW (Admitted *Pro Hac Vice*)
TYLER A. YOUNG (Admitted *Pro Hac Vice*)

Attorneys for Defendant
FLORIDA CRYSTALS CORP.