**FAEGRE DRINKER BIDDLE & REATH LLP**
WHITNEY A. THOMPSON (SBN 336655)
*whitney.thompson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
SARAH L. BREW (Admitted *Pro Hac Vice*)
*sarah.brew@faegredrinker.com*
TYLER A. YOUNG (Admitted *Pro Hac Vice*)
*tyler.young@faegredrinker.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: +1 612 766 7000
Facsimile: +1 612 766 1600

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY MERRELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA CRYSTALS CORP.<br><br>Defendant. | Case No. 5:25-cv-02264-SVK<br><br>Hon. Susan van Keulen<br>Courtroom 6, 4th Floor<br><br>**DEFENDANT FLORIDA CRYSTALS CORP.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date: Tuesday, March 3, 2026<br>Time: 10:00 A.M.<br>Dept: Courtroom 6, 4th Floor<br><br>Complaint Filed: March 5, 2025<br>FAC Filed: June 12, 2025<br>SAC Filed: January 9, 2026 |

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Plaintiff's SAC should be dismissed with prejudice because the production practices to which she objects do not apply to the sole Product she purchased. ........ 2

A. Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the USDA Organic Product she purchased was not produced using preharvest burning. ........ 2

B. Plaintiff's claims premised on water pollution should be dismissed with prejudice because they do not apply to the USDA Organic Product she purchased and are not pleaded with sufficient particularity. ........ 3

II. Plaintiff's statutory claims fail because reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff claims she did. ........ 4

A. Plaintiff misunderstands the reasonable consumer standard. ........ 4

B. Reasonable consumers would not read the Challenged Statements in the way Plaintiff allegedly does. ........ 5

C. Reasonable consumers would not be deceived in the way Plaintiff allegedly was. ........ 8

1. Plaintiff's claims are based on an unreasonable misreading of the Challenged Statements. ........ 8

2. Plaintiff's claims ignore the context in which the Challenged Statements are made. ........ 11

D. The statement "Farming to Help Save the Planet" is non-actionable puffery. ........ 12

III. Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations. ........ 14

IV. Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law. ........ 14

V. Plaintiff lacks Article III standing to seek injunctive relief. ........ 15

VI. Plaintiff cannot recover punitive damages. ........ 15

VII. Dismissal should be with prejudice. ........ 15

CONCLUSION ........ 15

## TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Beltran v. Avon Prods., Inc.*,
No. SACV 12-02502-CJC, 2012 WL 12303423 (C.D. Cal. Sept. 20, 2012) .................... 1, 7, 8

*Broussard v. Dole Packaged Foods, LLC*,
No. 23-CV-03320-HSG, 2024 WL 1540221 (N.D. Cal. Apr. 8, 2024) .................... 11

*Bush v. Mondelez Int'l, Inc.*,
No. 16-cv-02460-RS, 2016 WL 7324990 (N.D. Cal. Dec. 16, 2016) .................... 13

*Clark v. Am. Honda Motor Co.*,
528 F. Supp. 3d 1108 (C.D. Cal. 2021) .................... 15

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .................... 14

*Davidson v. Sprout Foods Inc.*,
No. 22-CV-01050-RS, 2022 WL 13801090 (N.D. Cal. Oct. 21, 2022) .................... 8, 14

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .................... 5

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021) .................... 15

*Gutierrez v. Kendal Nutricare USA LLC*,
No. 2:24-CV-02434-DC-CSK, 2025 WL 2693812 (E.D. Cal. Sept. 22, 2025) .................... 9

*Herrera v. Estee Lauder Companies, Inc.*,
No. SACV 12-01169-CJC, 2012 WL 12507876 (C.D. Cal. Sept. 20, 2012) .................... 1, 7, 8

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2025 WL 82211 (N.D. Cal. Jan. 13, 2025) .................... 6, 15

*Kavehrad v. Vizio, Inc.*,
No. 8:21-CV-01868-JLS-DFM, 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) .................... 4

*La Barbera v. Olé Mexican Foods Inc.*,
No. EDCV 20-2324, 2023 WL 4162348 (C.D. Cal. May 18, 2023) .................... 11

*Lavie v. Proctor & Gamble Co.*,
129 Cal.Rptr.2d 486 (Cal. Ct. App. 2003) .................... 9

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .................... 12

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .......... 11, 12

*Newcal Indus., Inc. v. IKON Off. Sol.*,
513 F.3d 1038 (9th Cir. 2008) .......... 13

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 14

*Stanwood v. Mary Kay, Inc.*,
941 F. Supp. 2d 1212 (C.D. Cal. 2012) .......... 7

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......... 4

*Varela v. Walmart, Inc.*,
No. CV 20-4448-GW-KSX, 2021 WL 2172827 (C.D. Cal. May 25, 2021) .......... 8, 12

*In re Volkswagen 'Clean Diesel' Marketing, Sales Practices and Products Liability Litigation*,
2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) .......... 4

*West v. Sambazon, Inc.*,
750 F. Supp. 3d 356 (S.D.N.Y. 2024) .......... 9

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) .......... 5, 12

*Williams v. Gerber Prods. Co.*,
552 F.3d 934, 939 (9th Cir. 2008) .......... 5, 13

*Zahora v. Orgain LLC*,
No. 21 C 705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) .......... 9

**Statutes, Rules & Regulations**

7 C.F.R. § 205.200 .......... 3

7 C.F.R. § 205.203 .......... 3

16 C.F.R. § 260.3 .......... 10

16 C.F.R. § 260.4 .......... 10

Cal. Bus. & Prof. Code § 17580.5 .......... 10

## INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") should be dismissed with prejudice. Plaintiff's Opposition ("Opp.") concedes, either expressly or by failing to meaningfully dispute, many of the critical points established in Florida Crystals' opening brief ("Mot."). Plaintiff fails to dispute that (1) the National Organic Program prohibits preharvest burning and impairment of water quality in the production of the product she purchased (the "Product") (*see* Mot. at 6-7, 8-12); (2) she bought the Product for years before the Challenged Statements appeared (*see id*. at 5-6, 16); and (3) she cannot recover punitive damages (*see id*. at 25). Finally, Plaintiff does not dispute "that none of the organic Products contain sugar sourced from burn-harvested cane fields." (Opp. at 9-10 n.3.) These concessions simplify the Court's task significantly.

As for the remaining disputed issues, Plaintiff's arguments lack merit and do not alter the common-sense conclusion that a consumer cannot claim she was misled by the labeling of a product she purchased because she does not like the choices the company allegedly makes related to ***different products she did not purchase***. Just as in prior briefing, Plaintiff incorrectly contends that "California federal courts have affirmed that consumers may pursue false advertising claims for company-wide misrepresentations even if the product they purchased did not itself derive from the harmful practices that rendered those company-wide claims false." (*Id*. at 6.) But even after three complaints and three motions to dismiss, Plaintiff offers no meaningful authority to support this distortion of false advertising law. As Florida Crystals predicted, (*see* Mot. at 14) Plaintiff again bases this far-reaching argument on **only** two companion cases decided by the same out-of-district judge 14 years ago: *Beltran v. Avon Prods., Inc*., No. SACV 12-02502-CJC, 2012 WL 12303423 (C.D. Cal. Sept. 20, 2012); *Herrera v. Estee Lauder Companies, Inc*., No. SACV 12-01169-CJC, 2012 WL 12507876 (C.D. Cal. Sept. 20, 2012) (together, "the Cosmetics Cases"). As shown below and in prior briefing, the Cosmetics Cases do not support Plaintiff's claims for a host of reasons.

Plaintiff's other arguments are equally unpersuasive. Plaintiff has now had two opportunities to amend—most recently with the benefit of the Court's input—and yet has pled no facts capable of stating a claim. The SAC should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's SAC should be dismissed with prejudice because the production practices to which she objects do not apply to the sole Product she purchased.

Florida Crystals established in its opening brief—and in its prior motions to dismiss—that the production practices about which Plaintiff complains do not apply to the sole Product she purchased. (Mot. at 8.) Plaintiff has *never* meaningfully disputed this proposition, and she has now effectively conceded it twice over. First, in her SAC, Plaintiff removed her allegations that the Challenged Statements led her to hold certain beliefs about the production *of the Product she purchased*.[1] (*Compare* SAC ¶ 35c *with* FAC ¶ 29c.) Second, in her Opposition, Plaintiff took the extreme position that "whether the specific purchased Products were produced in a less-harmful manner than the unpurchased Products covered in this action is *irrelevant*." (Opp. at 4 (emphasis added).) Because the production practices to which Plaintiff complains do not apply to the Product she purchased, she cannot state a claim. The SAC thus fails.

#### A. Plaintiff's claims premised on preharvest burning should be dismissed with prejudice because the USDA Organic Product she purchased was not produced using preharvest burning.

In her Opposition, Plaintiff effectively concedes that the Product she purchased was not produced using preharvest burning. She does not dispute that the National Organic Program ("NOP") prohibits the use of preharvest burning on organic products, (*see* Mot. at 6-7, 8-9) and she does not dispute that the Product is certified USDA Organic. (*Id.* at 5-6, 8-10.) In fact, she does not even assert that the Product was produced using preharvest burning. Instead, as to "Defendant's assertion that none of the organic Products contain sugar sourced from burn-harvested cane fields," she explicitly says that "***Plaintiff does not assert that this is false***." (Opp. at 9-10 n.3 (emphasis added).) Thus, this fact is undisputed and dispositive.

Yet again, Plaintiff seeks to minimize the importance of this concession by saying that this undisputed fact is "not central to Plaintiff's [claims]" and "should not be assumed to be true based solely on Defendant's Motion statements," because "Defendant does not support its assertion with

[1] In her Opposition, Plaintiff for the first time contends that there are *three* statements at issue. (*See, e.g.*, Opp. at 11, 12, 17, 24.) In her SAC, Plaintiff describes the "**Challenged Representations**" as "'Farming to Help Save the Planet' and 'farms help fight climate change & build healthy soils,' together with green-dominated packaging." (SAC ¶ 23.)

affidavits, third-party certification records, or other corroborating documentation." (*Id.*) But this is not a case where Florida Crystals is simply explaining its production practices in a motion. Rather, it is undisputed that (1) the Product is certified USDA Organic, and (2) USDA Organic sugar products cannot be burn harvested. And Plaintiff concedes she has no basis to claim that the Product does not comply with the USDA Organic certification requirements.

**B. Plaintiff's claims premised on water pollution should be dismissed with prejudice because they do not apply to the USDA Organic Product she purchased and are not pleaded with sufficient particularity.**

Plaintiff's claims against the statement "Farming to Help Save the Planet" based on "water issues" fail for two reasons: (1) Plaintiff has not plausibly pleaded that the alleged water impairments are associated with the Product she purchased, and (2) Plaintiff's improper group pleading is insufficient to state a claim. Plaintiff's arguments to the contrary do not hold water.[2]

First, Florida Crystals established that Plaintiff's nonspecific allegations about water issues cannot state a claim based on the Product she purchased. (*See* Mot. at 10-12.) Plaintiff spends most of her response reciting her allegations that Florida Crystals (a) had a historic role in "introducing eutrophic fertilizers into local waterways," (b) "fought for years to … protect dominance of the region's stormwater treatment areas … storage capacity," and (c) "occup[ies] close to *half* of the EAA's approximately 400,000 acres of sugarcane farms." (Opp. at 12-14.) That ducks the issue. Plaintiff does nothing to explain how any of her allegations connect to the specific Product she purchased. *Nor could she*. Florida Crystals established—and Plaintiff *does not dispute*—that the NOP regulations governing the Product prohibit the use of synthetic fertilizers and require organic operations to use crop management practices that "maintain or improve the natural resources of the operation, including soil and water quality." 7 C.F.R. §§ 205.200, 205.203; (Mot. at 6, 11.)

Second, Plaintiff argues that she did not engage in improper "group pleading" because "'Big Sugar' is widely understood to refer to the dominant combination of Defendant and U.S. Sugar Corporation." (Opp. at 13.) But as Plaintiff's own definition makes clear, her allegations are not specific to Florida Crystals. They speak only to the combined "historic role" of Florida Crystals

---

[2] In her Opposition, Plaintiff attributes quotes to Florida Crystals that do not appear in Florida Crystals' brief. (*Compare* Opp. at 12 *with* Mot. at 11, 14.)

*and* U.S. Sugar Corporation's operations across the vast Everglades Agricultural Area. (*Id.*) As Florida Crystals warned in its prior briefing, this sort of non-specific "group pleading" does not satisfy any pleading standard, much less the heightened Rule 9(b) standard for fraud claims. (ECF 49 at 7); *see, e.g.*, *Kavehrad v. Vizio, Inc.*, No. 8:21-CV-01868-JLS-DFM, 2022 WL 16859975, at *4 (C.D. Cal. Aug. 11, 2022) (dismissing fraud-based claims for "impermissible group pleading"); *In re Volkswagen 'Clean Diesel' Marketing, Sales Practices and Products Liability Litigation*, 2019 WL 4581340, at *6 (N.D. Cal. Sept. 20, 2019) ("[G]roup pleading is not permitted by Rule 9(b), which 'does not allow a complaint to merely lump multiple defendants together.'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).)

In sum, Plaintiff cannot state a claim because it is undisputed that the production practices about which she complains do not apply to the only Product she purchased.

## II. Plaintiff's statutory claims fail because reasonable consumers would not interpret the Challenged Statements in the implausible ways Plaintiff claims she did.

Florida Crystals established that (1) reasonable consumers would understand the Challenged Statements to describe the production of the Product on which they appear, not to address Florida Crystals' companywide operations; (2) reasonable consumers, even if they interpreted the Challenged Statements as companywide representations, would not interpret them in the hyper-specific, atextual way that Plaintiff does; and (3) one of the Challenged Statements, "Farming to Help Save the Planet," is non-actionable puffery. (*See* Mot. at 12-22.) In her Opposition, Plaintiff simply restates the allegations—most of which are legal conclusions—in her SAC and fails to engage with the governing caselaw cited in Florida Crystals' opening brief.

### A. Plaintiff misunderstands the reasonable consumer standard.

Plaintiff concedes that her statutory claims are governed by the reasonable consumer standard but continues to downplay this standard as "deferential," "lenient," and "modest." (Opp. at 17-18.) Ultimately, Plaintiff asserts that it is Florida Crystals' burden to show "it is *impossible* that reasonable consumers would be misled by the Challenged Representations." (*Id.* at 22.)

Plaintiff continues to misstate the relevant Ninth Circuit cases even after Florida Crystals addressed this exact point in its prior briefing. (ECF 49 at 8-9.) In *Williams v. Gerber Prods. Co.*,

the court used the word "impossible" only once, in describing why a motion to dismiss had been upheld in a prior case: "[I]t was not necessary to evaluate additional evidence regarding whether the advertising was deceptive, since the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." 552 F.3d 934, 939 (9th Cir. 2008). Nowhere did *Williams* announce the rule that Plaintiff seeks to apply—*i.e.*, that dismissal is proper only when it would be impossible that reasonable consumers would be misled. Indeed, when the Ninth Circuit later applied the reasonable consumer standard to affirm dismissal in *Ebner v. Fresh, Inc.*, it did not use the word "impossible." 838 F.3d 958, 965-66 (9th Cir. 2016). Rather, the court explained that the plaintiff must "show that members of the public are likely to be deceived," which "requires more than a mere possibility" that the "label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner," but instead "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* at 965 (quotations and citations omitted). That remains the law today. *See Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777-78 (9th Cir. 2024).[3] Applying this governing standard, Plaintiff's statutory claims fail.

### B. Reasonable consumers would not read the Challenged Statements in the way Plaintiff allegedly does.

Unable to state a claim against the Product she purchased, Plaintiff argues that reasonable consumers would understand the Challenged Statements to describe Florida Crystals' *companywide* operations. (*See* Opp. at 4 ("the Challenged Statements connote to Plaintiff, and reasonable consumers, that purchasing the Products over competing sugar products supports farming operations *writ large* that 'Help Save the Planet,' 'help fight climate change,' and 'help build healthy soil.'").) This argument fails on every level.

Starting with the most obvious point, the Challenged Statements say ***nothing*** about the operations of Florida Crystals as a whole. Rather, as Plaintiff herself concedes, the Challenged

[3] In rearticulating the reasonable consumer standard, *Whiteside* says that "[d]ismissal is appropriate when 'the advertisement itself makes it impossible for the plaintiff to prove that a reasonable consumer is likely to be deceived.'" 108 F.4th at 778 (citation omitted). But critically, this opinion does not say dismissal is *only* appropriate under those circumstances and makes this observation about "impossibility" only after recounting the governing standard, just as it was recited in *Ebner*.

Statements refer only to farming and farms: "*Farming* to help save the planet" and "*farms* [ ] help fight climate change & build healthy soil." (*See* Opp. at 10 (emphasis added).) Florida Crystals established in its opening brief the principle that "[r]epresentations must be analyzed according to what they 'actually say.'" (Mot. at 15.) Thus, reasonable consumers reading the Challenged Statements as they actually appear on the Product would understand them to refer to *farming* practices used on the *farms* that produced *the Product*.

Plaintiff argues that Florida Crystals "artificially narrows" her allegations. (Opp. at 9.) Not so. Florida Crystals recognizes that Plaintiff *alleges* she understood the Challenged Statements to describe companywide practices. Indeed, this new allegation is virtually the only material difference between Plaintiff's SAC and her prior complaints.[4] Florida Crystals' point is that this allegation cannot state a claim because *reasonable consumers* would not interpret the Challenged Statements as Plaintiff (in her third pleading) now claims she does.

In her SAC, Plaintiff attempted to support her companywide interpretation with reference to alleged "general environmental claims referencing Florida Crystals' *companywide practices and attributes*" on Florida Crystals' website and social media channels. (SAC ¶ 24.) But Plaintiff does not dispute that she did not rely on those materials. (*See* Mot. at 15.) Nor does she engage with the cases Florida Crystals cited showing that courts decline to consider statements that a plaintiff did not view or rely upon. (*See id.*) Plaintiff has thus conceded the point. *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2025 WL 82211, at *7-8 (N.D. Cal. Jan. 13, 2025) (van Keulen, J.).

Plaintiff argues that she can assert claims based on Florida Crystals' companywide operations, even if unrelated to the Product, because the Challenged Statements do not expressly limit their applicability to the Product on which they appear: "None of the Challenged [Statements] specify that they refer only to a specific plot of [Florida Crystals' Everglades Agricultural Area] cane fields—or limits the claim to organic or conventional—nor does any unchallenged text or

---

[4] Citing one paragraph from her original complaint and first amended complaint, Plaintiff argues that she has alleged this companywide interpretation "through her prior complaint iterations." (Opp. at 4 n.1.) This is not true, and the Court has said as much. (*See* ECF 51 (Order on Motion to Dismiss First Amended Complaint ("Order")) at 7:21-23 (recognizing "the FAC itself alleges that the challenged representations deceived Plaintiff and other consumers into thinking that 'the farming and manufacture of ***the Products*** was helping rather than harming the planet"); *id*. at 8:6-7 ("Such alleged deception regarding 'company-wide' practices is not sufficiently described in the FAC").)

other component of the Products' front or back labels convey this limitation to consumers." (Opp. at 10.)[5] But Plaintiff cites nothing to support the extreme premise that a company must explicitly specify that labeling claims on *a product* are limited to *that product*, lest its claims be extrapolated into a representation about every aspect of the company's operations.

Similarly, Plaintiff offers no applicable legal authority to support her assertion that "courts have held that well-pled allegations of deception based on companywide misrepresentations may withstanding [sic] a motion to dismiss even where the purchased product is not sourced from the practice that renders the company's marketing claims false or misleading." (*Id*. at 22.) Despite having months to address the issue, Plaintiff still cites only the Cosmetic Cases, which themselves do not support Plaintiff's radical expansion of false advertising law.[6] (*See id*. at 6, 22-23.) Plaintiff concedes that the portions of the Cosmetics Cases she cites relate to the court's Article III standing analysis. (*See id*. at 22-23 ("In each of those cases, the courts found that the plaintiffs had Article III standing…").) But here, Florida Crystals does not challenge Plaintiff's Article III standing (except as to injunctive relief), and thus the "analyses" in the Cosmetic Cases **are not** "directly applicable here."[7] (*Id*. at 23) As to the relevant issue, the Cosmetics Cases, unlike here, involved statements that did not appear on a specific product and expressly applied to the company as a whole. (*See* Mot. at 14-15.) Even under those facts, the court *dismissed on the merits* the plaintiffs'

[5] Plaintiff also argues that the Challenged Statements "span *all* Products, regardless of whether they were grown through organic or conventional methods." (Opp. at 5.) This is irrelevant because Plaintiff did not purchase any conventional products—nor did she even allege that she read or relied on the labels of any products other than the one organic Product she purchased. (SAC ¶ 35c.)

[6] In addition to *Beltran* and *Herrera*, Plaintiff cites a third companion case involving the same underlying facts and legal issues as *Beltran* and *Herrera*. (*See* Opp. at 24 (citing *Stanwood v. Mary Kay, Inc*., 941 F. Supp. 2d 1212, 1217 (C.D. Cal. 2012) for the proposition that "consumer plaintiff had standing under Article III, the UCL, the FAL, and the CLRA where she alleged that 'she was injured because the defendant corporation made false representations and omissions about its operations, which induced her to buy a non-defective product she otherwise would not have purchased'").)

[7] Plaintiff suggests that she would have standing to pursue claims against Florida Crystals' organic and conventional sugar products because, although she only purchased an organic product, the two types of products have "substantial similarity." (Opp. at 12 n.4.) Florida Crystals is not currently challenging Plaintiff's standing because her entire SAC should be dismissed for lack of a cognizable legal theory. That said, if any portion of Plaintiff's SAC survives, Florida Crystals reserves its right to challenge Plaintiff's standing as to the conventional products because of, among other reasons, the obvious differences in the farming practices used when producing USDA Organic products and conventional products.

statutory claims premised on fraudulent misrepresentation because the plaintiffs failed to plead those claims with particularity under Rule 9(b). *Beltran*, 2012 WL 12303423, at *6; *Herrera*, 2012 WL 12507876, at *6. As explained below, that same result is compelled here. (*See infra* § II.C.)

In short, the law simply does not support the expansion of false advertising law that Plaintiff attempts. *See Davidson v. Sprout Foods Inc.*, No. 22-CV-01050-RS, 2022 WL 13801090, at *3 (N.D. Cal. Oct. 21, 2022) ("The California Court of Appeal has cautioned against permitting food labeling claims that rely on inferential leaps and which could ultimately 'place almost any advertisement truthfully touting a product's attributes at issue for litigation.'" (citation omitted)), *aff'd in relevant part*, 106 F.4th 842 (9th Cir. 2024).

**C. Reasonable consumers would not be deceived in the way Plaintiff allegedly was.**

Plaintiff's claims also fail for the independent reason that reasonable consumers—in the off chance they understood the Challenged Statements to apply to Florida Crystals as a whole—would not interpret them in the niche, atextual way Plaintiff alleges. Plaintiff claims that consumers understand the statements "Farming to Help Save the Planet" and "farms help fight climate change & build healthy soil" on the Product she purchased to mean that Florida Crystals never uses certain unreferenced production practices, like preharvest burning. This litigation-driven interpretation is implausible because the statements cannot be reasonably read to make such a claim and because it ignores the context provided by other unchallenged front-label claims on the Product. *See Varela v. Walmart, Inc.*, No. CV 20-4448-GW-KSX, 2021 WL 2172827, at *9 (C.D. Cal. May 25, 2021) (a plaintiff "cannot transform her preference into a claim of product misrepresentation without a factual basis for making her accusation").

**1. Plaintiff's claims are based on an unreasonable misreading of the Challenged Statements.**

Florida Crystals established that Plaintiff's SAC fails because it does not address the statements actually made on the label but instead piles inference upon inference in seeking (unsuccessfully) to state a claim. (*See* Mot. at 17-19.) In her Opposition, Plaintiff offers two primary responses. First, she spends pages and pages quoting allegations from her SAC without explaining how those allegations satisfy the relevant legal test: a probability that a significant portion of the

consuming public, acting reasonably under the circumstances, would read the Challenged Statements to mean that Florida Crystals does not engage in preharvest burning or contribute to any water quality issues. (*See* Opp. at 12-17 (quoting allegations that purportedly "undermine the veracity" of the Challenged Statements).) Second, she argues that the Challenged Statements are "unqualified general environmental benefit claims," which "the FTC Green Guides warn against." (*Id*. at 19-20.) These arguments fail.

As to the first argument, Plaintiff recognizes she must show "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." (*Id*. at 18 (quoting *Lavie v. Proctor & Gamble Co.*, 129 Cal.Rptr.2d 486, 495 (Cal. Ct. App. 2003)).) Yet she provides no *explanation* for how the allegations she quotes in Opposition "establish that her interpretations of the Challenged Representations are *plausible*." (*Id*.) These allegations all go to the alleged (and disputed) harms of preharvest burning or the alleged (and disputed) impacts of Florida Crystals' operations on water quality. They provide *nothing* to show that it is plausible that a consumer, acting reasonably under the circumstances, would read "Farming to Help Save the Planet" and "farms help fight climate change & build healthy soil" to be representations of the company's operation-wide use of preharvest burning and impacts on water quality. What's more, Florida Crystals cited several cases where district courts dismissed claims against labeling statements that imposed interpretations not logically derived from the words of the challenged statements. (*See* Mot. at 17 (citing *Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021); *West v. Sambazon, Inc*., 750 F. Supp. 3d 356, 372 (S.D.N.Y. 2024)).) Plaintiff's failure to respond to these cases is telling.

Second, Plaintiff's Green Guides argument fails on multiple levels. Plaintiff does not dispute that the Green Guides do not create a private right of action. (*See id.* at 18.) Nor does she argue that the Green Guides—or any other statement by a federal agency—govern the reasonable consumer test. They do not. (*See id.*); *see also Gutierrez v. Kendal Nutricare USA LLC*, No. 2:24-CV-02434-DC-CSK, 2025 WL 2693812, at *12-13 (E.D. Cal. Sept. 22, 2025) (recommending dismissal because "relying on FDA regulations alone is insufficient to meet the Rule 9(b) pleading standard" and "Plaintiff must allege how the statements would be false or misleading to a

reasonable consumer, which she has failed to do”). Thus, even if the Green Guides discouraged the Challenged Statements, that would not state a claim. (*See* Mot. at 18.)

Plaintiff also fails to establish that the Challenged Statements would qualify as “general environmental benefit claims” under the Green Guides in the first place. The Challenged Statements are not addressed in the Green Guides, nor the related California statute.[8] 16 C.F.R. §§ 260.3, 260.4; Cal. Bus. & Prof. Code § 17580.5. And Plaintiff provides no coherent explanation as to *how* “Farming to Help Save the Planet” and “farms help fight climate change & build healthy soil” are “analogous to ‘Eco-Friendly.’” (Opp. at 19-21.) Crucially, she does not respond to Florida Crystals’ argument that the Challenged Statements, which use aspirational language and are limited only to farming, differ from the assertive and far-reaching term “Eco-Friendly.”[9] (*See* Mot. at 18.) Instead, she argues that the Challenged Statements are “general environmental benefit claims” because “it is highly unlikely that a marketer can substantiate” them. (Opp. at 19-20, 25.) But Plaintiff does not dispute the Product’s certification as “USDA Organic,” “Regenerative Organic Certified,” and “Non-GMO Project Verified.” Plaintiff provides no explanation or authority that these certifications do not substantiate the Challenged Statements.

Instead, Plaintiff argues that a “reasonable consumer of average sophistication” would not understand these certifications to connect to the statements, “Farming to Help Save the Planet” and “farms help fight climate change & build healthy soil.” (*Id*. at 20.) But if this is the same “environmentally conscious consumer[]” that Plaintiff claims read the statements to refer to the technical subject of preharvest burning, (*id*. at 4 n.1) then it can safely be assumed that this consumer is at least aware that “organic” and “non-GMO” relate to aspects of farming. *See Moore*

[8] As an aside, California enacted a statute providing protection against certain suits challenging environmental marketing claims that *comply* with the Green Guides. (*See* Cal. Bus. & Prof. Code § 17580.5(b)(1) (“It shall be a defense to any suit or complaint brought under this section that the person’s environmental marketing claims conform to the standards or are consistent with the examples contained in the” FTC’s Green Guides.).) But that does not mean that any statement discouraged by the Green Guides can be the foundation of a lawsuit.

[9] Plaintiff admits that Florida Crystals operates organic farms. (*See* Opp. at 5 n.2.) It seems that if Plaintiff had it her way, no company could make statements about its efforts to onboard more climate-friendly practices until it had done so completely and perfectly. Such a policy would stymie any industry investment and innovation to meet Plaintiff’s and consumers’ alleged “demand for products that … help … climate change.” (*Id*. at 11.)

*v. Trader Joe's Co.*, 4 F.4th 874, 883 (9th Cir. 2021) ("a reasonable honey consumer would know that it is impossible to produce honey that is derived exclusively from a single floral source"); *La Barbera v. Olé Mexican Foods Inc.*, No. EDCV 20-2324, 2023 WL 4162348, at *10 (C.D. Cal. May 18, 2023) ("the 'reasonable tortilla consumer' knows a thing or two about tortillas"). Indeed, it would hardly be a stretch that consumers who "demand … products that … help—or do not worsen—climate change as well as localized environmental harm" would know that organic products must be produced according to standards that ultimately "help fight climate change & build healthy soil." (Opp. at 11; *see also id.* at 7 (accusing Florida Crystals of "appealing to consumers who increasingly consider the environmental impacts of their purchasing decisions").)

In sum, Plaintiff's allegations fall short of plausibly showing that reasonable consumers would misread the Challenged Statements in the way she alleges. *See Broussard v. Dole Packaged Foods, LLC*, No. 23-CV-03320-HSG, 2024 WL 1540221, at *12-13 (N.D. Cal. Apr. 8, 2024) (rejecting Plaintiff's "extrapolation" because "the inferential leap from ["good nutrition" and "goodness and nutrition"] to generalized, overall 'healthiness' is unsupported").

**2. Plaintiff's claims ignore the context in which the Challenged Statements are made.**

Even if the Challenged Statements could be read in the way Plaintiff alleges, they are clarified by other information on the Product, and thus, reasonable consumers would not be deceived. Florida Crystals established that the Challenged Statements are ambiguous at most, and reasonable consumers would therefore consult other information available on the packaging, which would dispel any alleged confusion. (Mot. at 19-20.) Plaintiff affirmatively concedes that "farms help fight climate change & build healthy soil" is ambiguous (Opp. at 20, 21) and fails to dispute that "Farming to Help Save the Planet" is ambiguous. (*See* Mot. at 19 n.7.) She also concedes that courts applying the reasonable consumer standard should consider the text of the product labels, as well as "contextual inferences from the product itself and its packaging." (Opp. at 20 (quoting *Moore*, 4 F.4th at 882-83).) It is thus undisputed that reasonable consumers would consider the full Product label to understand the meaning behind the Challenged Statements. *See, e.g.*, *Whiteside*, 108 F.4th at 778-81; *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

Florida Crystals also established that reasonable consumers reading the label would see that the Product is "USDA Organic," "Regenerative Organic Certified," and "Non-GMO Project Verified," and see the explanation on the back label that Florida Crystals helps (1) build healthy soil because it works with "farmers of Regenerative Organic Certified land," (2) fight climate change by pulling "carbon from the air and storing it in the soil," and (3) save the planet by—in addition to the preceding benefits—supporting "local habitats for pollinators and birds" and thus protecting biodiversity. (Mot. at 16, 19.) Plaintiff does not dispute the validity of any of that. In fact, she affirmatively states that "the Products contain non-Challenged Representations and marks ('Regenerative Organic Certified®,' 'Non-GMO Project Verified,' and 'USDA Organic') that *may*, as Defendant contends, speak further to the meaning of 'build healthy soil.'" (Opp. at 21.)

Plaintiff argues that this case is not like *Moore* because in that case, at least according to Plaintiff, the Ninth Circuit affirmed dismissal because "contextual inferences" "put the plaintiff on notice that their interpretation of the label claim was 'impossible.'" (*Id*. at 16 (citing *Moore*, 4 F.4th at 883).) This argument misstates *Moore* and its progeny. The court in *Moore* did not limit the rule it announced to situations of impossibility. It noted that consumers seeking to understand the challenged claim would consider (1) background knowledge drawn from the nature of the product itself, (2) the low price of the product, and (3) a sticker on the product saying "10+," which represented the honey's purity rating, even though there was no explanation on the product about what "10+" meant. *Moore*, 4 F.4th at 883-85. In short, Plaintiff wrongly attempts to limit *Moore* (and the cases that followed it, including *McGinity* and *Whiteside*) to situations where the plaintiff's theory is *impossible*. To the contrary, courts in the Ninth Circuit regularly dismiss misleading labeling claims where an ambiguous statement is clarified by other information on the product label. *See Varela*, 2021 WL 2172827, at *4 (observing "an ever-increasing number of cases in which a motion to dismiss was found to be appropriately granted where the issue was whether a product label would be deceptive or misleading to a reasonable consumer").

**D. The statement "Farming to Help Save the Planet" is non-actionable puffery.**

Florida Crystals established that the statement "Farming to Help Save the Planet" is puffery because it is not a "quantifiable" statement that makes claims about the "specific or absolute

characteristics of a product." (Mot. at 21-22 (citing *Newcal Indus., Inc. v. IKON Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008)).) Plaintiff concedes this is the standard, (Opp. at 25 (citing *Newcal*, 513 F. 3d at 1053)) but her various attempts to meet that standard fall flat.

First, Plaintiff asserts that *Williams* holds that "even statements constituting puffery on their own cannot be dismissed when they contribute to the deceptive context as a whole." (*Id.*) That is wrong. In *Williams*, the Ninth Circuit observed that the term "nutritious" alone "could arguably constitute puffery," but because the "statement certainly contributes … to the deceptive context of the packaging as a whole," the court declined to give the defendant "the benefit of the doubt by dismissing the statement as puffery." 552 F.3d at 939 n.3. Here, the statement "Farming to Help Save the Planet" is not "arguably" puffery. It is puffery, and no benefit of the doubt is required to justify dismissal. In addition, Plaintiff still does not explain how this statement supposedly contributes to an overall alleged deceptiveness. Instead, the remainder of the Product label clarifies and explains the meaning behind the Challenged Statements.

Second, Plaintiff argues again that the statement is not puffery because it is discouraged by the FTC's Green Guides, since it promises "far-reaching environmental benefits" and is, according to Plaintiff, akin to the term "Eco-Friendly." (*See* Opp. at 25.) But again, agency guidance does not "determine whether a product is misleading under [California consumer protection] laws." *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460-RS, 2016 WL 7324990, at *3 (N.D. Cal. Dec. 16, 2016). Thus, even if the Green Guides discouraged the use of the phrase "Farming to Help Save the Planet" (they do not), that would be insufficient to escape dismissal.[10] Plaintiff focuses on the Green Guides because she has no response to the dispositive legal question. She does not explain why reasonable consumers would rely on this statement, which uses the equivocal language "Help Save." Nor does she offer any response to the numerous cases Florida Crystals cited demonstrating that the statement is mere puffery. (*Compare* Mot. at 21-22 *with* Opp. 24-25.) That is fatal.

---

[10] The statement "Farming to Help Save the Planet" is not mentioned in the Green Guides. It is also plainly different than the term "Eco-Friendly" because, among other things, it uses the aspirational language "help save" and is limited in scope to "farming."

**III. Plaintiff's common-law claims based on the same allegations as her UCL, FAL, and CLRA claims also fail because she has not alleged any actionable misrepresentations.**

Florida Crystals established that Plaintiff's common-law claims also fail because she has not alleged any actionable misrepresentations. (Mot. at 22-23.) Plaintiff does not dispute the premise that the absence of an actionable misrepresentation would be fatal to her common-law claims. (*See* Opp. at 25-26.) As shown above, Plaintiff has not alleged any actionable misrepresentation by Florida Crystals, and thus her common-law claims should be dismissed.

As to breach of warranty specifically, Plaintiff argues that the Challenged Statements "misrepresented *the Products as derived from farms* that 'Help Save the Planet,' 'fight climate change,' and 'build healthy soils.'" (*Id*. at 26 (emphasis added).) But elsewhere she claims injury from the Challenged Statements' alleged "promise that purchasing the Products would support *a company whose operations* helped" save the planet, fight climate change, and build healthy soil. (*See, e.g.*, *id*. at 8 (emphasis added).) As a result, there is a disconnect between Plaintiff's alleged "terms of the warranty," which relate to the production of the Product she purchased, and "Plaintiff's injury," which allegedly relates to Florida Crystals' companywide production practices. (Opp. at 26.) This disconnect renders Plaintiff's warranty claim implausible.

**IV. Plaintiff's equitable claims must be dismissed because Plaintiff has an adequate remedy at law.**

Plaintiff's equitable claims (*i.e.*, her UCL claim and her CLRA claim for injunctive relief) fail because she failed to plausibly plead that she lacks an adequate remedy at law. (Mot. at 23-24 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).) In her Opposition, Plaintiff contends she lacks an adequate remedy at law because "she would remain susceptible to future injury through a future purchase of Products that carry misleading or deceptive label claims." (Opp. at 26.) Plaintiff cites only one case, *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018), but *Davidson* addressed whether a plaintiff had standing to seek injunctive relief, not whether damages provide an adequate legal remedy when future harm is alleged. As shown below, Plaintiff does not fall within the *Davidson* exception and lacks Article III standing to seek injunctive relief. (*See infra* § V.) Even if Plaintiff could be injured by a future purchase, she has alleged no facts showing that damages would be inadequate to remedy the alleged harm of

overpaying for a product. *See, e.g.*, *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121-22 (C.D. Cal. 2021). At minimum, allegations about future harm cannot show that damages are an inadequate remedy for *past harm*, and thus her backward-looking UCL claims must be dismissed.

**V. Plaintiff lacks Article III standing to seek injunctive relief.**

Florida Crystals established that Plaintiff lacks Article III standing to seek injunctive relief because she will not be misled in the future. (*See* Mot. 24-25.) In short, Plaintiff can make an "informed decision," because USDA Organic certification provides the "independent[] verif[ication]" Plaintiff seeks. (Opp. at 27.) In response, Plaintiff simply repeats the legal conclusion that she would repurchase the Product if accurately labeled. (*Id*. (citing SAC ¶ 35a).) Plaintiff does not dispute that she now understands the import of the USDA Organic seal, including that organic sugar products are not produced using preharvest burning and do not negatively affect water quality. In effect, she concedes this issue. *Hubbard*, 2025 WL 82211, at *7-8.

**VI. Plaintiff cannot recover punitive damages.**

Florida Crystals established that Plaintiff cannot recover punitive damages. (*See* Mot. at 25.) Plaintiff did not address this issue and thus concedes it. *Hubbard*, 2025 WL 82211, at *7-8.

**VII. Dismissal should be with prejudice.**

The Court should dismiss the SAC with prejudice because further amendment would be futile. Even with "the benefit of the Court's input" and an instruction to "consider the other arguments made in Florida Crystals' [prior] motion to dismiss," (Order at 8:13-17, 23-24) Plaintiff's SAC fails to state a claim. Plaintiff makes a *pro forma* request for leave to amend, (Opp. at 28) but she does not identify any new facts she would add to a *fourth* complaint that could cure the deficiencies in her claims. Thus, dismissal should be with prejudice. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 648 (N.D. Cal. 2021) (dismissing with prejudice where plaintiff "has already had the opportunity to amend his claims" and dismissal was primarily based on undisputed packaging) *appeal dismissed*, 2021 WL 4785889 (9th Cir. May 17, 2021).

**CONCLUSION**

Florida Crystals respectfully requests that the Court dismiss the SAC with prejudice.

DATED: February 13, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Tyler A. Young*
WHITNEY A. THOMPSON
SARAH L. BREW (Admitted *Pro Hac Vice*)
TYLER A. YOUNG (Admitteed *Pro Hac Vice*)

Attorneys for Defendant
FLORIDA CRYSTALS CORP.