**LAW OFFICE OF BENJAMIN J. FUCHS**
Benjamin J. Fuchs (SBN 320793)
*ben@bjflegal.com*
2323 Broadway
Oakland, CA 94612
Tel: (510) 542-9201

**NIDEL & NANCE, P.L.L.C**
Chris Nidel (*pro hac vice forthcoming*)
*chris@nidellaw.com*
Jonathan Nace (*pro hac vice forthcoming*)
*jon@nidellaw.com*
April Strauss (SBN 163327)
*april@nidellaw.com*
One Church Street, Suite 802
Rockville, MD 20850
Tel: (202) 780-5153

Attorneys for Plaintiff
MACY MERRELL

**FAEGRE DRINKER BIDDLE & REATH LLP**
Tyler A. Young (admitted *pro hac vice*)
*tyler.young@faegredrinker.com*
Sarah L. Brew (admitted *pro hac vice*)
*sarah.brew@faegredrinker.com*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 766-7000

**FAEGRE DRINKER BIDDLE & REATH LLP**
Whitney A. Thompson (SBN 336655)
*whitney.thompson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACY MERRELL, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FLORIDA CRYSTALS CORP.<br><br>    Defendant. | Case No.: 5:25-CV-02264-SVK<br><br>Hon. Susan van Keulen<br>Courtroom 6, 4th Floor<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:          June 9, 2026<br>CMC Time:          9:30am<br>CMC Location:    Via Zoom<br><br>Complaint Filed: March 5, 2025<br>FAC Filed:          June 12, 2025<br>SAC Filed:          January 9, 2026 |

Plaintiff Macy Merrell ("Plaintiff") and Defendant Florida Crystals Corp. ("Defendant") (collectively, the "Parties") submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9(a), Federal Rules of Civil Procedure, Rules 16 and 26(f), the Court's Civil and Discovery Referral Matters Standing Order, and the Standing Order for All Judges of the Northern District of California.

### 1.    Case Schedule

A schedule has not been set in this matter. The Initial Case Management Conference is scheduled for June 9, 2026, at 9:30 AM. (ECF No. 59.)

### 2.    Jurisdiction and Service

This Court has subject matter jurisdiction over this class action under 28 U.S.C. § 1332(d) based on Plaintiff's allegations, which Defendant disputes, that the proposed class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiff served Defendant and its parent company, Fanjul Corp., with the summons, complaint, and case initiating documents on March 18, 2025. (ECF Nos. 12-13.) Plaintiff subsequently voluntarily dismissed Fanjul Corp. (ECF No. 47.) Accordingly, no issues exist regarding personal jurisdiction or venue. No parties remain to be served.

### 3.    Facts

Plaintiff's Statement

On March 5, 2025, Plaintiff filed this putative class action against Defendant and its parent company, Fanjul Corp. challenging the labeling and marketing of eight different Florida Crystals regenerative organic, organic, and non-organic sugar products in various sizes (the "Products"). (ECF No. 1 at ¶¶ 17 n.1, 18-21, 29b.) Plaintiff subsequently amended her original complaint, and through the now-operative second amended complaint challenges the labeling and marketing of the same eight sugar products.[1] (*See* ECF No. 52 at ¶¶ 21 n.1, 22-27, 35b.)  Plaintiff challenges the use

---

[1] The identified Products are: (1) Florida Crystals Regenerative Organic Raw Cane Sugar (in 2-pound bags, 3-pound jugs, 6-pound bags, 2- and 6-packs of 2-pound bags, 2-, 6-, 8-, and 10-packs of 3-pound jugs); (2) Florida Crystals Regenerative Organic Light Brown Sugar (in 1.5-pound bags and 2- packs of 1.5-pound bags); (3) Florida Crystals Regenerative Organic Powdered Sugar (in 1.5- pound bags and 2- and 6-packs of 1-pound bags); (4) Florida Crystals Organic Cane

of the label statements, "Farming to Help Save the Planet" and "Our farms help fight climate change & build healthy soil," together with green-dominated packaging (the "Challenged Statements"). (ECF No. 52 at ¶ 23.) Plaintiff contends that Defendant through the intentional selection, placement, and use of the Challenged Statements on the front labels of the Products conveys to her and other reasonable consumers that purchasing the Products would support a company whose operations writ large help protect and otherwise benefit the Earth's natural environments, help fight climate change, and/or build healthy soils or otherwise improve soil health—but that Defendant's farming practices and presence in South Florida render these claims deceptive, misleading, and/or false. Plaintiff specifically identifies Defendant's ongoing choice to burn-harvest the majority of its South Florida Everglades Agricultural Area ("EAA") cane fields as well as the impacts of Defendant's EAA farming practices on the water quality, volume, and flow of South Florida waterways in alleging that the Challenged Statements are false, misleading, and/or deceptive. Plaintiff does not concede that the alleged environmental impacts of all of Defendant's farming practices at issue are limited to the production of any specific Product—but regardless, any such distinctions (to the extent such may be established through discovery) among production processes of the Products would neither undermine Plaintiff's allegations of deception nor doom any of her claims. Plaintiff also contends that the purchased and non-purchased Products are substantially similar.

        Defendant's Statement

        The issue presented in this case is whether the label statements "Farming to Help Save the Planet" and "Our farms help fight climate change & Build healthy soil" (the "Challenged Statements") on Florida Crystals Regenerative Organic Raw Can Sugar (the "Product") are misleading to reasonable consumers. While Plaintiff purports to challenge other cane sugar products sold by Florida Crystals, she purchased only the Product, and thus her individual claims are limited to the Product. After three rounds of motion to dismiss briefing, it is undisputed that the

Sugar (in 2-packs of 3-pound jugs); (5) Florida Crystals Turbinado Cane Sugar (in 2-pound bags, 44-ounce jugs, 5-pound bags, and 2-packs of 3-pound jugs); (6) Florida Crystals Raw Cane Sugar (in 2-pound bags, 3-pound jugs, and 2-pack of 3-pound jugs); (7) Baker's Collection of Regenerative Organic Sugars (three-packs containing one 32-ounce bag of Florida Crystals Regenerative Organic Raw Cane Sugar, one 24-ounce bag of Florida Crystals Regenerative Organic Light Brown Sugar, and one 16-ounce bag of Florida Crystals Regenerative Organic Powdered Sugar); and (8) Florida Crystals Regenerative Organic Powdered Sugar (2-packs of 16-ounce bags).

specific production practices Plaintiff challenges do not apply to the Product she purchased (or any of the regenerative organic products Plaintiff attempts to challenge). Sidestepping this problem, Plaintiff alleges that she—and other reasonable consumers purchasing the Product—understood the Challenged Statements to mean that purchasing the Product would support *a company* that did not use certain production practices (*i.e.*, burn harvesting and using practices that negatively impact local waterways) that she finds objectionable. In any event, the Challenged Statements are true and not misleading, both as applied to the Product itself, and to all the sugarcane products Plaintiff purports to challenge.

### 4.    Legal Issues

Plaintiff alleges that Defendant's labeling of the Products with the Challenged Statements is false, deceptive, and/or misleading, in violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*), False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq.*), and Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*), as well as common law claims for breach of warranty and unjust enrichment. The key legal issues in dispute include whether Defendant's Challenged Statements are false, deceptive, or misleading to reasonable consumers under the circumstances, whether Plaintiff relied on the Challenged Statements to her detriment, whether the Challenged Statements constitute a warranty, and whether Plaintiff suffered legally cognizable harm due to the Challenged Statements.

### 5.    Motions

On May 8, 2025, Defendant and Fanjul Corp. moved to dismiss Plaintiff's initial complaint for lack of personal jurisdiction over Fanjul Corp. and failure to state a claim. (ECF Nos. 25-27.) Instead of filing an opposition brief, Plaintiff filed an amended complaint ("FAC"). (ECF No. 37.) On July 10, 2025, Defendant and Fanjul Corp. moved to dismiss Plaintiff's FAC. (ECF Nos. 41-42.) "Because of the tension between the allegations in the [FAC] and Plaintiff's characterization of those allegations in her opposition to the motion to dismiss," the Court granted the motion in part and permitted Plaintiff to amend her complaint to "clarify her theory." (ECF No. 51.) On January 9, 2026, Plaintiff filed her Second Amended Complaint ("SAC"). (ECF No. 52.) On January 23, 2026, Defendant moved to dismiss the SAC. (ECF No. 53.) On April 30, 2026, the

Court issued an order granting in part and denying in part Defendant's motion to dismiss the SAC. (ECF Nos. 56, 58.) Defendant answered the SAC on May 14, 2026. (ECF No. 60.) There are no other motions pending.

Plaintiff's Statement

Plaintiff plans to file a motion for class certification. Plaintiff also plans to oppose any motion for summary judgment Defendant may file. Plaintiff also anticipates the possibility of filing and/or opposing discovery-related motions as well as filing *Daubert* motions.

Defendant's Statement

Defendant will oppose a motion for class certification. Defendant will also likely file a motion for summary judgment on Plaintiff's individual claims, discovery-related motions, and *Daubert* motions. Defendant may also move to strike Plaintiff's class action allegations.

**6.      Amendments of Pleadings**

On June 12, 2025, Plaintiff filed an amended complaint in response to the first motion to dismiss. (ECF No. 37.) On January 9, 2026, pursuant to the schedule set forth in the Court's Order on the Motion to Dismiss the FAC (ECF No. 51), Plaintiff amended her complaint again. (ECF No. 52). On May 14, 2026, Defendant answered the SAC. (ECF No. 60.)

**7.      Evidence Preservation**

The Parties each independently assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

**8.      Disclosures**

The Parties state that they exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on June 10, 2025. The Parties have identified individuals likely to have discoverable information, categories of documents relevant to the claims and defenses, damages information, and any liability insurance and indemnity agreements to the extent required by Rule 26. The Parties do not request any changes to the form or requirements for disclosures under Fed. R. Civ. P. 26(a).

**9.      Discovery**

No discovery has been taken to date. Pursuant to Fed. R. Civ. P. 26(f), the Parties have met and discussed discovery in this matter and began memorializing those discussions in a proposed discovery plan. The Parties anticipate exchanging written discovery and documents relating to class certification and the merits; issuing and responding to subpoenas for relevant records; conducting fact depositions of Plaintiff and Defendant's Rule 30(b)(6) representative(s); and engaging in expert discovery, including exchanging expert reports and conducting expert depositions. The Parties do not currently anticipate limiting or modifying the discovery rules. The Parties are also negotiating a confidentiality order and ESI protocol. At this time, the Parties are not aware of any discovery disputes nor any issues about claims of privilege or protection of trial-preparation materials.

**10.     Class Actions**

The Parties anticipate Plaintiff will move for class certification. Defendant will oppose any motion for class certification. All attorneys of record for the Parties have reviewed the Procedural Guidelines for Class Action Settlements.

**11.     Related Cases**

The Parties are unaware of any related cases at this time.

**12.     Relief**

Plaintiff's Statement

Plaintiff continues to pursue all relief requested through her second amended complaint other than those the Court dismissed without leave to amend through its April 30, 2026 Order on Defendant's motion to dismiss. (*See* ECF No. 58 (dismissing Plaintiff's requests for (1) restitution and disgorgement under the UCL and (2) punitive damages under the FAL, breach of warranty, and unjust enrichment claims).) That is, Plaintiff contends that her claims are meritorious, as, e.g., Defendant's Challenged Statements are false, misleading, and/or deceptive to her and other reasonable consumers; that she and other reasonable consumers relied on the Challenged Statements when electing to purchase the Products at the prices they did; and that she will be able to show a price premium associated with the Challenged Statements and otherwise quantify

damages to Plaintiff and the class. Plaintiff accordingly continues to pursue the remaining requested relief of class certification, payment of notice costs, declaratory relief, injunctive relief, damages, non-UCL disgorgement and restitution, civil penalties, attorneys' fees, costs, pre- and post-judgment interest, and "such other and further relief as the Court deems just and proper." (*See* ECF No. 52 at ¶¶ 125, 187, 194, 196.)

Defendant's Statement

Defendant contends that no relief should be awarded because the Challenged Statements are not misleading, Plaintiff cannot show that she relied upon the Challenged Statements in purchasing the Product, and because Plaintiff will be unable to show a price premium associated with the Challenged Statements. If relief is awarded, and Plaintiff is able to certify a class, then classwide damages should be calculated based on the number of units sold during the class period and the price premium attributable to the use of the Challenged Statements, if any, as proven at trial. Defendant has not asserted any counterclaims against Plaintiff, but reserves the right to seek its fees and costs of suit, as appropriate.

**13.     Settlement and ADR**

The Parties have had preliminary discussions regarding settlement. Defendant respectfully suggests that an early deposition of Plaintiff Merrell will be important to position the case for productive settlement discussions. The Parties suggest that they continue to discuss settlement among themselves, and if necessary, engage a private mediator after the factual record has been more fully developed. The Parties acknowledge their obligations under ADR Local Rule 3-5.

**14.     Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The Parties are unaware of any stipulations or agreements that could narrow the issues at this time.

**Defendant respectfully suggests that an early deposition of Plaintiff Merrell may position the case for expedited resolution.**

### 16.    <u>Scheduling</u>

The Parties propose the following schedule:

| Event | The Parties' Joint Proposed Dates |
|---|---|
| Initial Case Management Conference | June 9, 2026 at 9:30 a.m. |
| Close of Fact discovery | March 1, 2027 |
| Primary Expert Reports (*i.e.*, reports regarding issues on which the party bears the burden of proof) | March 30, 2027 |
| Rebuttal Expert Reports (*i.e.*, reports responding to Primary Expert Reports only) | April 29, 2027 |
| Close of Expert Discovery | May 31, 2027 |
| Deadline to File Motion for Class Certification | June 15, 2027 |
| Deadline to File Opposition to Motion for Class Certification | July 22, 2027 |
| Deadline to File Reply in Support of Motion for Class Certification | August 12, 2027 |
| Hearing on Motion for Class Certification | Pursuant to Court's Schedule |

Plaintiff can agree to these dates based on the expectation that Defendant will provide substantially complete responses to written discovery request within ninety (90) days of this filing. If there are unforeseen inabilities for Defendant to comply with that despite reasonable efforts, or if responsive documents are substantially larger than anticipated, Plaintiff may seek a reasonable modification of the scheduling order. Defendant intends to pursue discovery expeditiously, but writes separately to clarify that it has not yet seen Plaintiff's discovery requests and thus cannot commit to a particular timeline for producing responsive information. Based on the information currently available, Defendant believes the schedule proposed above is reasonable.

The Parties propose that the Court, after ruling on Plaintiff's anticipated motion for class certification, hold a case management conference to address the remainder of the case schedule.

### 17.    <u>Trial</u>

The Parties have requested a jury trial and estimate approximately five to seven court days for trial.

**18.    Disclosure of Non-Party Interested Entities or Parties**

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The Parties are not aware of any person or entity that is funding the prosecution of any claim or counterclaim.

Plaintiff's Statement

On March 5, 2025, Plaintiff filed her Certificate of Interested Entities. (ECF No. 9.) Plaintiff knows no entities or person other than herself, other proposed class members, and her current and former attorneys in this matter that have a real or asserted financial interest in this matter.

Defendant's Statement

Defendant and Fanjul Corp. filed their Certification of Conflicts and Interested Entities or Persons on April 16, 2025. (ECF No. 20.) Fanjul Corp., as Defendant's parent company, has either a financial interest in the subject matter in controversy or in a party to the proceeding or has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**19.    Professional Conduct**

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.    **Other**

The Parties are not aware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: June 2, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Tyler A. Young
Tyler A. Young (admitted *pro hac vice*)
*tyler.young@faegredrinker.com*
Sarah L. Brew (admitted *pro hac vice*)
*sarah.brew@faegredrinker.com*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 766-7000

Whitney A. Thompson (SBN 336655)
*Whitney.thompson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1285

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

DATED: June 2, 2026

**LAW OFFICE OF BENJAMIN J. FUCHS**

By: */s/ Benjamin J. Fuchs*
Benjamin J. Fuchs (SBN 320793)
*ben@bjflegal.com*
2323 Broadway
Oakland, CA 94612
Tel: (510) 542-9201

**NIDEL & NANCE, P.L.L.C**
Chris Nidel (*pro hac vice forthcoming*)
*chris@nidellaw.com*
Jonathan Nace (*pro hac vice forthcoming*)
*jon@nidellaw.com*
April Strauss (SBN 163327)
*april@nidellaw.com*
One Church Street, Suite 802
Rockville, MD 20850
Tel: (202) 780-5153

Attorneys for Plaintiff
MACY MERRELL

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 2, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Tyler A. Young*
Tyler A. Young

Attorney for Defendant
FLORIDA CRYSTALS CORP.