**LAW OFFICE OF BENJAMIN J. FUCHS**
Benjamin J. Fuchs (SBN 320793)
*ben@bjflegal.com*
2323 Broadway
Oakland, CA 94612
Tel: (510) 542-9201

**NIDEL & NANCE, P.L.L.C**
Chris Nidel (*pro hac vice forthcoming*)
*chris@nidellaw.com*
April Strauss (SBN 163327)
*april@nidellaw.com*
One Church Street, Suite 802
Rockville, MD 20850
Tel: (202) 780-5153

Attorneys for Plaintiff
MACY MERRELL

**FAEGRE DRINKER BIDDLE & REATH LLP**
Tyler A. Young (admitted *pro hac vice*)
*tyler.young@faegredrinker.com*
Sarah L. Brew (admitted *pro hac vice*)
*sarah.brew@faegredrinker.com*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Fax: (612) 766-1600

Whitney A. Thompson (SBN 336655)
*whitney.thompson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1285

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MACY MERRELL, individually, and on behal of all others similarly situated,

Plaintiff,

vs.

FLORIDA CRYSTALS CORP.

Defendant.

Case Number: 5:25-CV-02264-SVK
Hon. Susan van Keulen
ORDER GRANTING
**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

Complaint Filed: March 5, 2025
FAC Filed: June 12, 2025
SAC Filed: January 9, 2026

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to

cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

By July 31, 2026, the parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. The parties may subsequently substitute such designated persons or identify additional persons knowledgeable about ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) By August 31, 2026 the parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." If there are disagreements regarding the types of ESI the parties believe should be preserved or the custodians for whom the parties believe ESI should be preserved, the parties will meet and confer and attempt to resolve the dispute. The parties shall add or remove custodians as reasonably necessary;

b) The parties will attempt to agree on the number of custodians per party for whom ESI will be preserved. If the parties disagree on the number of custodians per party for whom ESI will be preserved, the parties will meet and confer and attempt to resolve the dispute;

c) The parties will meet and confer and use best efforts to agree on data sources that are not reasonably accessible because of undue burden or cost; and

d) In addition to the agreements above, the parties will meet and confer and use best efforts to agree on sources that (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☒PDF, ☒TIFF, ☒native and/or ☒paper, or a combination thereof, file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

**The parties will meet and confer as needed regarding phasing the production of ESI from specific custodians.**

**8. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 14, 2026

**LAW OFFICE OF BENJAMIN J. FUCHS**

By: */s/ Benjamin J. Fuchs*
BENJAMIN J. FUCHS

**NIDEL & NANCE, P.L.L.C**

CHRIS NIDEL
APRIL STRAUSS

Attorneys for Plaintiff
MACY MERRELL

Dated: July 14, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Tyler A. Young*
TYLER A. YOUNG (*Pro Hac Vice*)
SARAH L. BREW (*Pro Hac Vice*)
WHITNEY A. THOMPSON

Attorneys for Defendant
FLORIDA CRYSTALS CORP.

**ATTESTATION**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 14, 2026

*/s/ Tyler A. Young*
TYLER A. YOUNG

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: July 15, 2026

Susan van Keulen

MAGISTRATE JUDGE SUSAN VAN KEULEN